IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
**Brownsville Division**

United States District Court
Southern District of Texas
FILED

| | |
|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC. | ) ) ) |
| Defendants. | ) ) |

JUL 2 3 2004

Michael N. Milby
Clerk of Court

Civil Action No. **B-04-127**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendant Honeywell International Inc. f/k/a Honeywell, Inc. ("Honeywell") hereby removes

this action, entitled *San Benito Consolidated Independent School District v. Coastal

Engineering, Inc. and Honeywell, Inc.*, bearing Texas District Court Case Number 2003-08-

4221-A, from the 107th District Court of Cameron County, Texas, to the United States District

Court for the Southern District of Texas, Brownsville Division. Pursuant to 28 U.S.C. § 1446(a)

and Local Rule 81, true and correct copies of all process, pleadings, and orders served on or by

the removing defendant in the Texas state court action as well as a copy of the state court docket

sheet are attached to this Notice of Removal as Exhibits 1- 6. In support of this removal,

Honeywell has contemporaneously filed the Affidavit of Raymond L. Thomas in Support of

Notice of Removal and incorporates the Affidavit herein by reference. In further support,

Honeywell states as follows:

## A.   Background.

1.      On August 25, 2003, Plaintiff San Benito Consolidated Independent School District filed its Original Petition in the District Court of Cameron County, Texas. Plaintiff's Petition named Honeywell and Coastal Engineering, Inc. ("Coastal") as Defendants and asserted claims for fraud, negligence, breach of contract, and breach of warranty. Plaintiff has amended its petition several times. In its most recent amendment, Plaintiff's Fourth Amended Original Petition, filed on or about July 16, 2004, Plaintiff alleges claims against Honeywell for breach of four addenda to a contract to maintain HVAC equipment at eleven San Benito schools and a claim that it was fraudulently induced to sign those same contract addenda. (Pl.'s 4th Am. Orig. Pet. ¶¶ 6, 8.) Plaintiff asserts a claim against Coastal for negligence. (*Id.* ¶ 5.)

## B.   This Court Has Jurisdiction Under 28 U.S.C. § 1332(a) Because There Is Diversity and Coastal Was Fraudulently Joined As A Defendant.

2.      Plaintiff is a citizen of Texas. Defendant Honeywell is a citizen of Delaware and New Jersey. Defendant Coastal is a citizen of Texas. But for the joinder of Coastal, complete diversity of citizenship would exist between Plaintiff and Honeywell. Recent developments have established that Coastal was fraudulently joined as a defendant in this action for the purpose of defeating this Court's diversity jurisdiction. As shown below, Plaintiff has no possibility of proving a cause of action against Coastal. Accordingly, Coastal has been fraudulently joined, and its citizenship should be disregarded for purposes of determining diversity of citizenship. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993).

3.      Removal to this Court is proper because this Court has original jurisdiction under 28 U.S.C. § 1332(a). Because Coastal has been fraudulently joined, complete diversity exists between the true parties to this lawsuit – Plaintiff and Honeywell. The amount in

controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.   (Pl.'s 4th Orig. Am. Pet. ¶ 9) ("Plaintiff's actual damages do not exceed Sixty Million Dollars.   Punitive damages should not exceed Sixty Million Dollars).   This action is properly removed to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1441(a), in that the court where the state court action was filed is in the Southern District of Texas.   *See* 28 U.S.C. § 104(b)(4).

        4.      The record establishes that Coastal was fraudulently joined as a Defendant in this action.   Fraudulent joinder exists when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Here, evidence adduced in a deposition taken on July 15-16, 2004 "negate[s] a possibility of liability on the part of [the non-diverse defendant]," *id.* at 650, because the only claim that Plaintiff asserts against Coastal is clearly barred by the statute of limitations.   Where a statute of limitations bars a claim against a non-diverse defendant, the non-diverse defendant has been fraudulently joined because the plaintiff has no reasonable basis for recovering against him, and removal is therefore appropriate.   *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003); *accord Wamco XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655 (N.D. Tex. 2004); *Cantrell v. Wyeth*, 303 CV 1659G, 2003 WL 22251079 (N.D. Tex. Sept. 19, 2003); *Reed v. Comerica Securities*, 303 CV 0322P, 2003 WL 21350211 (N.D. Tex. June 9, 2003); *see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996) (where an affirmative defense would bar the relief sought, "it necessarily follows that joinder was fraudulent").

5.　　　Plaintiff asserts a claim of negligence against Coastal.  The statute of limitations in Texas for a negligence claim is two years.  Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

6.　　　Plaintiff has long been coy in setting forth, in pleadings or discovery, the basis for its claim against Coastal.  Plaintiff's Petitions have provided little information regarding that claim.  The sole allegation in Plaintiff's Fourth Amended Original Petition against Coastal states: "The Defendant Coastal Engineering, Inc. negligently caused damage to property owned by the Plaintiff."  (Pl.'s 4th Am. Orig. Pet. ¶ 5.)  That allegation (which also appeared in Plaintiff's First Amended Original Petition ¶ 5, filed January 23, 2004; Plaintiff's Second Amended Original Petition ¶ 5, filed April 6, 2004; and Plaintiff's Third Amended Original Petition ¶ 5, filed April 28, 2004) alone was insufficient to put Honeywell on notice of either the factual basis of Plaintiff's claim or the removability of this action.  When asked in Interrogatories served by Coastal to state the basis for its negligence claim against Coastal, Plaintiff responded, "This information is contained in the reports of [Assured Indoor Air Quality] previously produced to you."  (Interrogatory No. 3 and Answer thereto.)  Those reports were prepared by H. William Holder, Plaintiff's expert witness, and his company, Assured Indoor Air Quality.  Curiously, the reports do not distinguish between Coastal and Honeywell with respect to either liability or damages issues.  (Thomas Aff. ¶ 5)

7.　　　Honeywell then took the deposition of several witnesses designated by Plaintiff as having relevant knowledge of Plaintiff's claims.  None of these witnesses were able to identify any acts or omissions by Coastal that caused the alleged damages set forth in Plaintiff's damage model.  This is not surprising, because Plaintiff's damage expert, Mr. Holder, admitted he had not made any effort to calculate damages attributable to Coastal.  (Thomas Aff.

4

¶ 7) One key witness was left, and that was Bill Holder. Mr. Holder testified both as Plaintiff's damages and causation expert and as Plaintiff's designated Texas Rule of Civil Procedure 199.2 corporate representative witness on the issues of causation and damages. (Thomas Aff. ¶ 6) Mr. Holder testified that the only basis for the negligence claim asserted against Coastal is Coastal's installation of certain heating, ventilation and air conditioning ("HVAC") equipment at the San Benito High School in 1994. On June 25, 2004, Mr. Holder was asked about any expert opinions he had formed regarding Coastal's purported negligence:

> Q. Okay. Do you have an opinion in this case that Coastal did anything wrong at the 11 schools?
>
> A. Well, the only thing I'm going to – are you talking about Coastal Engineering?
>
> Q. I am.
>
> A. The only thing I really know about Coastal associated with these 11 schools is that they did the installation for Honeywell at the high school, and, yeah, I know of some code violations.

(Holder Dep. at 168.) When Mr. Holder's deposition resumed on July 15 and 16, 2004, he was asked to explain the basis for Plaintiff's claim against Coastal:

> Q. Okay. And you have testified before at our last deposition that the only thing you really know about Coastal associated with the 11 schools in this case is that they did the installation for Honeywell at the high school and you know of some code violations; is that correct?
>
> A. Right. And I don't know whether they did any of the work at any of the other schools or not.
>
> Q. Okay.
>
> A. I just don't know.

Q.  And – and when you – but when you have –
when you were testifying about the code violations
that you're aware of at the high school, you're
referring to installation that was done in 1994?

A.  Yes.

Q.  Okay.  And I take it, just to close out,
you're not aware of any other negligent or
wrongful conduct in this case by Coastal?

A.  No.  No one has told me anything about
that.

(Holder Dep. at 332-33.)[1]  Mr. Holder also testified that he has not calculated the amount of any

damages attributable to Coastal:

Q.  Have you made any estimate of the
damages caused by Coastal in this case?

A.  No.

(Holder Dep. at 136.)

8.      Thus the only basis for a negligence claim against Coastal that Plaintiff

has identified is Coastal's 1994 installation of equipment at the San Benito High School.  Any

claim based on that conduct was barred long ago by the two-year statute of limitations.

9.      Plaintiff cannot claim any basis for tolling the statue of limitations.

Coastal raised the statute of limitations as an affirmative defense in its Answer filed on March 2,

2004.  (Coastal's Orig. Answer to Pl.'s First Am. Pet. ¶ 2.6.)  Under Texas law, Plaintiff was

required to plead any basis for tolling the statute in response to that defense.  *Woods v.*

---

[1] Coastal performed that 1994 work under subcontract with Honeywell.  Coastal has asserted a
cross-claim against Honeywell for contribution.  And Honeywell sought leave of court to assert
claims against Coastal and other parties, but the state court did not rule on Honeywell's motions
seeking leave to file.  But because Honeywell now knows that Plaintiff's claim against Coastal
based on its 1994 work is barred by the statute of limitations, there is no basis for either
cross-claim, for both cross-claims are predicated upon a finding of liability on Plaintiff's claims
arising from Coastal's work at the High School.

*William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1989). Plaintiff has not done so (*See* Pl.'s

4th Orig. Am. Pet. ), and the deadline for Plaintiff to amend its pleadings passed on July 16,

2004. (Docket Control Order of June 22, 2004; Thomas Aff. ¶ 4.) Because Plaintiff has not

affirmatively raised any ground for tolling in its pleadings, Plaintiff has waived its ability to

contend that the statute of limitations was tolled. *See Woods*, 769 S.W.2d at 518.

      10.    Nor is there any factual basis from which Plaintiff could argue that the

statute of limitations was tolled. Mr. Holder testified that the purported code violations that

constitute the basis for Plaintiff's claim against Coastal were visible and easily ascertainable:

> Q.  And you said that, I believe, all of
> the sort of wrongful conduct of Coastal that you
> understand there to be in this case is the code
> violations at the high school; correct?
>
> A.  Those are the ones that are visible.
> What I don't know is I don't know what kind of
> instructions they were getting from Honeywell or
> how many -- what kind of -- dialogue that was
> going on between Coastal and Honeywell and what
> led to the things that we could see.
>
> Q.  Now, and when you -- when you say the
> things that you could see, you also use the word
> "visible."
>
> A.  Uh-hum.
>
> Q.  Correct me if I'm wrong, but what that
> seems to mean is when you did your walk-through
> at the high school back in 2002, you could tell
> simply by looking at the equipment that there
> were code violations?
>
> A.  Yes.
>
> Q.  And that was easily discoverable by you
> by looking at it?
>
> A.  Yes.

> Q.  Okay.  And you didn't have to pick
> things up or take anything apart to figure that
> out?
>
> A.  No.

(Holder Dep. at 136-37.)  Given Mr. Holder's testimony on July 16 that the purported code

violations were "visible" there would be no basis for Plaintiff to assert that the facts giving rise

to its claim against Coastal were not discoverable or were fraudulently concealed.  *Wagner &*

*Brown, Ltd. v. Horwood*, 58 S.W.3d 732 (Tex. 2001); *Velsicol Chemical Corp. v. Winograd*, 956

S.W.2d 529 (Tex. 1997).  Prior to the July 16, 2004 pleading deadline and Holder's July 16,

2004 testimony that Coastal's code violations at the High School were visible, Honeywell of

course could not have known for certain that Plaintiff had no basis to toll the running of the

statute of limitations.

### C.    Removal Is Timely.

11.    28 U.S.C. § 1446(b) provides that a party has thirty days from receipt of

"a copy of an amended pleading, motion, order or *other paper* from which it may first be

ascertained that the case is one which is or has become removable."  28 U.S.C. 1446(b)

(emphasis added).  The thirty-day period in which removal is proper "is measured from receipt

of whatever writing . . . constitutes first notice" that the case is removable.  *Jernigan*, 989 F.2d at

815.  In the fraudulent joinder context, a defendant may remove an action "within thirty days

following [its] discovery of the improper joinder."  *Id.* at 817.  A defendant's suspicions that an

action may be removable is insufficient to trigger the thirty-day period.  The period begins to run

only when a defendant becomes *certain* that removal is appropriate:  "[T]he information

supporting removal . . . must be 'unequivocally clear and certain' to start the time limit running

for a notice of removal."  *Bosky v. Kroger Texas*, 288 F.3d 208 (5th Cir. 2002).   The Fifth

Circuit has set the threshold for removability at certainty because that standard promotes judicial economy by obviating a defendant's need to seek a "'protective' removal" based on "equivocal information" merely to "avoid the risk of losing his right to removal by the lapse of time." *Id.* at 212.

12. Honeywell received the transcript of Mr. Holder's deposition on July 19, 2004. (Thomas Aff. ¶ 10)  The facts supporting removal were not "unequivocally clear and certain" – and thus the thirty-day removal period did not begin – until Honeywell received the transcript of the deposition of Mr. Holder.  A deposition transcript constitutes "other paper" the receipt of which triggers the removability period under 28 U.S.C. § 1446(b).  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *c.f. Peters v. Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir. 2002) ("The intent of Sec. 1446(b) is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists. . . . Unquestionably, information elicited during a deposition may serve that purpose.").  Honeywell removed this case within thirty days of receiving the Holder deposition transcript.  Likewise, Honeywell has removed this action within one year from the commencement of the action, as required by 28 U.S.C. § 1446(b).  (Pl.'s Orig. Pet. (filed August 25, 2003).)

13. After the filing of this Notice of Removal, a copy promptly will be served upon all parties and filed with the Clerk of the District Court of Cameron County, Texas, pursuant to 28 U.S.C. § 1446(d).

14. The consent of Coastal for this removal is not required since Coastal is fraudulently joined. *Balazik v. County of Dauphin*, 44 F.3rd 209, 213(3rd Cir. 1995).

WHEREFORE, defendant Honeywell hereby removes this matter to the District Court for the Southern District of Texas, Brownsville Division.

Dated: July 23, 2004

Respectfully submitted,

By: **Raymond L. Thomas**
State Bar No. 19865350
**Veronica Gonzales**
State Bar No.08122080
**Andres H. Gonzales, Jr.**
State Bar No. 24002156

**OF COUNSEL:**

**KITTLEMAN, THOMAS, RAMIREZ**
    **& GONZALES, LLP**
4900-B North Tenth Street
McAllen, TX 78504
956/686-8797
956/630-5199 (Facsimile)

**Juan A. Magallanes**
State Bar No. 12809500
**MAGALLANES & HINOJOSA, P.C.**
1713 Boca Chica Blvd.
Brownsville, TX 78520
Telephone: (956) 544-6571
Facsimile: (956) 544-4290

**Nancy A. Wiltgen**
(MN License #179048)
**LEONARD, STREET AND DEINARD**
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
612/335-1500

612/335-1657


**Donald R. Harris** (IL License # 01134566)
**Terri L. Mascherin** (IL License # 06187735)
**JENNER & BLOCK LLP**
One IBM Plaza
Chicago, IL 60611
312/222-9350
312/527-0484 (Facsimile)

**ATTORNEYS FOR DEFENDANT HONEYWELL INTERNATIONAL INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2004, a true and correct copy of the foregoing **DEFENDANT HONEYWELL, INC.'S NOTICE OF REMOVAL** has been served on the following parties as indicated below:

*Attorneys for Plaintiff:*

Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

*Attorneys for Defendant*
*Coastal Engineering:*

Ricardo R. Reyna
Thomas Mailloux
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Raymond L. Thomas.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

## **EXHIBIT "1"**

A copy of all executed process in the case

ORIGINAL

Citation for Personal Service - GENERAL _____    Lit. Seq. # 5.002.01

No. 2003-08-004221-A

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: COASTAL ENGINEERING, INC.
    SERVING ITS REGISTERED AGENT
    MR. J. NEL MURPHY
    191 N. TRAVIS
    SAN BENITO, TEXAS 78586

the _____ DEFENDANT _____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on AUGUST 25, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004221-A.

The style of the case is:

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC
VS.
COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.

Said petition was filed in said court by _____ HON. ANTHONY F. CONSTANT
(Attorney for _____ PLAINTIFF _____ ), whose address is
1570 FROST BANK PLAZA, CORPUS CHRISTI, TX.   78470

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of AUGUST , A.D. 2003 .

                    AURORA DE LA GARZA _____ , DISTRICT CLERK
                    Cameron County, Texas
                    974 E. Harrison St.
                    Brownsville, Texas 78521
                    By: _____  Deputy

SCANNED
AUG 27 2003

RETURN OF OFFICER

Came to hand the _25th_ day of _Aug_ , _2003_ , at _2:00_ o'clock _P_.M., and

executed ~~(not executed)~~ on the _25th_ day of _Aug_ , _2003_, by delivering to

_J. Nel Murphy_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____

_____

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_____          Sheriff/constable _____ County, TEXAS

Fees paid by:_____        By _____ Deputy

ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.002.01

No. 2003-08-004221-A

THE   STATE   OF   TEXAS

    NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: COASTAL ENGINEERING, INC.
    SERVING ITS REGISTERED AGENT
    MR. J. NEL MURPHY
    191 N. TRAVIS
    SAN BENITO, TEXAS 78586

the        DEFENDANT        , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 107th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas. Said        PETITION        was filed on
AUGUST 25, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004221-A.

The style of the case is:

            SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC
                            VS.
            COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.

Said petition was filed in said court by        HON. ANTHONY F. CONSTANT
(Attorney for        PLAINTIFF        ), whose address is
1570 FROST BANK PLAZA CORPUS CHRISTI, TX.    78470        .

    The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

    Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 25th day of AUGUST , A.D. 2003.

                    AURORA DE LA GARZA  , DISTRICT CLERK
                    Cameron County, Texas
                    974 E. Harrison St.
                    Brownsville, Texas 78521

                    By: _Yolanda Zamora_                    Deputy

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the <u>25th</u> of

<u>AUGUST</u>  <u>2003</u>, I mailed to

COASTAL ENGINEERING, INC.

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   0095819611
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas

By: _Yolanda Zamarron_  Deputy

*Return Envelope*
*Citation*

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.003.01

Paid Date 8-26-03
Receipt # 470688
65.00

No. 2003-08-004221-A

7040T 8-27-0
11 AM

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HONEYWELL, INC.
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM, INC.
    350 N. ST. PAUL
    DALLAS, TEXAS 75201

**RUSH**

03 AUG 25 AM 8:40
7201 S. POLK ST.
DALLAS, CO. TX.

RECEIVED
DERICK EVANS
CONSTABLE PCT 1

the ____ DEFENDANT ____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said ____ PETITION ____ was filed on AUGUST 25, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004221-A.

The style of the case is:

            SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC
                                VS.
            COASTAL ENGINEERING, INC., AND HONEYWELL, INC.

Said petition was filed in said court by ____ HON. ANTHONY F. CONSTANT
(Attorney for ____ PLAINTIFF ____ ), whose address is
1570 FROST BANK PLAZA CORPUS CHRISTI, TX.   78470

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of AUGUST , A.D. 2003.

                        AURORA DE LA GARZA , DISTRICT CLERK
                        Cameron County, Texas
                        974 E. Harrison St.
                        Brownsville, Texas 78521

                        By: _____

**SCANNED**
SEP 03 2003

R E T U R N   O F   O F F I C E R

ame to hand the _____ day of AUG 2 6 2003 , _____ , at 840 o'clock A .M., and

xecuted (not executed) on the 27TH day of AuG , 2003 , by delivering to

Honeywell, Ink _____ in person a true copy of this Citation,

pon which I endorsed the date of delivery, together with the accompanying copy

f the _____ by delivering to C.T. CORPORATION SYSTEM,
by delivering to ANGIE WAYS    its
registered agent for service at 350 N. St.
Paul, Dallas, TX 75201.

ause of failure to execute this citation is: _____

_____

EES serving 1 copy
otal....... $ 55⁹⁰           Sheriff/constable DALLAS        County,

ees paid by: _____           By _____        Deputy

DERICK EVANS
Constable, Precinct 1
Dallas County, Texas

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

AUG 2 8 2003

DISTRICT _____ COUNTY, TEXAS
DEPUTY

ORIGINAL

Citation for Personal Service - BY CERTIFIED MAIL     Lit. Seq. # 5.003.01

No. 2003-08-004221-A

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HONEYWELL, INC.
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM INC.
    350 N. ST. PAUL
    DALLAS, TEXAS 75201

the _____ DEFENDANT _____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on AUGUST 25, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004221-A.

The style of the case is:

        SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC          )
                                VS.                                 )
           COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.           )

Said petition was filed in said court by _____ HON. ANTHONY F. CONSTANT
(Attorney for _____ PLAINTIFF _____ ), whose address is
1570 FROST BANK PLAZA CORPUS CHRISTI, TX.   78470 _____ .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of AUGUST , A.D. 2003 .

                        _____ AURORA DE LA GARZA _____ , DISTRICT CLERK
                        Cameron County, Texas
                        974 E. Harrison St.
                        Brownsville, Texas 78521

                        By: _____ DEPUTY

CERTIFICATE OF DELIVERY OF IL

I hereby certify that on the 25th of

AUGUST  2003, I mailed to

        HONEYWELL, INC.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  0095819604
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

        AURORA DE LA GARZA
Cameron County, Texas

By: _____



ATTACH RETURN RECEIPTS WITH

CERTIFIED MAIL RECEIPT

OFFICIAL USE

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Sent To  HONEYWELL, INC.
Street, Apt. No.;
or PO Box No.  350 N. ST. PAUL
City, State, ZIP+4  DALLAS, TEXAS 75201

PS Form 3811, August 2001     Domestic Return Receipt

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


**EXHIBIT "2"**


**Pleadings asserting causes of action and all answers to such pleadings**

A.    Plaintiff's Original Petition

B.    Plaintiff's First Amended Original Petition

C.    Plaintiff's Second Amended Original Petition

D.    Plaintiff's Third Amended Original Petition

E.    Plaintiff's Fourth Amended Original Petition

F.    Defendant's [Honeywell, Inc.] Original Answer subject to Motion to Abate

G.    Defendant Honeywell, Inc.'s First Amended Original Answer to Plaintiff's First Amended Original Petition

H.    Defendant Honeywell, Inc.'s Second Amended Original Answer to Plaintiff's First Amended Original Petition

I.    Defendant's [Coastal Engineering, Inc.] Original Answer

J.    Defendant Coastal Engineering, Inc.'s Original Answer to Plaintiff's First Amended Original Petition

ED ____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

AUG 2 5 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS

NO. <u>2003-08-4221-A</u>

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | OF CAMERON COUNTY, TEXAS |
| COASTAL ENGINEERING, INC.; and HONEYWELL, INC. Defendants | § § § | <u>107th</u> JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.      This matter should proceed under Discovery Control Plan 3 pursuant to Tex.R.Civ.P. 190.4 and Plaintiff asks this Court to enter a Level 3 Discovery Control Plan.

2.      The Defendant Coastal Engineering, Inc. is a Texas corporation with its principal place of business and its principal office in this state located in San Benito, Texas and can be served with process by mailing citation to its registered agent Mr. J. Nel Murphy at 191 N. Travis, San Benito, Texas 78586 by certified mail, return receipt requested. Plaintiff respectfully requests that the Clerk issue citation to this Defendant in that manner. In addition, Plaintiff requests the Clerk issue an additional copy of the citation to this Defendant and deliver it to a private process server authorized by this Court and that service be perfected upon this Defendant in that manner also.

3.      The Defendant Honeywell, Inc. is a corporation qualified to do business in the State of Texas and may be served with process via certified mail, return receipt requested, by service upon its registered agent C. T. Corporation System, Inc., 350 N. St. Paul, Dallas. Texas 75201. Plaintiff respectfully requests that the Clerk issue citation to this Defendant in that manner. In addition, Plaintiff requests the Clerk issue an additional copy of the citation to this Defendant and deliver it to a private process server authorized by this Court and that service be perfected upon this Defendant in that manner also.



4.        Venue is mandatory in Cameron County, Texas pursuant to CPRC §15.011 because this action is for recovery of damages to real property. Venue is also proper in Cameron County under the general venue rule CPRC §15.002 because all or a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in Cameron County.

5.        Defendants fraudulently procured a contract with the Plaintiff by making a promise without any intent of keeping the promise in order to induce the Plaintiff into executing a contract with the Defendants. Plaintiff was so induced and did enter into a contract with Defendants and suffered substantial damages, both economic damage and damage to real property located in Cameron County, Texas, as a result.

Thereafter, each Defendant agreed to provide certain goods and services to the Plaintiff involving installation and/or retrofit and/or operation of air-conditioning equipment at San Benito High School which is owned and operated by Plaintiff San Benito Consolidated Independent School District, but failed to use ordinary care in the performance of their duties as required by law and by their agreements with the Plaintiff and as a direct result of their conduct, their negligence, their breach of warranty and breach of contract and fraud, the school has suffered physical damage and the Plaintiff has suffered substantial economic damage. Such damages are within the jurisdictional limits of this Court.

6.        Plaintiff prays that the Defendants be cited to appear herein and that upon trial, Plaintiff have judgement against the Defendants, jointly and severally, for all actual damages and loss suffered by the Plaintiff, for costs of court, for pre-judgement interest, and for all the other relief to which they may show themselves justly entitled including reasonable attorneys fees and exemplary damages

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (361) 887-8010

ANTHONY F. CONSTANT
ATTORNEY IN CHARGE
State Bar No. 04711000
FILEMON B. VELA, JR.
State Bar No. 20536025
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (3610 887-8010

PRUETT MOORE, III
PRUETT MOORE, III ATTORNEY AT LAW
State Bar No. 14362225
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (3610 887-8010

RENE RAMIREZ
LAW OFFICE OF RENE RAMIREZ
State Bar No. 16475600
1906 Tesoro Blvd
Pharr, Texas 78577
Telephone: (956) 783-7880
Telecopier: (956) 783-7884

## ORIGINAL

:ation for Personal Service - <u>NON-RESIDENT NOTICE</u>     Lit. Seq. # <u>5.003.01</u>

No. <u>2003-08-004221-A</u>

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
ı or your attorney do not file a written answer with the clerk who issued this
:ation by 10:00 a.m. on the Monday next following the expiration of twenty
ɤ̄s after you were served this citation and petition, a default judgment may be
:en against you.

<u>HONEYWELL, INC.</u>
<u>SERVING ITS REGISTERED AGENT</u>
<u>C.T. CORPORATION SYSTEM, INC.</u>
<u>350 N. ST. PAUL</u>
<u>DALLAS, TEXAS 75201</u>

    <u>    DEFENDANT    </u>, GREETING:

You are commanded to appear by filing a written answer to the

<u>,INTIFF'S ORIGINAL PETITION</u>

or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
ɤ̄s after the date of service of this citation before the Honorable District
rt 107th Judicial District of Cameron County, Texas at the Courthouse of said
nty in Brownsville, Texas. Said <u>    PETITION    </u> was filed on
UGUST 25, 2003 . A copy of same accompanies this citation.

file number of said suit being No. <u>2003-08-004221-A</u>.

style of the case is:

<u>SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC</u>
VS.
<u>COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.</u>

d petition was filed in said court by <u>    HON. ANTHONY F. CONSTANT    </u>
torney for <u>    PLAINTIFF    </u> ), whose address is
<u>O FROST BANK PLAZA CORPUS CHRISTI, TX. 78470</u> .

The nature of the demand is fully shown by a true and correct copy of the
ition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
uirements of law, and the mandates thereof, and make due return as the law
ects.

Issued and given under my hand and seal of said Court at Brownsville,
as, this the <u>25th</u> day of <u>AUGUST</u>, A.D. <u>2003</u>.

<u>    AURORA DE LA GARZA    </u>, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _Yolanda Zamora_

FILED
_____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
JAN 2 6 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY
FILE COPY

CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| v. | § § | OF CAMERON COUNTY, TEXAS |
| COASTAL ENGINEERING, INC.; and HONEYWELL, INC. | § § § | |
| Defendants | § | 107TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1. This Court has entered a Level 3 Discovery Control Plan.

2. The Defendant Coastal Engineering, Inc. is a Texas corporation with its principal place of business and its principal office in this state located in San Benito, Texas. It has made its appearance in this cause.

3. The Defendant Honeywell, Inc. is a corporation. It has made its appearance in this cause.

4. Venue is mandatory in Cameron County, Texas pursuant to CPRC §15.011. This is an action for recovery of damages to real property. Venue is also proper in Cameron County under the general venue rule CPRC §15.002. All or a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in Cameron County.

5. The Defendant Coastal Engineering, Inc. negligently caused damage to property owned by the Plaintiff in conjunction with its joint work with Honeywell, Inc. in connection with the Plaintiff's property which Honeywell, Inc. was obligated by contract to maintain.

6. The Defendant Honeywell, Inc. breached its contractual obligations to the Plaintiff by failing to perform its obligations to the Plaintiff to maintain the HVAC and Energy Management Systems at the following locations owned by the Plaintiff: Miller Jordan

Middle School including the Miller Jordan Middle School Gym, the Miller Jordan Library, Miller Jordan (10) Classrooms, the Senior High School including the Senior High Sports Complex, the HS/Career Technology Bldg. & Classrooms, the Administration & Parental Involvement Building, Dr. Cash Elementary, La Paloma Elementary, Rangerville Elementary, Ed Downs Elementary, Fred Booth Elementary, Frank Roberts Elementary, La Encantada Elementary, Sullivan Elementary, and Landrum Elementary schools. The contractual obligations which Honeywell breached are set out in the contracts between the parties titled Addendums #2, #3, #4 and #5. As a result of such breach, Plaintiff suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas.

7.      The claims made in this suit do not include any claims regarding Berta Cabaza or Raul Garza schools as those matters have been referred to arbitration and Plaintiff has been enjoined from prosecuting any such claims outside of arbitration. The claims made in this suit do not include any claims arising out of or related to the 1999 construction contract between the parties titled "Honeywell Agreement" signed by the parties in January 1999 concerning the construction of a Thermal Energy Storage System at Berta Cabaza and Raul Garza schools as those matters have been referred to arbitration and Plaintiff has been enjoined from prosecuting any such claims outside of arbitration.

8.      The Defendant Honeywell, Inc. fraudulently procured the contracts (the contracts between the parties titled Addendums #2, #3, #4 and #5) by making promises without any intent of keeping the promises in order to induce the Plaintiff into executing those contracts. As a result of such fraud, Plaintiff suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas. The promises

which the Defendant Honeywell, Inc. made without any intent of keeping the promises were the following: the promise that the Plaintiff would experience financial savings as a result of entering into the contracts by lowering its energy and operational costs; each of the promises set out in the Honeywell documents describing the "Honeywell Preferred Maintenance Services," "Mechanical System Maintenance Service," "Mechanical Maintenance," "Honeywell Building Management System," "Temperature Control Maintenance," "Parts Replacement," all as set out in the contracts between the parties titled Addendums #2, #3, #4 and #5.

9.  Plaintiffs actual damages do not exceed Sixty Million Dollars.

10. Because the Defendant Honeywell, Inc. is guilty of fraud, punitive damages equal to the actual damages should be awarded against Honeywell, Inc.

PRAYER

11. Plaintiff prays that after a trial by jury that Plaintiff have judgment against the Defendants, jointly and severally, for all actual damages and loss suffered by the Plaintiff, for punitive damages against the Defendant Honeywell, Inc., for costs of court, for pre-judgment interest, and for all the other relief to which Plaintiff may show itself justly entitled.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520
956/541-3820
956/541-7694 fax

RENE RAMIREZ
LAW OFFICE OF RENE RAMIREZ
State Bar No. 16475600
1906 Tesoro Blvd
Pharr, Texas 78577
Telephone: (956) 783-7880
Telecopier: (956) 783-7884

PRUETT MOORE, III
PRUETT MOORE, III ATTORNEY AT LAW
State Bar No. 14362225
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (3610 887-8010

ANTHONY F. CONSTANT
State Bar No. 04711000
FILEMON B. VELA, JR.
State Bar No. 20536025
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (361) 887-8010

## CERTIFICATE OF SERVICE

I, Ernesto Gamez, Jr., hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this _3rd_ day of January, 2004 as indicated below:

**Via Facsimile:**
Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
Counsel For Coastal Engineering, Inc.

Raymond L. Thomas
Dale S. Kasofsky
KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC
4900-B North Tenth Street
McAllen, Texas 78504

Nancy A. Wiltgen
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

Frederick W. Morris
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Counsel For Honeywell

Ernesto Gamez, Jr.

# CONSTANT & VELA
### ATTORNEYS AT LAW

1570 FROST BANK PLAZA
802 NORTH CARANCAHUA
CORPUS CHRISTI, TEXAS 78470
TELEPHONE (512)887-8800
FACSIMILE (512) 887-8010

# FACSIMILE
## TRANSMITTAL

### 1/23/04

| | | |
|---|---|---|
| **Attention:** | Ricardo Reyna | 210/979-7810 |
| | Raymond Thomas | 956/630-5199 |
| | Nancy Wiltgen | 612/335-1657 |
| **RE:** | SBISD vs. Honeywell, et al | |
| **INSTRUMENT:** | Plaintiff's First Amended Original Petition | |

**Sender:** Anthony Constant
**Telephone #:** 361/887-8800
**Telefax #:** 361/887-8010

You should receive 2 pages, *including this cover sheet.* If you do not receive all the pages, please call the number above.

CAUSE NO.2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| COASTAL ENGINEERING, | § | |
| INC.; and HONEYWELL, INC. | § | |
|     Defendants | § | 107TH JUDICIAL DISTRICT |

### PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1. This Court has entered a Level 3 Discovery Control Plan.

2. The Defendant Coastal Engineering, Inc. is a Texas corporation with its principal place of business and its principal office in this state located in San Benito, Texas. It has made its appearance in this cause.

3. The Defendant Honeywell, Inc. is a corporation. It has made its appearance in this cause.

4. Venue is mandatory in Cameron County, Texas pursuant to CPRC §15.011. This is an action for recovery of damages to real property. Venue is also proper in Cameron County under the general venue rule CPRC §15.002. All or a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in Cameron County.

5. The Defendant Coastal Engineering, Inc. negligently caused damage to property owned by the Plaintiff in conjunction with its joint work with Honeywell, Inc. in connection with the Plaintiff's property that Honeywell, Inc. was obligated by contract to maintain.

6. The Defendant Honeywell, Inc. breached its contractual obligations to the Plaintiff by failing to perform its obligations to the Plaintiff to maintain the HVAC and Energy Management Systems at the following locations owned by the Plaintiff: Miller Jordan

Middle School including the Miller Jordan Middle School Gym, the Miller Jordan Library, Miller Jordan (10) Classrooms, the Senior High School including the Senior High Sports Complex, the HS/Career Technology Bldg. & Classrooms, the Administration & Parental Involvement Building, Dr. Cash Elementary, La Paloma Elementary, Rangerville Elementary, Ed Downs Elementary, Fred Booth Elementary, Frank Roberts Elementary, La Encantada Elementary, Sullivan Elementary, and Landrum Elementary schools. The contractual obligations that Honeywell breached are set out in the contracts between the parties titled Addendums #2, #3, #4 and #5. These obligations are set out in these contracts and in the 1994 Building Services contract under the headings promising "Honeywell Preferred Maintenance Services." "Mechanical System Maintenance Service," "Mechanical Maintenance," "Honeywell Building Management System," "Temperature Control Maintenance," and "Parts Replacement." As a result of such breach, Plaintiff suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas.

7. The claims made in this suit do not include any claims regarding Berta Cabaza or Raul Garza schools as those matters have been referred to arbitration and Plaintiff has been enjoined from prosecuting any such claims outside of arbitration. The claims made in this suit do not include any claims arising out of or related to the 1999 construction contract between the parties titled "Honeywell Agreement" signed by the parties in January 1999 concerning the construction of a Thermal Energy Storage System at Berta Cabaza and Raul Garza schools as those matters have been referred to arbitration and Plaintiff has been enjoined from prosecuting any such claims outside of arbitration.

8.    The Defendant Honeywell, Inc. fraudulently procured the contracts (the contracts between the parties titled Addendums #2, #3, #4 and #5) by making promises without any intent of keeping the promises in order to induce the Plaintiff into executing those contracts. As a result of such fraud, Plaintiff suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas. The promises which the Defendant Honeywell, Inc. made without any intent of keeping the promises were the following: the promise that the Plaintiff would experience financial savings as a result of entering into the contracts by lowering its energy and operational costs; each of the promises set out in the Honeywell documents describing the "Honeywell Preferred Maintenance Services." "Mechanical System Maintenance Service," "Mechanical Maintenance," "Honeywell Building Management System," "Temperature Control Maintenance," "Parts Replacement," all as set out in the contracts between the parties titled Addendums #2, #3, #4 and #5. The intent not to perform is shown by Honeywell's failure to perform the promised services in the contract periods from 1994 through 2001, by its manipulation of the operating parameters of the HVAC systems to create an illusion of providing value, by the promises made in the sales presentations, by changing the written contracts so as to reduce its responsibilities for energy savings while cloaking the actual impact of these changes, by reporting fictional energy savings supposedly provided by Honeywell's equipment, by erasing computer records and by providing fictional reporting of the conduct of the HVAC system through the computer software supplied by Honeywell.

9.    Plaintiff's actual damages do not exceed Sixty Million Dollars. Punitive damages should not exceed Sixty Million Dollars. Plaintiff's damages include the reasonable and

necessary cost to repair the HVAC systems on the property to the condition they would have been in had the Defendant Honeywell, Inc. properly maintained them as it promised to do in its contract with the Plaintiff, including the financing of such cost. Plaintiff's damages include the reasonable and necessary cost to repair the physical damage to the building structures and their contents (or replace where repair is not feasible) caused by the Defendant Honeywell, Inc.'s breach of contract, including the financing of such cost. Plaintiff's damages include the reasonable and necessary cost to replace the facilities while they are being fixed, including the financing of such cost. Plaintiff's damages include the reasonable value of the time spent by the Plaintiff correcting or attempting to correct the problems with the HVAC system and the damage to the buildings and their contents and the conditions created by the HVAC system problems. Alternatively, Plaintiff's damages include the difference in the value of the contract service as it was received and the value it would have had, if it had been as represented.

10. Because the Defendant Honeywell, Inc. is guilty of fraud, punitive damages equal to the actual damages should be awarded against Honeywell, Inc.

## PRAYER

11. Plaintiff prays that after a trial by jury that Plaintiff have judgment against the Defendants for all actual damages and loss suffered by the Plaintiff, for punitive damages against the Defendant Honeywell, Inc., for costs of court, for pre-judgment interest, and for all the other relief to which Plaintiff may show itself justly entitled.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

Ernesto Gamez, Jr.

LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520
956/541-3820
956/541-7694 fax

RENE RAMIREZ
LAW OFFICE OF RENE RAMIREZ
State Bar No. 16475600
1906 Tesoro Blvd
Pharr, Texas 78577
Telephone: (956) 783-7880
Telecopier: (956) 783-7884

PRUETT MOORE, III
PRUETT MOORE, III ATTORNEY AT LAW
State Bar No. 14362225
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (3610 887-8010

ANTHONY F. CONSTANT
State Bar No. 04711000
FILEMON B. VELA, JR.
State Bar No. 20536025
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (361) 887-8010

## CERTIFICATE OF SERVICE

I, Ernesto Gamez, Jr., hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this ___6th___ day of April, 2004 as indicated below:

**Via Facsimile:**
Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
**Counsel For Coastal Engineering, Inc.**

Raymond L. Thomas
Dale S. Kasofsky
KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC
4900-B North Tenth Street
McAllen, Texas 78504

Nancy A. Wiltgen
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

Frederick W. Morris
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
**Counsel For Honeywell**

Ernesto Gamez, Jr.

CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE 107TH JUDICIAL |
| INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| HONEYWELL, INC. and | § | |
| COASTAL ENGINEERING, INC., | § | |
| | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.     This Court has entered a Level 3 Discovery Control Plan.

2.     The Defendant Coastal Engineering, Inc. is a Texas corporation with its principal place of business and its principal office in this state located in San Benito, Texas. It has made its appearance in this cause.

3.     The Defendant Honeywell, Inc. is a corporation. It has made its appearance in this cause.

4.     Venue is mandatory in Cameron County, Texas pursuant to CPRC §15.011. This is an action for recovery of damages to real property. Venue is also proper in Cameron County under the general venue rule CPRC §15.002. All or a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in Cameron County.

5.     The Defendant Coastal Engineering, Inc. negligently caused damage to property owned by the Plaintiff.

6.     The Defendant Honeywell, Inc. breached its contractual obligations to the Plaintiff by failing to perform its obligations to the Plaintiff to maintain the HVAC and Energy Management Systems at the following locations owned by the Plaintiff: Miller Jordan

Middle School including the Miller Jordan Middle School Gym, the Miller Jordan Library, Miller Jordan (10) Classrooms, the Senior High School including the Senior High Sports Complex, the HS/Career Technology Bldg. & Classrooms, the Administration & Parental Involvement Building, Dr. Cash Elementary, La Paloma Elementary, Rangerville Elementary, Ed Downs Elementary, Fred Booth Elementary, Frank Roberts Elementary, La Encantada Elementary, Sullivan Elementary, and Landrum Elementary schools. The contractual obligations that Honeywell breached are set out in the contracts between the parties titled Addendums #2, #3, #4 and #5. These obligations are set out in these contracts and in the 1994 Building Services contract under the headings promising "Honeywell Preferred Maintenance Services," "Mechanical System Maintenance Service," "Mechanical Maintenance," "Honeywell Building Management System," "Temperature Control Maintenance," and "Parts Replacement." As a result of such breach, Plaintiff suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas.

7. The claims made in this suit do not include any claims regarding Berta Cabaza or Raul Garza schools as those matters have been referred to arbitration and Plaintiff has been enjoined from prosecuting any such claims outside of arbitration. The claims made in this suit do not include any claims arising out of or related to the 1999 construction contract between the parties titled "Honeywell Agreement" signed by the parties in January 1999 concerning the construction of a Thermal Energy Storage System at Berta Cabaza and Raul Garza schools as those matters have been referred to arbitration and Plaintiff has been enjoined from prosecuting any such claims outside of arbitration.

8.     The Defendant Honeywell, Inc. fraudulently procured the contracts (the contracts between the parties titled Addendums #2, #3, #4 and #5) by making promises without any intent of keeping the promises in order to induce the Plaintiff into executing those contracts. As a result of such fraud, Plaintiff suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas. The promises which the Defendant Honeywell, Inc. made without any intent of keeping the promises were the following: the promise that the Plaintiff would experience financial savings as a result of entering into the contracts by lowering its energy and operational costs; each of the promises set out in the Honeywell documents describing the "Honeywell Preferred Maintenance Services," "Mechanical System Maintenance Service," "Mechanical Maintenance," "Honeywell Building Management System," "Temperature Control Maintenance," "Parts Replacement," all as set out in the contracts between the parties titled Addendums #2, #3, #4 and #5. The intent not to perform is shown by Honeywell's failure to perform the promised services in the contract periods from 1994 through 2001, by its manipulation of the operating parameters of the HVAC systems to create an illusion of providing value, by the promises made in the sales presentations, by changing the written contracts so as to reduce its responsibilities for energy savings while cloaking the actual impact of these changes, by reporting fictional energy savings supposedly provided by Honeywell's equipment, by erasing computer records and by providing fictional reporting of the conduct of the HVAC system through the computer software supplied by Honeywell.

9.     Plaintiff's actual damages do not exceed Sixty Million Dollars. Punitive damages should not exceed Sixty Million Dollars. Plaintiff's damages include the reasonable and

necessary cost to repair the HVAC systems on the property to the condition they would have been in had the Defendant Honeywell, Inc. properly maintained them as it promised to do in its contract with the Plaintiff, including the financing of such cost. Plaintiff's damages include the reasonable and necessary cost to repair the physical damage to the building structures and their contents (or replace where repair is not feasible) caused by the Defendant Honeywell, Inc.'s breach of contract, including the financing of such cost. Plaintiff's damages include the reasonable and necessary cost to replace the facilities while they are being fixed, including the financing of such cost. Plaintiff's damages include the reasonable value of the time spent by the Plaintiff correcting or attempting to correct the problems with the HVAC system and the damage to the buildings and their contents and the conditions created by the HVAC system problems. Alternatively, Plaintiff's damages include the difference in the value of the contract service as it was received and the value it would have had, if it had been as represented.

10. Because the Defendant Honeywell, Inc. is guilty of fraud, punitive damages equal to the actual damages should be awarded against Honeywell, Inc. Plaintiff asks to recover its actual damages caused by the Defendant Honeywell, Inc.'s breach of its contractual obligations to the Plaintiff and elects to recover only punitive damages for the fraud practiced upon it by the Defendant Honeywell, Inc. since Plaintiff cannot recover the same actual damages both based on breach of contract and on fraud. Plaintiff does not ask to recover its actual damages based upon the fraud cause of action.

11. All conditions precedent to Plaintiff's right to recover against the Defendants has occurred.

## PRAYER

12.   Plaintiff prays that after a trial by jury that Plaintiff have judgment against the Defendant

Honeywell, Inc. for all actual damages and loss suffered by the Plaintiff as a result of the

breach of contract by the Defendant Honeywell, Inc., for punitive damages against the

Defendant Honeywell, Inc. for its fraud, for costs of court, for pre-judgment interest, and

for all the other relief to which Plaintiff may show itself justly entitled. Plaintiff prays

that after a trial by jury that Plaintiff recover a judgment against the Defendant Coastal

Engineering, Inc. for all actual damages and loss suffered by the Plaintiff as a result of

the negligence of the Defendant Coastal Engineering, Inc.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

ANTHONY F. CONSTANT
ATTORNEY IN CHARGE
State Bar No. 04711000
FILEMON B. VELA, JR.
State Bar No. 20536025
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (361) 887-8010

RENE RAMIREZ
LAW OFFICE OF RENE RAMIREZ
State Bar No. 16475600
1906 Tesoro Blvd
Pharr, Texas 78577
Telephone: (956) 783-7880
Telecopier: (956) 783-7884

Ernesto Gamez, Jr.
Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520
956/541-3820
956/541-7694 fax

## CERTIFICATE OF SERVICE

I, Anthony F. Constant, hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this 28th day of April, 2004 as indicated below:

**Via Facsimile:**
Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
**Counsel For Coastal Engineering, Inc.**

Raymond L. Thomas
Dale S. Kasofsky
KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC
4900-B North Tenth Street
McAllen, Texas 78504

Nancy A. Wiltgen
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
**Counsel For Honeywell**

Anthony Constant

CAUSE NO.2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE 107TH  JUDICIAL |
| INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | DISTRICT  COURT OF |
| | § | |
| HONEYWELL, INC. and | § | |
| COASTAL ENGINEERING, INC., | § | |
| | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.       This Court has entered a Level 3 Discovery Control Plan.

2.       The Defendant Coastal Engineering, Inc. is a Texas corporation with its principal place of business and its principal office in this state located in San Benito, Texas. It has made its appearance in this cause.

3.       The Defendant Honeywell, Inc. is a corporation. It has made its appearance in this cause.

4.       Venue is mandatory in Cameron County, Texas pursuant to CPRC §15.011. This is an action for recovery of damages to real property. Venue is also proper in Cameron County under the general venue rule CPRC §15.002. All or a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in Cameron County.

5.       The Defendant Coastal Engineering, Inc. negligently caused damage to property owned by the Plaintiff.

6.     The Defendant Honeywell, Inc. breached its contractual obligations to the
Plaintiff by failing to perform its obligations to the Plaintiff to maintain the HVAC and
Energy Management Systems at the following locations owned by the Plaintiff: Miller
Jordan Middle School including the Miller Jordan Middle School Gym, the Miller Jordan
Library, Miller Jordan (10) Classrooms, the Senior High School including the Senior
High Sports Complex, the HS/Career Technology Bldg. & Classrooms, the
Administration & Parental Involvement Building, Dr. Cash Elementary, La Paloma
Elementary, Rangerville Elementary, Ed Downs Elementary, Fred Booth Elementary,
Frank Roberts Elementary, La Encantada Elementary, Sullivan Elementary, and Landrum
Elementary schools. The contractual obligations that Honeywell breached are set out in
the contracts between the parties titled Addendums #2, #3, #4 and #5. These obligations
are set out in these contracts and in the 1994 Building Services contract under the
headings promising "Honeywell Preferred Maintenance Services," "Mechanical System
Maintenance Service," "Mechanical Maintenance." "Honeywell Building Management
System," "Temperature Control Maintenance." and "Parts Replacement." As a result of
such breach, Plaintiff suffered substantial damages, both economic damages and damage
to real property located in Cameron County, Texas.

7.     The claims made in this suit do not include any claims regarding Berta Cabaza or
Raul Garza schools as those matters have been referred to arbitration and Plaintiff has
been enjoined from prosecuting any such claims outside of arbitration. The claims made
in this suit do not include any claims arising out of or related to the 1999 construction
contract between the parties titled "Honeywell Agreement" signed by the parties in
January 1999 concerning the construction of a Thermal Energy Storage System at Berta

2

Cabaza and Raul Garza schools as those matters have been referred to arbitration and Plaintiff has been enjoined from prosecuting any such claims outside of arbitration.

8.      The Defendant Honeywell, Inc. fraudulently procured the contracts (the contracts between the parties titled Addendums #2, #3, #4 and #5) by making promises without any intent of keeping the promises in order to induce the Plaintiff into executing those contracts. As a result of such fraud, Plaintiff suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas. The promises which the Defendant Honeywell, Inc. made without any intent of keeping the promises were the following: the promise that the Plaintiff would experience financial savings as a result of entering into the contracts by lowering its energy and operational costs; each of the promises set out in the Honeywell documents describing the "Honeywell Preferred Maintenance Services," "Mechanical System Maintenance Service," "Mechanical Maintenance," "Honeywell Building Management System," "Temperature Control Maintenance," "Parts Replacement," all as set out in the contracts between the parties titled Addendums #2, #3, #4 and #5. The intent not to perform is shown by Honeywell's failure to perform the promised services in the contract periods from 1994 through 2001, by its manipulation of the operating parameters of the HVAC systems to create an illusion of providing value, by the promises made in the sales presentations, by changing the written contracts so as to reduce its responsibilities for energy savings while cloaking the actual impact of these changes, by reporting fictional energy savings supposedly provided by Honeywell's equipment, by erasing computer records and by providing fictional reporting of the conduct of the HVAC system through the computer software supplied by Honeywell.

9.            · Plaintiff's actual damages do not exceed Sixty Million Dollars. Punitive damages

should not exceed Sixty Million Dollars. Plaintiff's damages include the reasonable and

necessary cost to repair the HVAC systems on the property to the condition they would

have been in had the Defendant Honeywell, Inc. properly maintained them as it promised

to do in its contract with the Plaintiff, including the financing of such cost. Plaintiff's

damages include the reasonable and necessary cost to repair the physical damage to the

building structures and their contents (or replace where repair is not feasible) caused by

the Defendant Honeywell, Inc.'s breach of contract, including the financing of such cost.

Plaintiff's damages include the reasonable and necessary cost to replace the facilities

while they are being fixed, including the financing of such cost. Plaintiff's damages

include the reasonable value of the time spent by the Plaintiff correcting or attempting to

correct the problems with the HVAC system and the damage to the buildings and their

contents and the conditions created by the HVAC system problems. Alternatively,

Plaintiff's damages include the difference in the value of the contract service as it was

received and the value it would have had, if it had been as represented.

10.            Because the Defendant Honeywell, Inc. is guilty of fraud, punitive damages equal

to the actual damages should be awarded against Honeywell, Inc. Plaintiff asks to recover

its actual damages caused by the Defendant Honeywell, Inc.'s breach of its contractual

obligations to the Plaintiff and elects to recover only punitive damages for the fraud

practiced upon it by the Defendant Honeywell, Inc. since Plaintiff cannot recover the

same actual damages both based on breach of contract and on fraud. Plaintiff does not ask

to recover its actual damages based upon the fraud cause of action.

4

11.    All conditions precedent to Plaintiff's right to recover against the Defendants has

occurred.

### PRAYER

12.    Plaintiff prays that after a trial by jury that Plaintiff have judgment against the

Defendant Honeywell, Inc. for all actual damages and loss suffered by the Plaintiff as a

result of the breach of contract by the Defendant Honeywell, Inc.. for punitive damages

against the Defendant Honeywell, Inc. for its fraud, for costs of court, for pre-judgment

interest, for reasonable attorneys' fees and for all the other relief to which Plaintiff may

show itself justly entitled. Plaintiff prays that after a trial by jury that Plaintiff recover a

judgment against the Defendant Coastal Engineering, Inc. for all actual damages and loss

suffered by the Plaintiff as a result of the negligence of the Defendant Coastal

Engineering, Inc.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted.

*Anthony Constant*
*by permission*
*per*

ANTHONY F. CONSTANT
ATTORNEY IN CHARGE
State Bar No. 04711000
FILEMON B. VELA, JR.
State Bar No. 20536025
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (361) 887-8010

RENE RAMIREZ
LAW OFFICE OF RENE RAMIREZ
State Bar No. 16475600
1906 Tesoro Blvd
Pharr, Texas 78577
Telephone: (956) 783-7880
Telecopier: (956) 783-7884

5

Ernesto Gamez. Jr.
Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 541-3820
Telecopier: (956) 541-7694

.

6

<u>CERTIFICATE OF SERVICE</u>

I, Anthony F. Constant, hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this 16ᵗʰ day of July, 2004 as indicated below:

**Via Facsimile:**
Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
Counsel For Coastal Engineering, Inc.

Raymond L. Thomas
Dale S. Kasofsky
KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC
4900-B North Tenth Street
McAllen, Texas 78504

Nancy A. Wiltgen
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Counsel For Honeywell

_____
Anthony Constant    *by permission pc*

Cause No. 2003-08-4221-A

FILED ____ ____ O'CLOCK ____

AURORA DE LA GARZA, DIST. CLERK

SEP 19 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS

Kay Lopez Jr ____ DEPUTY

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | OF CAMERON COUNTY, TEXAS |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COASTAL ENGINEERING, INC. and | § | |
| HONEYWELL, INC., | § | 107th JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

---

## DEFENDANT HONEYWELL, INC.'S
## ORIGINAL ANSWER SUBJECT TO MOTION TO ABATE

---

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to Defendant's Motion to Abate, Defendant HONEYWELL, INC., files this its

Original Answer to Plaintiff's Original Petition, and would state:

### I.

### General Denial

Defendant, HONEYWELL, INC., generally denies each and every allegation contained

in Plaintiff's Original Petition, and demands that Plaintiff be required to prove the same, if it can,

as required by law.

### II.

### Affirmative Defenses

1.    This matter is subject to an agreement to arbitrate and accordingly, this matter

must be dismissed.

2.    This matter should have been asserted as a compulsory counterclaim against Honeywell in Honeywell International, Inc. v. San Benito Consolidated Independent School District et al., Civil No. M-02-083, United States District Court, Southern District of Texas, McAllen Division.    All claims asserted or which could be asserted in the federal court action between San Benito Consolidated Independent School District and Honeywell arising out of the contract between the parties have been referred to arbitration.

3.    Plaintiff's claims in whole or in part are barred by the applicable statutes of limitation.

WHEREFORE, Defendant prays that upon final hearing, Plaintiff take nothing against this Defendant, and be granted such further relief to which it may be entitled.

Respectfully submitted,

Dated: September 19, 2003

Raymond L. Thomas
State Bar No. 19865350
Veronica Gonzales
State Bar No. 08122080
KITTLEMAN, THOMAS, RAMIREZ
      & GONZALES, PLLC
4900-B North Tenth Street
McAllen, TX 78504
956/686-8797
956/630-5199 (Facsimile)

Nancy A. Wiltgen (MN License #179048)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
612/335-1500
612/335-1657 (Facsimile)
ATTORNEYS FOR DEFENDANT
HONEYWELL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2003, a true and correct copy of the foregoing **DEFENDANT HONEYWELL, INC.'S ORIGINAL ANSWER SUBJECT TO MOTION TO ABATE** has been served on the following parties via certified mail, return receipt requested:

*Attorneys for Plaintiff:*

Anthony F. Constant                     Via CM/RRR 7001 0360 0003 5540 0347
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Pruett Moore, III                       Via CM/RRR 7001 0360 0003 5540 0354
PRUETT MOORE, III, ATTORNEY AT LAW
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez                            Via CM/RRR 7001 0360 0003 5540 0361
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

*Attorneys for Defendant*
*Coastal Engineering:*

Ricardo R. Reyna                        Via CM/RRR 7001 0360 0003 5540 0378
Steven D. Navarro
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Veronica Gonzales

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | OF CAMERON COUNTY, TEXAS |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COASTAL ENGINEERING, INC. and | § | |
| HONEYWELL, INC., | § | 107th JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA, CLERK
FEB 2 5 2004
DISTRICT COURT CAMERON COUNTY, TEXAS
DEPUTY

## DEFENDANT HONEYWELL, INC.'S
## FIRST AMENDED ORIGINAL ANSWER TO
## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

HONEYWELL, INC. files this its First Amended Original Answer to Plaintiff's First Amended Original Petition, subject to its plea to the jurisdiction and its right to compel arbitration, and would state:

### I.

### GENERAL DENIAL

1. In response to the allegations in paragraph 1 of the First Amended Original Petition, Honeywell states that this Court has not entered a Level 3 Discovery Control Plan. Defendant Honeywell agrees with Plaintiff that a Level 3 Discovery Plan is appropriate for this case and requests entry of a Level 3 Discovery Control Plan.

2. Except as admitted or otherwise qualified herein, Honeywell generally denies each and every allegation contained in Plaintiff's First Amended Original Petition, and demands that Plaintiff be required to prove the same, if it can, as required by law.

## II.

## AFFIRMATIVE DEFENSES

3.  This matter is subject to one or more agreements to arbitrate and accordingly, this matter must be dismissed.

4.  The claims asserted in this matter against Honeywell have been and/or should have been asserted as compulsory counterclaims in Honeywell International, Inc. v. San Benito Consolidated Independent School District et al., Civil No. M-02-083, United States District Court, Southern District of Texas, McAllen Division. Plaintiff is therefore barred from raising these claims in this forum.

5.  Plaintiff's claims in whole or in part are barred by the applicable statutes of limitation.

6.  Plaintiff's claims in whole or in part are barred by estoppel.

7.  Plaintiff's claims in whole or in part are barred by laches.

8.  In the alternative, Plaintiff's damages claimed herein, if any, are caused in whole or in part by Plaintiff's own negligence and/or conduct; therefore, Defendant hereby asserts the defense of contributory negligence.

9.  In the alternative, Plaintiff's damages claimed herein, if any, are caused in whole or in part by the negligence and/or conduct of third-parties whom Defendant did not control, nor had a right to control.

10. In the alternative, Plaintiff's damages claimed herein, if any, are caused in whole or in part by conditions, persons and/or circumstances which Defendant did not control, nor had a right to control.

11. In the event that Plaintiff proves liability and damages, Defendant hereby invokes its right to indemnification and/or contribution from responsible third-parties.

12. In the alternative, Plaintiff's damages claimed herein, if any, are caused in whole or in part by unavoidable accident.

2450002v1
Honeywell's First Amended Original Answer – p. 2

13. In the alternative, Plaintiff has failed to mitigate its damages, if any.

WHEREFORE, Defendant prays that upon final hearing, Plaintiff take nothing against this Defendant, that Defendant Honeywell be awarded court costs and attorney's fees, and that Defendant Honeywell be granted such further and other relief to which it may be justly entitled.

Respectfully submitted,

Dated: February 23, 2004

**Raymond L. Thomas**
State Bar No. 19865350
**Veronica Gonzales**
State Bar No. 08122080
**Andres H. Gonzalez, Jr.**
State Bar No. 24002156
*KITTLEMAN, THOMAS, RAMIREZ*
*& GONZALES, PLLC*
4900-B North Tenth Street
McAllen, TX 78504
956/686-8797
956/630-5199 (Facsimile)

**Nancy A. Wiltgen**
MN License #179048
*LEONARD, STREET AND DEINARD*
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
612/335-1500
612/335-1657 (Facsimile)

**ATTORNEYS FOR DEFENDANT
HONEYWELL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2004, a true and correct copy of the foregoing **DEFENDANT HONEYWELL, INC.'S AMENDED ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION** has been served on the following parties as indicated below:

*Attorneys for Plaintiff:*

Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Pruett Moore, III
PRUETT MOORE, III, ATTORNEY AT LAW
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520

*Attorneys for Defendant*
*Coastal Engineering:*

Ricardo R. Reyna
Steven D. Navarro
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Andres H. Gonzalez, Jr.

FILED __10.09__ O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK

JUL 23 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | ) ) ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | OF CAMERON COUNTY, TEXAS |
| | ) | |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | 107TH JUDICIAL DISTRICT |

## DEFENDANT HONEYWELL INTERNATIONAL INC.'S SECOND AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Honeywell International Inc. f/k/a Honeywell, Inc. ("Honeywell") files this Second Amended Original Answer, subject to its plea to the jurisdiction and its right to compel arbitration, and would state:

## I.    GENERAL DENIAL

1. Except as admitted or otherwise qualified herein, Honeywell generally denies each and every allegation contained in Plaintiff's Fourth Amended Original Petition, and demands that Plaintiff be required to prove the same, if it can, as required by law.

## II.    AFFIRMATIVE DEFENSES AND OTHER SPECIAL PLEAS

2. This matter is subject to one or more agreements to arbitrate and accordingly, this matter must be dismissed.

3.    The claims asserted in this matter against Honeywell have been and/or should have been asserted as compulsory counterclaims in <u>Honeywell International Inc. v. San Benito Consolidated Independent School District et al.</u>, Civil No. M-02-083, United States District Court, Southern District of Texas, McAllen Division.  Plaintiff is therefore barred from raising these claims in this forum.

4.    The claims asserted in this matter against Honeywell have been and/or should have been asserted as compulsory counterclaims in the arbitration <u>Honeywell, Inc. v. San Benito Consolidated Independent School District</u>, Arbitration No. 65 Y 110 00144 03, American Arbitration Association, Minneapolis, Minnesota.  Plaintiff is therefore barred from raising these claims in this forum.

5.    Plaintiff's claims in whole or in part are barred by the applicable statute of limitations.

6.    Plaintiff's claims in whole or in part are barred by estoppel.

7.    Plaintiff's claims in whole or in part are barred laches.

8.    Plaintiff failed to mitigate its alleged damages.

9.    Plaintiff breached the contract prior to any alleged breach by Honeywell.  Honeywell was therefore excused from any non-performance alleged by Plaintiff.

10.    Honeywell substantially performed the contract.

11.    All conditions precedent to Plaintiff's cause of action have not occurred.

12.    Plaintiff committed fraud in the execution and performance of the contract.

13.    The Force Majeure provisions in the contract bar Plaintiff's recovery.

14.    Honeywell's performance was in accordance with the parties' course of dealing.

15.    The Statute of Frauds bars Plaintiff's recovery.

16.    Plaintiff's non-payment of contract fees precludes Plaintiff from recovering the relief sought.

17.    Plaintiff's failure to provide notice that Honeywell purportedly breached the contract, as expressly required by the contract provisions, bars recovery in this case.

18.    The liability limitation clauses in the contracts preclude the recovery of all or part of the damages sought by Plaintiff.

19.    Plaintiff's spoliation of evidence forecloses Plaintiff from recovering in this case.

20.    Honeywell pleads all applicable provisions of Tex. Civ. Prac. & Rem. Code, Chapter 41 and Article 16, Section 26 of the Texas Constitution.

21.    Honeywell herewith affirmatively pleads the unconstitutionality of punitive, exemplary or enhanced damages and/or any judgment for same as unenforceable due to the following:

a.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiff should therefore be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiff to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the State of Texas;

b.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provisions of the Constitutions of the United States of America and the State of Texas;

c. On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the basis of such damages can not clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the State of Texas;

d. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same Constitution; and

e. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Honeywell in violation of the Fourteenth Amendment due process clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

WHEREFORE, Honeywell prays that its Plea to the Jurisdiction be granted, that this matter be dismissed, and that Plaintiff take nothing on its claims against Honeywell. Honeywell also prays that court costs be assessed against the Plaintiff.

- 4 -

Dated: July [23rd], 2004

Respectfully Submitted,

**Raymond L. Thomas**
State Bar No. 19865350
**Veronica Gonzales**
State Bar No.08122080
**Andres H. Gonzales, Jr.**
State Bar No. 24002156

**KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC**
4900-B North Tenth Street
McAllen, TX 78504
956/686-8797
956/630-5199 (Facsimile)

**Nancy A. Wiltgen**
(MN License #179048)
**LEONARD, STREET AND DEINARD**
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
612/335-1500
612/335-1657 (Facsimile)

**Donald R. Harris**
(IL License # 01134566)
**Terri L. Mascherin**
(IL License # 06187735)
**Sarah R. Marmor**
(IL License # 6216487)
**R. Clay Stiffler**
(IL License # 6270676)
**JENNER & BLOCK LLP**
1IBM Plaza
Chicago, IL 60611
312/222-9350
312/527-0484 (Facsimile)

**ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of July, 2004, the above and foregoing document was served on the following counsel pursuant to the Texas Rules of Civil Procedure:

***Attorneys for Plaintiff:***
Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520

***Attorneys for Defendant***
***Coastal Engineering:***
Ricardo R. Reyna
Tom A. Mailloux, III
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Raymond L. Thomas





CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| COASTAL ENGINEERING, INC. and | § | |
| HONEYWELL, INC. | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

FILED 10:00 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
SEP 15 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Elvira S. Ortiz
DEPUTY

## DEFENDANT COASTAL ENGINEERING, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **COASTAL ENGINEERING, INC.**, Defendant in the above-entitled and numbered cause, and files this its ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant **COASTAL ENGINEERING, INC.** enters a general denial and demands that Plaintiff prove its allegations by a preponderance of the evidence.

### PRAYER

WHEREFORE, Defendant **COASTAL ENGINEERING, INC.** prays that Plaintiff recover nothing from it by way of this suit; that Defendant **COASTAL ENGINEERING, INC.** recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

ORIGINAL ANSWER

Respectfully submitted,

BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
(210) 979-0100
(210) 979-7810 (FAX)

BY: _____
RICARDO R. REYNA
State Bar No. 16794845

ATTORNEYS FOR DEFENDANT
**COASTAL ENGINEERING, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been mailed by U.S. Certified Mail, Return Receipt Requested, on this 11th day of September, 2003, to:

Anthony F. Constant                    CMRRR No. 70031010000510963154
Filemon B. Vela, Jr.
Constant & Vela
1570 Frost Bank Plaza
Corpus Christi, Texas 78470

Pruett Moore, III                      CMRRR No. 70031010000510963161
Attorney at Law
1570 Frost Bank Plaza
Corpus Christi, Texas 78470

Rene Ramirez                           CMRRR No. 70031010000510963178
Law Office of Rene Ramirez
1906 Tesoro Blvd.
Pharr, Texas 78577

_____
RICARDO R. REYNA

# FAX TRANSMITTAL
# COVER SHEET

**Date:**       May 19, 2004

**From:**       RICARDO R. REYNA / THOMAS A MAILLOUX II

**To:**         Raymond L. Thomas/Veronica Gonzales        (956)630-5199
                Nancy A. Wiltgen                           (612) 335-1657

**File No.**    2640-153/San Benito CISD

## SPECIAL INSTRUCTIONS:

Number of Pages __4__          If all pages are not received,
including this cover sheet     Please call (210) 979-0100 ext 340/Brenda

This facsimile message is a privileged and confidential attorney-client communication and is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone and mail the communication to us at our letterhead address. Thank you.

## LAW OFFICES OF
# BROCK & PERSON
### A PROFESSIONAL CORPORATION
### 1506 BEXAR CROSSING
### SAN ANTONIO, TEXAS 78232-1587
TELEPHONE (210) 979-0100
FACSIMILE  (210) 979-7810

CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | 107TH JUDICIAL DISTRICT |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC. | § § § | |
| Defendants. | § § | CAMERON COUNTY, TEXAS |

### DEFENDANT COASTAL ENGINEERING, INC.'S ORIGNAL ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **COASTAL ENGINEERING, INC.**, Defendant in the above-entitled and numbered cause, and files this its ORIGINAL ANSWER replying to PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION and for same says:

### I. GENERAL DENIAL

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant **COASTAL ENGINEERING, INC.** enters a general denial and demands that Plaintiff prove its allegations by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

2.1    Pleading further, Defendant would show that the events in question were caused by the acts, omissions, and/or products of third parties over whom Defendant had and has no control, and were not the fault of Defendant.

2.2    Additionally, and in the alternative, Defendant would show that the events in question were caused by a new, independent and intervening cause, not related to the conduct or products of Defendant.

2.3   Pleading further, and in the alternative, Defendant would show that the losses and damages of which Plaintiff complains were due to and caused by a failure on the part of Plaintiff to exercise that degree of care of an ordinary prudent owner and operator of its facility, under the same or similar circumstances, which failure proximately caused or contributed to cause any losses or damages sustained.

2.4   Pleading further, Defendant would show that Plaintiff failed to properly mitigate its alleged damages.

2.5   Defendant would further show that Plaintiff's claims are barred by the Economic Loss Rule.

2.6   Pleading further, Defendant would show that Plaintiff's claims are barred by limitations.

2.7   Furthermore, Plaintiff's claims are barred by laches.

2.8   Pleading further, Defendant would show that Plaintiff is estopped to bring the claims which have been asserted against Defendant, and has waived its rights, if any, to do so.

2.9   Pleading further and without waiving the foregoing, Defendant asserts that it is entitled to a credit for any settlement pursuant to Chapter 33 of the Tex. Civ. Prac. & Rem. Code.

2.10  Defendant herewith affirmatively asserts its rights pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code and hereby reserves the following:

(1)   the right to elect the application of credit towards any judgement which may be obtained in this case;

(2)   the right to a determination by the trier of fact on the issue of the percentage of responsibility of each claimant, each defendant, each contributing defendant and each settling person;

(3)   the right to full reduction or limitation of any sums which may be recovered by any claimants; and

(4)   the right to contribution from any other person or entity found to be liable by claimants.

Defendant reserves the statutory right to contribution or credit with respect to the other parties in this case as set forth in Chapter 33 of the Texas Civil Practice and Remedies Code. Defendant further specifically reserves the right to submit issues to reserve the right to elect a dollar for dollar credit for any settlement monies or other valuable consideration paid or agreed upon for the benefit of the Plaintiffs, or alternatively, reserves the statutory right to avail itself of such percentage or dollar credit as provided by statute and common law.

### III.  Cross-Action

3.1    Pleading further, and by way of cross-action, Defendant hereby asserts that it is entitled to contribution or indemnity from Defendant, Honeywell in this action to the extent that it is legally responsible for the damages alleged by Plaintiff.

### IV.  Right to Amend

4.1    Defendant respectfully reserves the right at this time to amend this Answer to the Plaintiff's allegations after said Defendant has had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

### PRAYER

WHEREFORE, Defendant **COASTAL ENGINEERING, INC.** prays that Plaintiff recover nothing from it by way of this suit; that Defendant **COASTAL ENGINEERING, INC.** recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
(210) 979-0100
(210) 979-7810 (FAX)

BY: _____

RICARDO R. REYNA
State Bar No. 16794845
THOMAS A. MAILLOUX II
State Bar No. 24033645

ATTORNEYS FOR DEFENDANT
COASTAL ENGINEERING, INC.

03024 RRR TAM: 2640-153-02 FIRST AMENDED ANSWER

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served on this 2 day of March, 2003, to:

Anthony F. Constant
Filemon B. Vela, Jr.
Constant & Vela
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
          AND
Pruett Moore, III
Attorney at Law
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
          AND
Rene Ramirez
Law Office of Rene Ramirez
1906 Tesoro Blvd.
Pharr, Texas 78577
          AND
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520-7118
*Attorneys for Plaintiff*

Raymond L. Thomas/Veronica Gonzales
Kittleman, Thomas, Ramirez
 & Gonzales, PLLC
4900-B North Tenth Street
McAllen, Texas 78504
          AND
Nancy A. Wiltgen
Leonard, Street & Deinard, P.C.
150 South Fifth Street, #2300
Minneapolis, MN 55402
*Attorneys for Defendant Honeywell, Inc.*

RICARDO R. REYNA
THOMAS A. MAILLOUX II

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


**EXHIBIT "3"**

**All orders signed by the state judge**



CAUSE NO.2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | OF CAMERON COUNTY, TEXAS ~~RCTIVGIAGIN~~ |
| | § | |
| COASTAL ENGINEERING, INC.; | § | |
| and HONEYWELL, INC. | § | |
| Defendants | § | 107TH  JUDICIAL DISTRICT |

## ORDER SETTING HEARING

PLEASE TAKE NOTICE that Plaintiff's Motion for Trial Setting is hereby set for hearing on the 5_th_ day of _November_, 2003 at _8:30_ a.m.

SIGNED AND ENTERED on _16th_ day of _October_, 2003

_____
JUDGE PRESIDING

OCT 1 7 2003

cc:    Ricardo R. Reyna
       Raymond L.  Thomas
       Nancy A. Wiltgen
       Frederick W. Morris

       ANTHONY  F  CONSTANT

FILED _2:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST CLERK

OCT 1 7 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

# By Telephonic Conference

1638 16

RECEIVED
NOV 1 9 2003
RETVG IAG IF

CAUSE NO. C-2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT OF |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COASTAL ENGINEERING, INC. | § | |
| and HONEYWELL, INC. | § | 107TH JUDICIAL DISTRICT |

## ORDER SETTING HEARING

IT IS ORDERED that a hearing on **DEFENDANT HONEYWELL, INC.'S MOTION FOR PROTECTION** is hereby set for the _12th_ day of _Dec_, 2003 at _8:30_ o'clock _a_ .m. in the courtroom of the 107th Judicial District Court of Cameron County, Texas.

SIGNED FOR ENTRY on this _14th_ day of _November_, 2003.

_____
JUDGE PRESIDING

NOV 17 2003

cc:  Raymond L. Thomas
     Veronica Gonzales
     **Kittleman, Thomas, Ramirez & Gonzales, PLLC**
     P.O. Box 1416
     4900-B North 10th Street
     McAllen, Texas 78504

     Anthony F. Constant
     **Constant & Vela**
     1570 Frost Bank Plaza
     802 North Carancahua
     Corpus Christi, Texas 78470

     Victor Quintanilla
     **Law Offices of Ernesto Gamez, Jr., P.C.**
     777 E. Harrison Street
     Brownsville, Texas 78520-7118

FILED 3:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
NOV 14 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587

Nancy A. Wiltgen
**Leonard, Street and Deinard**
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402

**CAUSE NO. 2003-08-4221-A**

CERTIFIED COPY

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | & | IN THE DISTRICT COURT OF |
| INDEPENDENT SCHOOL DISTRICT | & | |
| | & | |
| | & | |
| VS. | & | CAMERON COUNTY, TEXAS |
| | & | |
| COASTAL ENGINEERING, INC. | & | |
| AND HONEYWELL, INC. | & | 107TH JUDICIAL DISTRICT |

# ORDER SETTING TRIAL DATE AND MEDIATION DATE

**PLEASE TAKE NOTICE** that the above-styled and numbered cause is set for **Announcements** on the **7th** day of **May, 2004** and **Trial** on the **10th** day of **May, 2004** at **8:30 a.m.** in the **107th Judicial District Court**, Cameron County Courthouse, Third Floor, 974 E. Harrison Street, Brownsville, Texas, 78520.

**IT IS FURTHER ORDERED** that the deadline to mediate the above-styled and numbered cause of action is on or before **April 1, 2004**.

SIGNED this _4dn_ day of _December_, 2003.

FILED 11:00 O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK

DEC - 4 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

_Migdalia Lopez_
JUDGE PRESIDING

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
_____
DEPUTY

CERTIFIED COPY

DEC - 5 2003

xc:    Hon. Ernesto Gamez, Jr.
       **Law Offices of**
       **Ernesto Gamez, Jr., P.C.**
       777 E. Harrison Street
       Brownsville, Texas  78520

       Hon. Anthony F. Constant
       **Constant & Vela**
       1570 Frost Bank Plaza
       Corpus Christi, Texas  78470

       Hon. Raymond Thomas
       **Kittleman, Thomas, Ramirez**
       **& Gonzalez, P.L.L.C.**
       4900-B N. 10th Street
       McAllen, Texas  78504

       Hon. Nancy Wiltgen
       **Leonard, Stred & Deinard**
       150 S. 5th Street, Suite 2300
       Minneapolis, MN  55402

       Hon. Ricardo Reyna
       **BROCK & PERSON, P.C.**
       1506 Bexar Crossing
       San Antonio, Texas  78232

Cause No. 2003-08-4221-A

RECEIVED
MAR - 4 2004
RLT/VG/AG/F

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| Plaintiff, | § § | |
| vs. | § § | |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § § | 107th JUDICIAL DISTRICT |
| Defendants. | § § | |

---

### ORDER SETTING HEARING

---

IT IS ORDERED that a hearing on DEFENDANT HONEYWELL, INC.'S MOTION

FOR TRIAL CONTINUANCE . hereby set for

the _12th_ day of _March_ , 2004 at _8:30_ o'clock _a_.m. in the courtroom of the

107th Judicial District Court of Cameron County, Texas.

SIGNED FOR ENTRY on this _1st_ day of _March_ , 2004.

_____
JUDGE PRESIDING

MAR - 2 2004

cc:    Raymond L. Thomas
Andres H. Gonzalez, Jr.
Kittleman, Thomas, Ramirez & Gonzales, PLLC
PO Box 1416
4900-B North 10th Street
McAllen, Texas 78504

Anthony F. Constant
Constant & Vela
1570 Frost Bank Plaza
Corpus Christi, Texas 78470

Victor Quintanilla
Law Offices Of Ernesto Gamez, Jr.
777 East Harrison Street
Brownsville, Texas 78520

FILED 3:00 O'CLOCK ___M
AURORA DE LA GARZA DIST. CLERK
MAR - 1 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

*Note: Mandatory Mediation deadline April 1, 2004

Ricardo R. Reyna
Brock & Person, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587

Nancy A. Wiltgen
Leonard, Street and Deinard, PA
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402

RECEIVED
MAR - 4 2004
RLT\G(AG\F

## CAUSE NO. C-2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT OF |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COASTAL ENGINEERING, INC. | § | |
| and HONEYWELL, INC. | § | 107th JUDICIAL DISTRICT |

### ORDER SETTING HEARING

IT IS ORDERED that the hearing on the foregoing **DEFENDANT HONEYWELL,**

**INC.'S SPECIAL EXCEPTIONS SUBJECT TO MOTION TO ABATE,** is hereby scheduled

for ___8:30___ o'clock _a_.m. on the ___12st___ day of ___March___, 2004

in the 107th Judicial District Court, Cameron County, Texas.

Signed this the ___1st___ day of ___March___, 2004.

_____
JUDGE PRESIDING

FILED 3:00 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK
MAR - 1 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Carolina Ozana DEPUTY

MAR - 2 2004

cc:

Raymond L. Thomas
Veronica Gonzales
Andres H. Gonzalez, Jr.
Kittleman, Thomas, Ramirez & Gonzales, PLLC
4900-B North 10th Street
McAllen, Texas

Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470

Pruett Moore, III
Pruett Moore, Iii, Attorney At Law
1570 Frost Bank Plaza
Corpus Christi, Texas 78470

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577

Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587

Nancy A. Wiltgen
LEONARD, STREET AND DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

VICTOR QUINTANILLA

2451672v1

5



Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, <br> Plaintiff, | § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| vs. | § <br> § <br> § | |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., <br> Defendants. | § <br> § <br> § <br> § | |
| HONEYWELL INTERNATIONAL INC., <br> Third Party Plaintiff, | § <br> § <br> § <br> § | |
| vs. | § <br> § | OF CAMERON COUNTY, TEXAS |
| ATG (ADVANCED TECHNOLOGY GROUP); BMW ENGINEERING; COASTAL ENGINEERING; COTERA, KOLAR & NEGRETE; D&F INDUSTRIES; DIAMOND INDUSTRIES; MATA VILLARREAL DESIGN GROUP; RIO MECHANICAL; SCOGGINS CONSTRUCTION; SWEEZY CONSTRUCTION; TREMCO, INC.; VALLEY BUILDERS; J & B INDUSTRIES, and AMERICAN CONTRACTING USA, INC., <br> Third Party Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 107th JUDICIAL DISTRICT |

## ORDER SETTING HEARING DATE

IT IS ORDERED that a hearing on **DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY PETITION** is hereby set for the _12th_ of _March_, 2004 at _8:30_ o'clock

_a_.m. in the courtroom of the 107TH Judicial District Court of Cameron County, Texas.

SIGNED FOR ENTRY on this _12th_ day of _March_, 2004.

_____
**JUDGE PRESIDING**

MAR - 2 2004



FILED _____ O'CLOCK ___ M <br> AURORA DE LA GARZA DIST. CLERK <br> MAR - 1 2004 <br> 107TH DISTRICT OF CAMERON COUNTY, TEXAS <br> Carolina Ostos    DEPUTY

5

**FILE COPY**

## CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | * * * | IN THE DISTRICT COURT OF |
| VS. | * * | CAMERON COUNTY, TEXAS |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC. | * * * | 107TH JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR CONTINUANCE OF HEARING ON DEFENDANT HONEYWELL, INC.'S SPECIAL EXCEPTIONS SUBJECT TO MOTION TO ABATE AND MOTION FOR LEAVE TO FILE THIRD-PARTY PETITION

On this _____ day of March, 2004, came on to be considered **Plaintiff's Motion For Continuance of Hearing on Defendant Honeywell, Inc.'s Special Exceptions Subject to Motion to Abate and Motion for Leave to File Third-Party Petition** filed in the above-styled and numbered cause, and the Court is of the opinion that said Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that the aforementioned **Plaintiff's Motion For Continuance** is **GRANTED** and;

**IT IS FURTHER ORDERED** that **Defendant Honeywell, Inc.'s Special Exceptions Subject to Motion to Abate and Motion for Leave to File Third-Party Petition** is reset to the _1st_ day of _April_, 2004 at _8:30_ a.m. in the 107th Judicial District Court, Cameron County Courthouse, 974 East Harrison Street, Brownsville, Texas, 78520.

RECEIVED
MAR 24 2004
107th
DISTRICT COURT

/s/ _BEN/led_
_____
**JUDGE PRESIDING**

xc:    Hon. Ernesto Gamez, Jr.                    **Via Facsimile: (956) 541-7694**
       **LAW OFFICES OF**
       **ERNESTO GAMEZ, JR., P.C.**
       777 East Harrison Street
       Brownsville, Texas 78520

       Anthony F. Constant                        **Via Facsimile: (361) 887-8010**
       **CONSTANT & VELA**
       1570 Frost Bank Plaza
       Corpus Christi, Texas 78470

       Pruett Moore, III                          **Via Facsimile: (361) 887-8010**
       **Pruett Moore, III Attorney at Law**
       1570 Frost Bank Plaza
       Corpus Christi, Texas 78470

       Rene Ramirez                               **Via Facsimile: (956) 783-7884**
       **Law Office of Rene Ramirez**
       19066 Tesoro Blvd.
       Pharr, Texas 78577

       Raymond L. Thomas                          **Via Facsimile: (956) 630-5199**
       Andres H. Gonzalez, Jr.
       **Kittleman, Thomas, Ramirez**
       **& Gonzalez, P.L.L.C.**
       4900-B North Tenth Street
       McAllen, Texas 78504

       Nancy A. Wiltgen                           **Via Facsimile: (612) 335-1657**
       **Leonard, Street and Deinard**
       Professional Association
       150 South Fifth Street, Suite 2300
       Minneapolis, MN 55102

       Ricardo R. Reyna                           **Via Facsimile: (210) 979-7810**
       Steven D. Navarro
       **Brock & Person, P.C.**
       1506 Bexar Croxing
       San Antonio, Texas 78232-1587

## CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | * * * | IN THE DISTRICT COURT OF |
| VS. | * * | CAMERON COUNTY, TEXAS |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC. | * * | 107TH JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR CONTINUANCE OF HEARING ON DEFENDANT HONEYWELL, INC.'S SPECIAL EXCEPTIONS SUBJECT TO MOTION TO ABATE AND MOTION FOR LEAVE TO FILE THIRD-PARTY PETITION

On this 24 day of March, 2004, came on to be considered **Plaintiff's Motion For Continuance of Hearing on Defendant Honeywell, Inc.'s Special Exceptions Subject to Motion to Abate and Motion for Leave to File Third-Party Petition** filed in the above-styled and numbered cause, and the Court is of the opinion that said Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that the aforementioned **Plaintiff's Motion For Continuance** is **GRANTED** and;

**IT IS FURTHER ORDERED** that **Defendant Honeywell, Inc.'s Special Exceptions Subject to Motion to Abate and Motion for Leave to File Third-Party Petition** is reset to the 1st day of April , 2004 at 8:30 a.m. in the 107th Judicial District Court, Cameron County Courthouse, 974 East Harrison Street, Brownsville, Texas, 78520.

11:57 A

MAR 2 4 2004

Carolina Coro

**JUDGE PRESIDING**

Hon. Ernesto Gamez, Jr.                    **Via Facsimile: (956) 541-7694**
**LAW OFFICES OF**
**ERNESTO GAMEZ, JR., P.C.**
777 East Harrison Street
Brownsville, Texas 78520

Anthony F. Constant                        **Via Facsimile: (361) 887-8010**
**CONSTANT & VELA**
1570 Frost Bank Plaza
Corpus Christi, Texas 78470

Pruett Moore, III                          **Via Facsimile: (361) 887-8010**
**Pruett Moore, III Attorney at Law**
1570 Frost Bank Plaza
Corpus Christi, Texas 78470

Rene Ramirez                               **Via Facsimile: (956) 783-7884**
**Law Office of Rene Ramirez**
19066 Tesoro Blvd.
Pharr, Texas 78577

Raymond L. Thomas                          **Via Facsimile: (956) 630-5199**
Andres H. Gonzalez, Jr.
**Kittleman, Thomas, Ramirez**
**& Gonzalez, P.L.L.C.**
4900-B North Tenth Street
McAllen, Texas 78504

Nancy A. Wiltgen                           **Via Facsimile: (612) 335-1657**
**Leonard, Street and Deinard**
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55102

Ricardo R. Reyna                           **Via Facsimile: (210) 979-7810**
Steven D. Navarro
**Brock & Person, P.C.**
1506 Bexar Croxing
San Antonio, Texas 78232-1587



# 107ᵀᴴ JUDICIAL DISTRICT COURT

## CAMERON COUNTY COURTHOUSE

### 974 E. HARRISON ST., 3ᴿᴰ FLOOR - BROWNSVILLE , TX. 78520

### (956)544-0845 FAX: (956)544-0841

FACSIMILE TRANSMITTAL

| **To:** | ALL COUNSEL OF RECORD AS SHOWN ON PAGE 2 | **Fax:** | AS SHOWN ON PAGE 2 |
|---|---|---|---|
| **From:** | ELVA OLIVO COURT COORDINATOR | **Date:** | MARCH 24, 2004 |
| **Re:** | CASE NO: 03-08-4221-A SAN BENITO C.I.S.D. VS. COASTAL ENGINEERING INC AND HONEYWELL, INC. | **Pages:** | THREE (3) |

ORDER RESETTING HEARINGS ON HONEYWELL'S SPCIAL EXCEPTIONS SUBJECT TO MOTION TO ABATE AND HONEYWELL'S MOTION FOR LEAVE TO FILE THIRD PARTY PETITION.

☐Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Telephone: (956) 544-0845                    FAX: (956) 544-0803

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | OF CAMERON COUNTY, TEXAS |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § § § | |
| Defendants. | § | 107ᵗʰ JUDICIAL DISTRICT |

## NOTICE OF ORAL HEARING

Now comes HONEYWELL, INC., Defendant in the above-entitled and numbered cause, and hereby request a hearing on Defendant Honeywell's Motion to Compel Answers to Interrogatories, subject to its Right to Compel Arbitration and Motion to Abate. It is therefore, ORDERED, that a hearing on said Motion be and is hereby set on the 15ᵗʰ day of April, 2004, at 8:30 o'clock, a.m. in the 107th District Court of Cameron County, Texas.

SIGNED FOR ENTRY, this ___ day of April, 2004.

_Migdalia Lopez_
JUDGE PRESIDING

SIGNED FOR ENTRY this 3:18 PM

AURORA DE LA GARZA DIST. CLERK
APR - 5 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

cc:

Anthony F. Constant, CONSTANT & VELA, 1570 Frost Bank Plaza, Corpus Christi, Texas 78470, 361/698-8000, 361/887-8010 (Facsimile)

Raymond L. Thomas, *KITTLEMAN, THOMAS, RAMIREZ & GONZALES, PLLC,* 4900-B North Tenth Street, McAllen, TX 78504, 956/686-8797, 956/630-5199 (Facsimile)

Pruett Moore, III, PRUETT MOORE, III, ATTORNEY AT LAW, 1570 Frost Bank Plaza, Corpus Christi, Texas 78470 361/698-8000, 361/887-8010 (Facsimile)

Rene Ramirez, LAW OFFICE OF RENE RAMIREZ, 1906 Tesoro Blvd., Pharr, Texas 78577, 956/783-7880, 956/783-7884 (Facsimile)

Ernesto Gamez, Jr., LAW OFFICES OF ERNESTO GAMEZ, JR., 777 East Harrison St., Brownsville, Texas 78520 956/546-3820, 956/541-7694 (Facsimile)

Ricardo R. Reyna, BROCK & PERSON, P.C., 1506 Bexar Crossing, San Antonio, Texas 78232-1587, 210/979-0100 210/979-7810 (Facsimile)

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | OF CAMERON COUNTY, TEXAS |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § § | |
| Defendants. | § § | 107th JUDICIAL DISTRICT |

---

## NOTICE OF ORAL HEARING

---

Now comes HONEYWELL, INC., Defendant in the above-entitled and numbered cause, and hereby request a hearing on Defendant Honeywell's Motion to Compel Responses to Requests for Production, subject to its Right to Compel Arbitration and Motion to Abate. It is therefore, **ORDERED**, that a hearing on said Motion be and is hereby set on the _15th_ day of _April_, 2004, at _8:30_ o'clock, _a_.m. in the 107th District Court of Cameron County, Texas.

SIGNED FOR ENTRY this _5th_ day of _April_, 2004.

3:18

_Migdalia Lopez_
**JUDGE PRESIDING**

APR - 5 2004
AURORA DE LA GARZA DIST. CLERK
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

cc:

Anthony F. Constant, _____, _____ Frost Bank Plaza, Corpus Christi, Texas 78470, 361/698-8000, 361/887-8010 (Facsimile)

Raymond L. Thomas, *KITTLEMAN, THOMAS, RAMIREZ & GONZALES, PLLC*, 4900-B North Tenth Street, McAllen, TX 78504, 956/686-8797, 956/630-5199 (Facsimile)

Pruett Moore, III, PRUETT MOORE, III, ATTORNEY AT LAW, 1570 Frost Bank Plaza, Corpus Christi, Texas 78470 361/698-8000, 361/887-8010 (Facsimile)

Rene Ramirez, LAW OFFICE OF RENE RAMIREZ, 1906 Tesoro Blvd., Pharr, Texas 78577, 956/783-7880, 956/783-7884 (Facsimile)

Ernesto Gamez, Jr., LAW OFFICES OF ERNESTO GAMEZ, JR., 777 East Harrison St., Brownsville, Texas 78520 956/546-3820, 956/541-7694 (Facsimile)

Ricardo R. Reyna, BROCK & PERSON, P.C., 1506 Bexar Crossing, San Antonio, Texas 78232-1587, 210/979-0100 210/979-7810 (Facsimile)

---

SBCISD V. HONEYWELL, INC., ET AL.
*Honeywell's Motion to Compel Responses to RFP*                    *Page 7 of 7*

05/07/2004 10:45 CVF 00137 8 Document 1 FILED IN TXSD on 07/23/2004 Page 90 of 247 002/003
APR-28-2004 WED 09:00 AM FAX NO. 812 P. 02

4/27/2004 13:24 FAX 361 887 8010 CONSTANT & VELA



CAUSE NO. 2003-08-4221-A

| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| COASTAL ENGINEERING, | § | |
| INC.; and HONEYWELL, INC. | § | |
| Defendants | § | 107TH JUDICIAL DISTRICT |

## ORDER GRANTING
## JOINT MOTION FOR CONTINUANCE

The parties' Joint Motion for Continuance is GRANTED.

This cause is hereby continued from its current trial setting of May 10, 2004.

It is ORDERED that this cause is now set for ANNOUNCEMENTS on the 27th day of August 2004 and TRIAL to commence on the 30th day of August 2004, both to begin at 8:30 a.m. in the 107th Judicial District Court, Cameron County Courthouse, Third Floor, 974 E. Harrison Street, Brownsville, Texas 78520 with mandatory mediation before August 6, 2004. The parties shall submit a level 3 discovery control plan.

SIGNED AND ENTERED on __11th__ day of ~~April~~ MAY, 2004

JUDGE PRESIDING

FILED __11:00__ O'CLOCK __a__ M
AURORA DE LA GARZA DIST. CLERK
MAY 11 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Gloria _____ DEPUTY

Approved as to Form:

Anthony Constant
Attorney for Plaintiff

Raymond L. Thomas
Andres H. Gonzalez, Jr.
Attorney for Honeywell, Inc.

Ricardo R. Reyna
Steven D. Navarro
Attorney for Coastal Engineering, Inc.

5/11/04 copies to:

HON. ANTHONY F. CONSTANT
HON. RAYMOND L. THOMAS
HON. RICARDO R. REYNA
HON. VICTOR QUINTANILLA

CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| COASTAL ENGINEERING, | § | |
| INC.; and HONEYWELL, INC. | § | |
| Defendants | § | 107TH JUDICIAL DISTRICT |

## ORDER GRANTING
## JOINT MOTION FOR CONTINUANCE

The parties' Joint Motion for Continuance is GRANTED.

This cause is hereby continued from its current trial setting of May 10, 2004.

It is ORDERED that this cause is now set for ANNOUNCEMENTS on the 27th day of August 2004 and TRIAL to commence on the 30th day of August 2004, both to begin at 8:30 a.m. in the 107th Judicial District Court, Cameron County Courthouse, Third Floor, 974 E. Harrison Street, Brownsville, Texas 78520 with mandatory mediation before August 6, 2004. The parties shall submit a level 3 discovery control plan.

SIGNED AND ENTERED on _____ day of April, 2004

_____
JUDGE PRESIDING

Approved as to Form:

_____
Anthony Constant
Attorney for Plaintiff

_____
Ricardo R. Reyna
~~Steven D. Navarro~~ Thomas Mai llouse II
Attorney for Coastal Engineering, Inc.

_____
Raymond L. Thomas
Andrea H. Gonzalez, Jr.
Attorney for Honeywell, Inc.

CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE 107TH JUDICIAL |
| INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| HONEYWELL, INC. and | § | |
| COASTAL ENGINEERING, INC., | § | |
| | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING

PLEASE TAKE NOTICE that Plaintiff's Motion for Discovery Sanctions is hereby set for hearing on the _27th_ day of May, 2004 at _8:30 A._m.

SIGNED AND ENTERED on _11th_ day of _May_, 2004

_____
JUDGE PRESIDING

MAY 1 1 2004

cc:  Ricardo R. Reyna
    Raymond L. Thomas
    Andres Gonzalez, Jr.
    Nancy A. Wiltgen
    ANTHONY F. CONSTANT
    VICTOR QUINTANILLA

RECEIVED
MAY 1 3 2004

FILED _____ O'CLOCK ____M
AURORA DE LA GARZA DIST. CLERK
MAY 1 1 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO.2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE 107TH  JUDICIAL |
| INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | DISTRICT  COURT OF |
| | § | |
| HONEYWELL, INC. and | § | |
| COASTAL ENGINEERING, INC., | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER on DISCOVERY

On the 20th of May 2004, this cause came on to be heard after proper notice on Plaintiff's Motion for Discovery Sanctions and the parties appeared through counsel and after considering the evidence presented and the argument of counsel, the Court is of the opinion that the Motion should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the Defendant Honeywell, Inc. shall immediately withdraw and dismiss its pending motion in Cause No. 04-03384-C in the 68th Judicial District Court of Dallas County, Texas, in the case styled *Honeywell International, Inc. v. Assured Indoor Air Quality L.P.,* titled "Honeywell International, Inc.'s Motion to Compel Compliance with Subpoena."

SIGNED AND ENTERED on **27** day of May, 2004

_____
JUDGE PRESIDING

Cause No. **2003-08-4221-A**

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| COASTAL ENGINEERING, INC. | § | |
| AND HONEYWELL, INC. | § | 107th JUDICIAL DISTRICT |

---

## ORDER SETTING HEARING

---

The foregoing **D & F INDUSTRIES, INC.'S MOTION FOR PROTECTION FROM**

**DISCOVERY SUBPOENA**  having been presented to me and a request made for a hearing

thereon, the same is hereby set for hearing at _8:30_ o'clock _a_.m., on the _1st_ day of

_July_, 2004, in the 107th Judicial District Court of ~~Hidalgo~~ Cameron County, Texas.

SIGNED and ORDERED ENTERED this _8th_ day of _June_,

2004.

_____
JUDGE PRESIDING

Copies to: JUN 0 9 2004

Mr. John R. Griffith, **GRIFFITH, SULLIVAN, OCHOA & GARZA, L.L.P.**, 100 Savannah Avenue, Suite 500, McAllen, Texas 78503

Andres Gonzalez, **Kittleman, Thomas, Ramirez & Gonzalez**, P.O. Box 1416, McAllen, Texas 78505

FILED: _11:15_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUN 0 8 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS



Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| vs. | § § | OF CAMERON COUNTY, TEXAS |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § § | |
| Defendants | § § | 107th JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

The following was agreed and stipulated by the parties, or ordered by the Court:

1. Announcements are set for the 27th day of August, 2004 at 8:30 a.m., at which time, the Court will also hear all pending pre-trial motions.

2. The deadline for completion of all discovery is August 20, 2004.

3. The deadline for supplementation of written discovery is August 2, 2004.

4. The deadline for supplemental and amended pleadings is:
   Plaintiff: July 15, 2004
   Defendants:    July 30, 2004

5. Deadline for Designation of Experts and TRCP 194.2(f) information is:
   Plaintiff: June 1, 2004 with reports due June 1, 2004
   Defendants:    July 1, 2004 with reports due August 2, 2004

6. Deadlines for Motions to Strike Experts and/or Daubert Challenges are:
   Motions:        August 17, 2004
   Responses;     August 20, 2004
   Hearing: August 26, 2004 at 8:30 a.m.

7. Motions for Summary Judgment must be filed no later than August 2, 2004 and the Court shall consider all dispositive motions, either by hearing ~~or submission~~ on August 26, 2004 at 8:30 a.m.

8. Motions in Limine, Trial Exhibit Lists, Trial Witness Lists, Motions to Exclude (except for expert witnesses), Jury Charges and all other pre-trial motions must be exchanged no later than August 17, 2004 , and all objections and responses to said motions and trial lists must be exchanged by August 24, 2004.

9. Mediation is hereby ordered to be conducted no later than August 6, 2004.

10. This case is set for Trial on the 30th day of August, 2004.

11. The case is set before a jury.

Signed is    22    day of    June    , 2004.

2451514v1
Docket Control Order – p. 1

JUN 2 2 2004

Approved as to Form:

Raymond L. Thomas
Andres H. Gonzalez, Jr.
KITTLEMAN, THOMAS, RAMIREZ
&GONZALES, PLLC
*Attorneys for Defendant Honeywell, Inc.*

_by permission_

Anthony F. Constant
CONSTANT & VELA
*Attorneys for Plaintiff SBCISD*

Ricardo R. Reyna
BROCK & PERSON, P.C.
*Attorneys for Defendant Coastal Engineering, Inc.*

Rene Ramirez
Victor Quintanilla
Nancy A. Wiltgen

Migdalia Lopez
Judge Presiding

FILED 10:00 O'CLOCK ___ A M
AURORA DE LA GARZA DIST. CLERK

JUN 2 2 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS
Gloria Medrano

2451514v1
Docket Control Order – p. 3

JUN 2 4 2004

RLT/AGIF

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| Plaintiff, | § § | |
| vs. | § § | |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § § | 107th JUDICIAL DISTRICT |
| Defendants. | § § | |
| HONEYWELL INTERNATIONAL INC., | § § | |
| Third Party Plaintiff, | § § | |
| vs. | § § | |
| ATG (ADVANCED TECHNOLOGY GROUP); BMW ENGINEERING; COASTAL ENGINEERING; COTERA, KOLAR & NEGRETE; D&F INDUSTRIES; DIAMOND INDUSTRIES; MATA VILLARREAL DESIGN GROUP; RIO MECHANICAL; SCOGGINS CONSTRUCTION; SWEEZY CONSTRUCTION; TEXAIR; TREMCO, INC.; VALLEY BUILDERS; J & B INDUSTRIES, and AMERICAN CONTRACTING USA, INC., | § § § § § § § § § § § § § § § § | |
| Third Party Defendants. | § § | |

---

## ORDER GRANTING DEFENDANT HONEYWELLS' MOTION TO APPEAR PRO HAC VICE

---

On this day came on to be heard Donald R. Harris's Motion for Admission Pro Hac Vice.

After due notice, the parties appeared by their respective attorneys of record, and the Court, having

considered all pertinent pleadings, the evidence before the Court and the argument of counsel, is of

the opinion that such Motion should be GRANTED.

5

It is therefore ORDERED that Donald R. Harris is admitted pro hac vice before the Cameron County Judicial District Court, for the purposes of representing Defendant Honeywell in the above referenced cause.

SIGNED and ENTERED this _22_ day of _June_, 2004.

_____
JUDGE PRESIDING

copies to:  6/22/04

**Attorneys for Plaintiff:**
Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Pruett Moore, III
PRUETT MOORE, III, ATTORNEY AT LAW
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

Ernesto Gamez, Jr. /Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520

**Attorneys for Defendant**
**Coastal Engineering:**
Ricardo R. Reyna
Tom A. Mailloux, III
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Donald R. Harris

FILED _3.00_ O'CLOCK ___M
AURORA DE LA GARZA DIST. CLERK

JUN 22 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Gloria_ _____ DEPUTY

6

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | IN THE DISTRICT COURT |
| | § | OF CAMERON COUNTY, TEXAS |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § | 107th JUDICIAL DISTRICT |
| | § | |
| Defendants. | § | |
| | § | |
| HONEYWELL INTERNATIONAL INC., | § | |
| | § | |
| Third Party Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| ATG (ADVANCED TECHNOLOGY GROUP); BMW ENGINEERING; COASTAL ENGINEERING; COTERA, KOLAR & NEGRETE; D&F INDUSTRIES; DIAMOND INDUSTRIES; MATA VILLARREAL DESIGN GROUP; RIO MECHANICAL; SCOGGINS CONSTRUCTION; SWEEZY CONSTRUCTION; TEXAIR; TREMCO, INC.; VALLEY BUILDERS; J & B INDUSTRIES, and AMERICAN CONTRACTING USA, INC., | § § § § § § § § § § § § | |
| | § | |
| Third Party Defendants. | § § | |

---

**ORDER GRANTING DEFENDANT HONEYWELLS'
MOTION TO APPEAR PRO HAC VICE**

---

On this day came on to be heard TERRI L. MASCHERIN's Motion for Admission Pro Hac Vice. After due notice, the parties appeared by their respective attorneys of record, and the Court, having considered all pertinent pleadings, the evidence before the Court and the argument of counsel, is of the opinion that such Motion should be GRANTED.

It is therefore ORDERED that TERRI L. MASCHERIN is admitted pro hac vice before the

Cameron County Judicial District Court, for the purposes of representing Defendant Honeywell in

the above referenced cause.

SIGNED and ENTERED this ___22___ day of ___June___, 2004.

_____
JUDGE PRESIDING

copies to: 6/22/04

**Attorneys for Plaintiff:**
Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Pruett Moore, III
PRUETT MOORE, III, ATTORNEY AT LAW
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

Ernesto Gamez, Jr. /Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520

**Attorneys for Defendant**
**Coastal Engineering:**
Ricardo R. Reyna
Tom A. Mailloux, III
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Terri L. Mascherin

FILED 3:00 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
JUN 22 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Gloria Medrano

JUN 2 4 2004

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | OF CAMERON COUNTY, TEXAS |
| vs. | § § | |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § § | 107th JUDICIAL DISTRICT |
| Defendants. | § § | |
| HONEYWELL INTERNATIONAL INC., | § § | |
| Third Party Plaintiff, | § § | |
| vs. | § § | |
| ATG (ADVANCED TECHNOLOGY GROUP); BMW ENGINEERING; COASTAL ENGINEERING; COTERA, KOLAR & NEGRETE; D&F INDUSTRIES; DIAMOND INDUSTRIES; MATA VILLARREAL DESIGN GROUP; RIO MECHANICAL; SCOGGINS CONSTRUCTION; SWEEZY CONSTRUCTION; TEXAIR; TREMCO, INC.; VALLEY BUILDERS; J & B INDUSTRIES, and AMERICAN CONTRACTING USA, INC., | § § § § § § § § § § § § § § § | |
| Third Party Defendants. | § § | |

---

### ORDER GRANTING DEFENDANT HONEYWELLS' MOTION TO APPEAR PRO HAC VICE

---

On this day came on to be heard SARAH MARMOR's Motion for Admission Pro Hac Vice.

After due notice, the parties appeared by their respective attorneys of record, and the Court, having

considered all pertinent pleadings, the evidence before the Court and the argument of counsel, is of

the opinion that such Motion should be GRANTED.

It is therefore ORDERED that SARAH MARMOR is admitted pro hac vice before the Cameron County Judicial District Court, for the purposes of representing Defendant Honeywell in the above referenced cause.

SIGNED and ENTERED this _22_ day of _June_, 2004.

_____
JUDGE PRESIDING

copies to:  6/22/04

**Attorneys for Plaintiff:**
Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Pruett Moore, III
PRUETT MOORE, III, ATTORNEY AT LAW
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

Ernesto Gamez, Jr. / Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520

**Attorneys for Defendant**
**Coastal Engineering:**
Ricardo R. Reyna
Tom A. Mailloux, III
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Sarah Marmor

FILED 3:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

JUN 22 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

6

JUN 2 4 2004

Cause No. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| Plaintiff, | § § § | |
| vs. | § § | |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | § § § | 107th JUDICIAL DISTRICT |
| Defendants. | § § | |
| HONEYWELL INTERNATIONAL INC., | § § | |
| Third Party Plaintiff, | § § § | |
| vs. | § § § | |
| ATG (ADVANCED TECHNOLOGY GROUP); BMW ENGINEERING; COASTAL ENGINEERING; COTERA, KOLAR & NEGRETE; D&F INDUSTRIES; DIAMOND INDUSTRIES; MATA VILLARREAL DESIGN GROUP; RIO MECHANICAL; SCOGGINS CONSTRUCTION; SWEEZY CONSTRUCTION; TEXAIR; TREMCO, INC.; VALLEY BUILDERS; J & B INDUSTRIES, and AMERICAN CONTRACTING USA, INC., | § § § § § § § § § § § § § § § § | |
| Third Party Defendants. | § § | |

---

**ORDER GRANTING DEFENDANT HONEYWELLS'
MOTION TO APPEAR PRO HAC VICE**

---

On this day came on to be heard Clay Stiffler's Motion for Admission Pro Hac Vice. After

due notice, the parties appeared by their respective attorneys of record, and the Court, having

considered all pertinent pleadings, the evidence before the Court and the argument of counsel, is of

the opinion that such Motion should be GRANTED.

5

It is therefore ORDERED that Clay Stiffler is admitted pro hac vice before the Cameron County Judicial District Court, for the purposes of representing Defendant Honeywell in the above referenced cause.

SIGNED and ENTERED this 22 day of June , 2004.

_____
JUDGE PRESIDING

copies to:     6/22/04

**Attorneys for Plaintiff:**
Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Pruett Moore, III
PRUETT MOORE, III, ATTORNEY AT LAW
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

Ernesto Gamez, Jr. /Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Stillleron Street
Brownsville, Texas 78520

**Attorneys for Defendant**
**Coastal Engineering:**
Ricardo R. Reyna
Tom A. Mailloux, III
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

Clay Stiffler

FILED 3:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
JUN 2 2 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

6

No: 2001-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE 107TH JUDICIAL |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HONEYWELL, INC. and | § | |
| COASTAL ENGINEERING, INC., | § | CAMERON COUNTY, TEXAS |

## AGREED PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following Protective Order be entered in this action:

1.     "Confidential Information" shall mean and include any information or document (whether in hard copy, electronic or computer form), deposition testimony, interrogatory answer, response to requests for admissions and/or production, or other documentation or information provided by or on behalf of Assured Indoor Air Quality, L.P. ("Assured") (or any of their attorneys or other agents) (collectively referred to as "Discovery Material"), which contains non-public, confidential or proprietary information.  Assured may designate any Discovery Material as Confidential Information.  All such designations made by Assured shall be made in good faith and made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and Assured may designate Discovery Material as Confidential Information after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protection of this Protective Order.  Designations of Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for Assured and that there is a basis for such designation.  Discovery Materials that are at any time designated as Confidential shall only be made available to certain Qualified Persons, as described in Paragraph 3 of this Protective Order.  A Qualified Person

may not disclose Confidential Information in any form to anyone other than a Qualified Person.

2. The designation of Discovery Materials and production requests, other than depositions or other pretrial testimony, as Confidential, shall be made by Assured in the following manner:

(a) Information or documents designated "Confidential" shall be so marked by affixing the legend "Confidential Information" or similar confidential designation on one or more pages of the information, computer disks, or document near the bates number (if applicable) containing any Confidential Information (or in the case of computer medium, on the medium and its label and/or cover) to which the designation applies.

3. Qualified Persons who can have access to Discovery Material designated "Confidential Information" as set forth in Paragraph 1 of this Protective Order in this Action shall be limited to:

(a) legal counsel for Honeywell in this Action, limited to attorneys at the following law firms and their paralegals deemed necessary to perform tasks involving the Confidential Information: Jenner Block; Kittleman, Thomas, Ramirez & Gonzales; and Leonard, Street & Deinard;

(b) One attorney from Honeywell's in-house corporate legal department; provided, however, such attorney shall only be permitted to view the Confidential Information at the offices of legal counsel referenced in Paragraph 3(a) or the offices of an independent expert referenced in Paragraph 3(f) (collectively referred to as a "Neutral Site"). Such attorney may not take any of the Confidential Information in any form, whether in the

form of handwritten notes, hard copies, electronic form, or any computer readable format, from the Neutral Site, such attorney may not under any circumstances be permitted to take, receive, or store any Confidential Information anywhere other than a Neutral Site, and such attorney's designation as a Qualified Party shall not be construed to imply that any other Honeywell employee, agent, or representative is a Qualified Party or is otherwise permitted to receive any Confidential Information.   Without limiting the generality of the foregoing, property owned or controlled by Honeywell can never be a Neutral Site;

(c)    legal counsel of record for the San Benito Consolidated Independent School District ("SBCISD") in this Action and such counsel's paralegals deemed necessary to perform tasks involving the Confidential Information;

(d)    legal counsel for Coastal Engineering, Inc. ("Coastal") in this Action, limited to attorneys at the firm of Brock and Pearson and such counsel's paralegals deemed necessary to perform tasks involving the Confidential Information;

(e)    the Court, Court personnel and stenographic reporters engaged in proceedings incident to this Action; and

(f)    M. Laurentius Marais, William E. Wecker, Justin A. Smith and Aimee Foreman of William E. Wecker Associates, Inc. (the "Wecker Parties"); provided, however, if the Wecker Parties, after reviewing any Confidential Information, determine in their professional judgment that one or more other independent experts should be permitted access to the Confidential Information for purposes authorized by this Order, Honeywell may

communicate such determination to the attorney for Assured and request that one or more other independent experts be designated Qualified Persons hereunder. Honeywell's request to Assured shall state the name, occupation, employment information, resume, purpose for which the person is being requested to become a Qualified Person, the Confidential Information to be disclosed, the manner in which the Qualified Person would have access to the Confidential Information, and any other information reasonably requested by Assured's legal counsel. Upon receipt of all such information, Assured shall have five (5) business days in which to inform Honeywell that Assured objects to the requested person's designation as a Qualified Person. Assured shall not unreasonably refuse such request. If Assured objects to Honeywell's request to have one or more independent experts designated as Qualified Persons, Honeywell may request that the Court determine whether the requested person(s) should be properly designated as Qualified Persons.

**No person shall use any Confidential Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of claims in this action.**

4.   Qualified Persons defined in Paragraph 3(a), (b), (d) and (f) of this Protective Order shall be allowed access to Confidential Information only after complying with the following procedure:

(a)   Before receiving any type of Confidential Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgement form, attached hereto as Exhibit "A," that he or she has read this Protective Order, understands it, and agrees to be bound

by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of the Order. In the event a law firm or independent expert firm is a Qualified Party, each attorney or employee who is to receive or have access to the Confidential Information shall sign the acknowledgment form; and

(b)     Honeywell's and Coastal's legal counsel of record in this Action shall retain a copy of each of their respective executed acknowledgement forms (Exhibit "A"), and shall serve the legal counsel for Assured with a copy of such acknowledgment before the Qualified Person is allowed access to any Confidential Information.

5.     Confidential Information, or the substance or context thereof, including any notes, memoranda, manipulations or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, to anyone other than a Qualified Person, and may not be used for any purpose whatsoever other than the prosecution or defense of this litigation. However, a Qualified Person described in Paragraph 3(f) shall be permitted to report their conclusions, mental impressions, and otherwise render their opinion on the Confidential Information to persons other than Qualified Persons who have a need to know such conclusions, mental impressions, or opinions for purposes of this Action, but only in a manner that does not and is not reasonably contemplated to violate or compromise the protection afforded to the Confidential Information by this Order and provided the manner in which such opinions, findings and observations are shared would not allow the recipient to reproduce or recreate the algorithm or database.

6.    Any person in possession of Confidential Information shall exercise reasonable, appropriate care with regard to the storage, custody or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

7.    If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of Assured and SBCISD, and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

8.    Confidential Information shall be used solely for the purpose of this Action and shall not be made available to persons other than Qualified Persons.  When Confidential Information is discussed, quoted or referred to in any deposition, the person(s) engaging in such discussion, quotation or reference shall ensure that only Qualified Persons are present.  Prior to any deposition that will involve a non-Qualified Person, a Qualified Person described in Paragraph 3(a), (c), or (d) may request to Assured that one or more non-Qualified Person(s) involved in the deposition, including the deponent, be designated as a Qualified Person, or if, during a deposition, circumstances arise under which it becomes reasonably evident that the deponent has specific knowledge of the Confidential Information or that it would otherwise be prudent to have the deponent designated as a Qualified Person, a Qualified Person described in Paragraph 3(a), (c), or (d) may request to Assured that the deponent be designated as a Qualified Person.  Such request to Assured shall be made with as much advance written notice as is reasonably possible, and Assured shall have three (3) business days after receipt of the written notice to accept or reject such request. Assured may not unreasonably deny such request.  If Assured rejects the request, such person for whom Qualified Person status is sought shall not become a Qualified Person until so ordered by this

Court.

9.     Assured expressly reserves the right to claim any privilege allowed by law that may be available to Assured with respect to the disclosure of Discovery Material in any manner not expressly authorized by this Order, including but not limited to, the disclosure of any Discovery Material in any hearing or trial. Honeywell and/or Coastal shall provide written notice to counsel for Assured of any hearing or trial at which Confidential Information could possibly or is intended to be used or addressed. Such notice shall comply with the Texas Rules of Civil Procedure.

10.     Any deposition transcript containing Confidential Information shall be marked on the cover as "Confidential" and shall indicate as appropriate within the transcript what information has been so designated. The stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential Information) or when the Confidential Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing Confidential Information and separately bind it from the non-confidential portions. The party noticing the deposition shall provide a copy of the deposition transcript containing any Confidential Information to Assured. Assured may designate any portion or all (if appropriate) of the transcript as containing Confidential Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within five (5) business days after Assured's receipt of the transcript. Until five (5) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to contain Confidential Information. In the event of a disagreement of the confidential status of a deposition transcript, it shall continue to be treated as Confidential until this Court rules otherwise.

11.    Any pleading, paper or other document filed in this action which contains Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court.

12.    Entering into, agreeing to and/or producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    (a)    Prejudice in any way the right of Assured to object to the production of documents they consider not subject to discovery, or operate as an admission by Assured that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by Assured to be Confidential Information;

    (b)    Prejudice in any way the right of Assured to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Protective Order;

    (c)    Prejudice in any way the rights of Assured to petition the Court for a further protective order relating to any purportedly confidential material or information;

    (d)    Prejudice in any way the rights of Honeywell or Coastal to petition the Court for the right to include additional Qualified Persons in this Order if the disclosure of such Confidential Information to such person is reasonably necessary for the defense of this action; or

    (e)    Prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material.

13.     Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting that the information is not properly entitled to the protection of this Order may petition the Court for a determination of whether the disputed information is entitled to the protection of this Order. Until the Court makes the determination, the information shall maintain its designation as Confidential Information and be afforded all protections of this Order.

14.     All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have executed acknowledgement forms pursuant to Paragraph 4 of this Protective Order, after the conclusion of this Action, in perpetuity, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated Confidential shall be returned to Assured within sixty (60) days after a final judgment herein or settlement of this Action. All notes, studies, reports, analyses, compilations, forecasts, memoranda and other documents, whether in written, electronic, or other form, prepared by a Qualified Person that contain or reflect any Confidential Information shall be destroyed and any verbal information or information learned by observation that contains or reflects the Confidential Information shall continue to be subject to the terms of this Agreement. Once Discovery Material is returned to Assured, all Qualified Persons shall certify in writing to Assured that all such documents have been returned.

15.     The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-

product materials or the subject matter thereof, or the confidential nature of any such information. Upon receiving written notice from Assured that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to Assured within two (2) business days of receipt of such notice and the party in receipt of such information shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

16.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

18.     The use of any Confidential Information for the purpose of any hearing or trial which is open to the public, is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

19.     Notwithstanding anything to the contrary in this Order, Assured shall produce its algorithm (the "Algorithm") and its database ("Database") used to render the composite scores in its Report, to the Wecker Parties only. Assured shall produce the Algorithm and the Database in electronic format only. The Wecker Parties shall maintain custody and control over the Algorithm and the Database at all times; provided, however, Qualified Persons may view, and only view, the Algorithm and the Database on the Wecker Parties' computer system. No Qualified Persons other than the Wecker Parties may possess the Algorithm or the Database or any portion thereof. Within

24 hours of the final judgment or settlement of this Action, the Wecker Parties shall (i) return to Assured's counsel all copies of the Algorithm and the Database and any manipulation or analysis thereof in its possession or control, in all forms, including computer disc or cd-rom; (ii) remove the Algorithm and the Database and any manipulation or analysis thereof from the hard drive of any computer in the Wecker Parties' possession or control; and (iii) certify under oath to this Court that the Wecker Parties have done so.

SIGNED and ORDERED on this _____ day of July, 2004.


_____
JUDGE PRESIDING


AGREED AS TO FORM AND SUBSTANCE:


_____
ANTHONY F. CONSTANT
ATTORNEY for SBCISD

_____
Andres H. Gonzalez, Jr.
ATTORNEY for Honeywell, Inc. and Honeywell International, Inc.


_____
Thomas A. Mailloux, II
Attorney for Coastal Engineering, Inc.

24 hours of the final judgment or settlement of this Action, the Wecker Parties shall (i) return to Assured's counsel all copies of the Algorithm and the Database and any manipulation or analysis thereof in its possession or control, in all forms, including computer disc or cd-rom; (ii) remove the Algorithm and the Database and any manipulation or analysis thereof from the hard drive of any computer in the Wecker Parties' possession or control; and (iii) certify under oath to this Court that the Wecker Parties have done so.

SIGNED and ORDERED on this 9ᵗʰ ____ day of July, 2004.

_____
JUDGE PRESIDING

FILED _10:02_ O'CLOCK _a_ M
AURORA DE LA GARZA, CLERK

JUL 9 - 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Melissa_ DEPUTY

AGREED AS TO FORM AND SUBSTANCE:


_____
ANTHONY F. CONSTANT
ATTORNEY for SBCISD


_____
Andres H. Gonzalez, Jr.
ATTORNEY for Honeywell, Inc. and Honeywell International, Inc.



_____
Thomas A. Mailloux, II
Attorney for Coastal Engineering, Inc.



PROTECTIVE ORDER                                                    PAGE 11

control; and (iii) certify under oath to this Court that the Wecker Parties have done so.

SIGNED and ORDERED on this _____ day of July, 2004.

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

_____
ANTHONY F. CONSTANT
ATTORNEY for SBCISD

_____
Andres H. Gonzalez, Jr.
ATTORNEY for Honeywell, Inc. and Honeywell International, Inc.

_____
Thomas A. Mailloux, II
Attorney for Coastal Engineering, Inc.

than the Wecker Parties may possess the Algorithm or the Database or any portion thereof. Within 24 hours of the final judgment or settlement of this Action, the Wecker Parties shall (i) return to Assured's counsel all copies of the Algorithm and the Database and any manipulation or analysis thereof in its possession or control, in all forms, including computer disc or cd-rom; (ii) remove the Algorithm and the Database and any manipulation or analysis thereof from the hard drive of any computer in the Wecker Parties' possession or control; and (iii) certify under oath to this Court that the Wecker Parties have done so.

SIGNED and ORDERED on this _____ day of July, 2004.

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

_____
ANTHONY F. CONSTANT
ATTORNEY for SBCISD

_____
Andres H. Gonzalez, Jr.
ATTORNEY for Honeywell, Inc. and Honeywell International, Inc.

_____
Thomas A. Mailloux, II
Attorney for Coastal Engineering, Inc.

PROTECTIVE ORDER                                                                    PAGE 11

control; and (iii) certify under oath to this Court that the Wecker Parties have done so.

SIGNED and ORDERED on this _____ day of July, 2004.

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

_____
ANTHONY F. CONSTANT
ATTORNEY for SBCISD

_____
Andres H. Gonzalez, Jr.
ATTORNEY for Honeywell, Inc. and Honeywell International, Inc.

_____
Thomas A. Mailloux, II
Attorney for Coastal Engineering, Inc.

PROTECTIVE ORDER                                                    PAGE 12

than the Wecker Parties may possess the Algorithm or the Database or any portion thereof. Within 24 hours of the final judgment or settlement of this Action, the Wecker Parties shall (i) return to Assured's counsel all copies of the Algorithm and the Database and any manipulation or analysis thereof in its possession or control, in all forms, including computer disc or cd-rom; (ii) remove the Algorithm and the Database and any manipulation or analysis thereof from the hard drive of any computer in the Wecker Parties' possession or control; and (iii) certify under oath to this Court that the Wecker Parties have done so.

        SIGNED and ORDERED on this _____ day of July, 2004.


_____
              JUDGE PRESIDING


AGREED AS TO FORM AND SUBSTANCE:

_____
ANTHONY F. CONSTANT
ATTORNEY for SBCISD


_____
Andres H. Gonzalez, Jr.
ATTORNEY for Honeywell, Inc. and Honeywell International, Inc.


_____
Thomas A. Mailloux, II
Attorney for Coastal Engineering, Inc.

No: 2001-08-4221-A

| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT OF |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| COASTAL ENGINEERING, INC., and | § | 107TH JUDICIAL DISTRICT |
| HONEYWELL, INC. | § | |

## CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER

I have read the Protective Order that is in place in this lawsuit, and I understand its provisions. I agree to abide by its terms and to submit myself to the jurisdiction of the court as to enforcement of that Order. I hereby certify that I have not received any Confidential Information in the form produced by Assured Indoor Air Quality, L.P. ("Assured") prior to the date I signed this Certificate of Compliance. I understand that a copy of this Certificate of Compliance, together with the written list required by Paragraph 4 of the Order, shall be furnished to Assured's legal counsel.

Date Executed:_____        _____
                                               (Signature)

Employer:_____        _____
                                               (Printed Name)

Position/Title:_____

PROTECTIVE ORDER                                                          PAGE 12

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**<u>EXHIBIT "4"</u>**

**State court docket sheet**

```
RUN DATE 07/22/04                                                              CERTIFIED COPY
RUN TIME  9:56 AM                                                                                                    PAGE: 01

                                                                                                    2003-08-004221-A

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC                                    08        25        03

                        VS                                                      BREACH OF CONTRACT                    30.00

COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.
                                                                                RENE RAMIREZ

      * * *  C L E R K ' S   E N T R I E S  * * *                          *   *   *

                      00589201                                              (06)             ORIGINAL PETITION FILED
         HON. ANTHONY F. CONSTANT                              08/25/03                      CITATION: COASTAL ENGINEERING, INC.
         1570 FROST BANK PLAZA                                 08/25/03                        SERVED: 08/25/03    FILED: 08/25/03
         CORPUS CHRISTI, TX.   78470 0000                      08/25/03                      CITATION: HONEYWELL, INC.
                                                               08/25/03                        SERVED: 08/27/03    FILED: 08/28/03
                      00173905                                 08/25/03                      CITATION (CM): COASTAL ENGINEERING,
         HON. RICARDO R. REYNA                                                              INC.
         1506 BEXAR CROSSING                                   08/25/03                        SERVED: 08/27/03    FILED: 08/29/03
         SAN ANTONIO, TX    78232 1587                         08/25/03                      CITATION (CM): HONEYWELL, INC.
                                                               08/25/03                        SERVED: 08/28/03    FILED: 09/03/03
                                                               08/25/03                      JURY FEE: Pd. by HON. ANTHONY F.
                                                                                           CONSTANT
10/16/03  TELEPHONIC CONFERENCE SET FOR 11/05/2003 @ 8:30 A.M  09/15/03                      ORIGINAL ANSWER: COASTAL ENGINEERING,
          SIGNED FOR ENTRY. BEURESTIJR/C.OSTOS                                              INC.
10/16/03  DF HONEYWELL, INC.'S MTN FOR PROTECTION IS SET FOR   09/15/03                      DEFENDANT COASTAL ENGINEERING, INC.'S
          HEARING ON                                                                        ORIGINAL ANSWER/C.OSTOS
11/14/03  12/12/2003 @ 8:30 A.M SIGNED FOR ENTRY. BEURESTIJR/C.OSTOS  09/15/03               DEMAND FOR JURY/C.OSTOS
11/14/03  TRIAL SET FOR 05/10/2004 @ 8:30 A.M. WITH ANNOUNCEMENTS ON  09/19/03               DEFENDANT'S MOTION TO ABATE/C.OSTOS
12/04/03  05/07/2004 @ 8:30 A.M & MEDIATION DEADLINE ON OR BEFORE  09/19/03                   DF HONEYWELL, INC.'S ORIGINAL ANSWER
12/04/03  04/01/04 SIGNED FOR ENTRY. M.LOPEZ/C.OSTOS                                         SUBJECT TO MOTION TO ABATE
12/04/03  All parties present; Def's Honeywell motion for PROTECTION;  09/19/03               DEFENDANT HONEYWELL, INC.'S SPECIAL
12/12/03  DENIED...BEjr/eeo                                                                  EXCEPTIONS SUBJECT TO
12/12/03  DF HONEYWELL, INC.'S MTN FOR TRIAL CONTINUANCE IS SET FOR                          MOTION TO ABATE/C.OSTOS
03/01/04  HEARING ON 03/12/2004 @ 8:30 A.M. SIGNED FOR ENTRY. BEJR/CO  09/19/03               ORIGINAL ANSWER: HONEYWELL, INC.
03/01/04  DEFT. HONEYWELL INC.'S SPECIAL EXCEPTIONS SUBJECT TO MOTION TO  10/14/03            PLAINTIFF'S MOTION FOR TRIAL
03/01/04  ABATE IS SET FOR HEARING ON 03/12/2004 @ 8:30 A.M. SIGNED FOR                      SETTING/C.OSTOS
03/01/04  ENTRY. BEURESTIJR/C.OSTOS                            11/07/03                      DEFENDANT HONEYWELL, INC.'S MTN FOR
03/01/04  DF'S MTN FOR LEAVE TO FILE THIRD-PARTY PETITION IS SET FOR                         PROTECTION/C.OSTOS
03/11/04  HEARING ON 03/12/2004 @ 8:30 A.M SIGNED FOR ENTRY. BEJR/CO  11/12/03               DF HONEYWELL, INC.'S CERTIFICATE OF
03/11/04  Both sides present; Def Honeywell's motion for Continuance
03/11/04  DENIED; MEDIATION by APRIL 1, 2004 deadline; Court will ask
03/11/04  attorneys to get new dates for the Court to hear Def. Special
03/11/04  Exceptions subject to mtn to abate and Def. Mtn for Leave to
03/11/04  to file Third Party Petition. Parties are to call for new
03/11/04  dates, they did not step into chambers. (parties left without
03/11/04  getting new dates on the pending motions...BEjr/eeo
03/24/04  ORDER ON PL'S MTN FOR CONTINUANCE OF HEARING ON DEFENDANT
03/24/04  HONEYWELL, INC.'S SPECIAL EXCEPTIONS SUBJECT TO MOTION TO
04/01/04  ABATE AND MOTION FOR LEAVE TO FILE THIRD-PARTY PETITION/CO
04/01/04  All parties present; Def's Honeywell Special Exceptions-
04/01/04  agreement read into record; Defs' Honeywell motion to leave to
04/01/04  designate 3rd parties.BEjr/eeo
```

CERTIFIED COPY

```
RUN DATE 07/22/04                                                                                    PAGE: 02
RUN TIME 9:56 AM

                   *   *   *   C L E R K ' S   E N T R I E S   *   *   *        2003-08-004221-A

                                00589201
SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC   HON. ANTHONY F. CONSTANT       08      25      03
                                                     1570 FROST BANK PLAZA
                        VS                           CORPUS CHRISTI, TX.  78470 0000                30.00

                                                                                   BREACH OF CONTRACT
                                00173905
COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.       HON. RICARDO R. REYNA
                                                     1506 BEXAR CROSSING
                                                     SAN ANTONIO, TX     78232 1587      RENE RAMIREZ
```

```
04/05/04   DF HONEYWELL'S MTN TO COMPEL ANSWERS TO INTERROGATORIES IS SET        *   *   *   (06)         WRITTEN DISCOVERY/CO
04/05/04     FOR HEARING ON 04/15/2004 @ 8:30 A.M. SIGNED FOR ENTRY.ML/CO                     01/23/04    PLAINTIFF'S FIRST AMENDED ORIGINAL
04/05/04   DEFT HONEYWELL, INC.'S MTN TO COMPEL RESPONSES TO REQUESTS FOR                                 PETITION/C.OSTOS
04/05/04     PRODUCTION IS SET FOR HEARING ON 04/15/2004 @ 8:30 A.M.                          02/25/04    DEFENDANT HONEYWELL, INC.'S MOTION FOR
04/05/04     SIGNED FOR ENTRY M.LOPEZ/C.OSTOS                                                             TRIAL CONTINUANCE AND
04/15/04   By agreement of the parties, hearing on Def. Honeywell's Mtns                      02/25/04    DOCKET CONTROL CONFERENCE/C.OSTOS
04/15/04     to compel interroagtories; request for production; arbitration                   02/25/04    AFFIDAVIT OF ANDRES H GONZALES, JR. IN
04/15/04     , mtn to abate and mtn to add 3rd party def. all reset for                                   SUPPORT OF DEFENDANT
04/15/04     APRIL 29, 2004 at 8:30 a.m...BEjr/eeo                                            02/25/04    HONEYWELL, INC.'S MTN FOR TRIAL
04/29/04   All sides present; May 20th data to be submitted Def's brief                                   CONTINUANCE AND DOCKET
04/29/04     (under advisement) motion to compel-agreement stated on record                   02/25/04    CONTROL CONFERENCE/C.OSTOS
04/29/04     ..BEjr/eeo                                                                       02/25/04    DF'S MTN FOR LEAVE TO FILE THIRD-PARTY
05/11/04   ORDER GRANTING JOINT MOTION FOR CONTINUANCE; TRIAL RE-SET TO                                   PETITION/C.OSTOS
05/11/04     AUGUST 30, 2004 WITH ANNOUNCEMENTS ON AUGUST 27, 2004 AT                         02/25/04    HONEYWELL'S INC.'S THIRD-PARTY
05/11/04     8:30 A.M.  BEURESTIJR/GMedrano                                                               PLAINTIFF'S ORIGINAL PETITION/CO
05/11/04   PLTF'S MOTION FOR DISCOVERY SANCTIONS SET FOR MAY 27, 2004 AT                      02/25/04    DF HONEYWELL, INC.'S FIRST AMENDED
05/11/04     8:30 A.M.  BEURESTIJR/GM                                                                     ORIGINAL ANSWER TO PL'S
05/27/04   Both sides present; Pltfs Mtn for Sanctions-GRANTED, order                         02/25/04    FIRST AMENDED ORIGINAL
05/27/04     signed..BEjr/eeo                                                                             PETITION/C.OSTOS
05/27/04   ORDER ON DISCOVERY SIGNED FOR ENTRY. BEURESTIJR/GMedrano                           02/25/04    DEFT. HONEYWELL, INC.'S SPECIAL
06/08/04   D & F INDUSTRIES, INC.'S MOTION FOR PROTECTION FROM DISCOVERY                                  EXCEPTIONS TO PL'S FIRST
06/08/04     SUBPOENA IS SET FOR JULY 1, 2004 AT 8:30 A.M. MLOPEZ/GM                          02/25/04    AMENDED ORIGINAL PETITION/C.OSTOS
06/10/04   Both sides present; Ernesto Gamez for A. Constance; Andres                         03/05/04    ORIGINAL ANSWER: COASTAL ENGINEERING,
06/10/04     gonzalez; Mr. Constance is not available for today's hearing                                 INC.
06/10/04     his flight has been delayed. By agreement of the parties                         03/05/04    DEFENDANT COASTAL ENGINEERING, INC.'S
06/10/04     present case re-set for hearing on MOTION TO COMPEL ONLY for                                 SPECIAL EXCEPTIONS/CO
06/10/04     JUNE 17, 2004 at 8:30 a.m..BEjr/eeo                                              03/05/04    DF COASTAL ENGINEERING, INC.'S FIRST
06/11/04   ORDER ON MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT AND                                    ORIGINAL ANSWER TO PL'S FIRST
06/11/04     COLLECTION OF SETTLEMENT FUNDS SIGNED.  BEURESTIJR/GMedrano                       03/05/04    AMENDED ORIGINAL PETITION/C.OSTOS
```

```
RUN DATE 07/22/04                                                          CERTIFIED COPY                              PAGE: 03
RUN TIME  9:56 AM
                                                                                              2003-08-004221-A

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC      00589201                              08        25        03
                                                       HON. ANTHONY F. CONSTANT
                                                       1570 FROST BANK PLAZA
                                                       CORPUS CHRISTI, TX.   78470 0000          30.00
                        VS
                                                       00173905
COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.         HON. RICARDO R. REYNA
                                                       1506 BEXAR CROSSING
                                                       SAN ANTONIO, TX       78232 1587

              *    *    *    C L E R K ' S   E N T R I E S    *    *    *    *    (06)       BREACH OF CONTRACT        RENE RAMIREZ
```

```
06/17/04    Case called for hearing on motion to compel; Andres Gonzalez              03/08/04    FAX-AFFIDAVIT OF EDWARD LIGHT IN
06/17/04    Clay Cliff, Allison Archer and Ernest Gamez appeared in person                        SUPPORT OF DF HONEYWELL,
06/17/04    Anthony Constance appeared by telephone; conference held, no                          INC.'S MTN FOR TRIAL
06/17/04    courtroom hearing held; partial agreement reached; Court orders            03/08/04    CONTINUANCE/C.OSTOS
06/17/04    attorneys to keep negotiating; advise the Court if they will               03/08/04    (FAX)AFFIDAVIT OF JAMES R. BAILEY IN
06/17/04    need hearing. BEjr/eeo                                                                 SUPPORT OF DEFENDANT
06/22/04    DOCKET CONTROL ORDER SIGNED FOR ENTRY; TRIAL SET FOR AUGUST 30,                        HONEYWELL, INC.'S MTN FOR TRIAL
06/22/04    2004 W/ANNOUNCEMENTS ON AUGUST 27, 2004 AT 8:30 A.M. ML/gm                  03/08/04    CONTINUANCE/C.OSTOS
06/22/04    HON. DONALD R. HARRIS IS HEREBY ALLOWED TO APPEAR PRO HAC VICE             03/09/04    DF, COASTAL ENGINEERING, INC.'S MOTION
06/22/04    FOR HONEYWELL AS PER ORDER SIGNED. DHESTER/GMedrano                                    TO QUASH DEFENDANT
06/22/04    HON. TERRI L. MASHERIN IS HEREBY ALLOWED TO APPEAR PRO HAC VICE            03/09/04    HONEYWELL'S NOTICES OF INTENTION TO
06/22/04    FOR HONEYWELL AS PER ORDER SIGNED. DHESTER/GMedrano                                    TAKE ORAL DEPOSITIONS
06/22/04    HON. SARAH MARMOR IS HEREBY ALLOWED TO APPEAR PRO HAC VICE FOR             03/09/04    CORSP. FROM CONSTANT & VELA -
06/22/04    HONEYWELL AS PER ORDER SIGNED. DHESTER/GMedrano                                        REGARDING HEARING ON 03/12/2004
06/22/04    HON. CLAY STIFFLER IS HEREBY ALLOWED TO APPEAR PRO HAC VICE FOR            03/09/04    DEFENDANT'S NOTICE OF FILING RULE 11
06/22/04    HONEYWELL AS PER ORDER SIGNED. DHESTER/GMedrano                                        AGREEMENT/C.OSTOS
07/01/04    Telephone call from Cheryl w/Lino Ochoa, request pass on their             03/10/04    AFFIDAVIT OF EDWARD LIGHT IN SUPPORT
07/01/04    motion, Rule 11 to be submitted..BEjr/eeo                                              OF DEFENDANT HONEYWELL,
07/09/04    AGREED PROTECTIVE ORDER SIGNED FOR ENTRY. DHESTER/GMedrano                             INC.'S MOTION FOR TRIAL
                                                                                       03/10/04    CONTINUANCE/C.OSTOS
                                                                                       03/10/04    AFFIDAVIT OF JAMES R. BAILEY IN
                                                                                                   SUPPORT OF DEFENDANT HONEYWELL,
                                                                                       03/10/04    INC.'S MOTION FOR TRIAL
                                                                                                   CONTINUANCE/C.OSTOS
                                                                                       03/11/04    CORRESP. FORM BROCK & PERSON REGARDIN
                                                                                                   HEARING ON SPECIAL EXCP.
                                                                                       03/12/04    DF HONEYWELL, INC.'S CERTIFICATE OF
                                                                                                   WRITTEN DISCOVERY/C.OSTOS
                                                                                       03/15/04    DEFT.HONEYWELL, INC.'S CERTIFICATE OF
```

RUN DATE 07/22/04
RUN TIME 9:56 AM

**CERTIFIED COPY**

PAGE: 04

2003-08-004221-A

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC

VS

COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.

\* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \*

00589201
HON. ANTHONY F. CONSTANT
1570 FROST BANK PLAZA
CORPUS CHRISTI, TX.    78470 0000

00173905
HON. RICARDO R. REYNA
1506 BEXAR CROSSING
SAN ANTONIO, TX         78232 1587

(06)                    08      25      03

BREACH OF CONTRACT

                                        30.00

RENE RAMIREZ

| Date | Entry |
|---|---|
| | WRITTEN DISCOVERY/CO |
| 03/15/04 | CORRS. FROM KITTLEMAN, THOMAS, RAMIREZ & GONZALEZ/CO |
| 03/23/04 | PL'S MTN FOR CONTINUANCE OF HEARING ON DF HONEYWELL, INC.'S |
| 03/23/04 | SPECIAL EXCEPTIONS SUBJECT TO MOTION TO ABATE AND MOTION |
| | FOR LEAVE TO FILE THIRD-PARTY PETITION/C.OSTOS |
| 03/25/04 | PLS' NOTICE OF FILING OF RULE 11 AGREEMENT/C.OSTOS |
| 03/29/04 | DF HONEYWELL, INC.'S CERT. OF WRITTEN DISCOVERY/C.OSTOS |
| 03/29/04 | HONEYWELL'S AMENDED NOTICE OF TAKING VIDEOTAPED DEPOSITION OF |
| 03/29/04 | SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT/C.OSTOS |
| 04/01/04 | HONEYWELL INT'L INC.'S MTN TO COMPEL RESPONSES TO REQUESTS |
| | FOR PRODUCTION/C.OSTOS |
| 04/01/04 | SUBPOENA REQUIRING APPEARANCE AT |
| 04/02/04 | DEPOSITION AND PRODUCTION OF DOCUMENTS/C.OSTOS |
| 04/02/04 | NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF CUSTODIAN OF |
| 04/02/04 | RECORDS OF ASSURED INDOOR AIR QUALITY, LLP/C.OSTOS |
| 04/05/04 | **HONEYWELL INTERNATIONAL INC.'S MOTION TO COMPEL ANSWERS TO |

RUN DATE 07/22/04
RUN TIME 9:56 AM

PAGE: 05

2003-08-004221-A

08    25    03

* * *   C L E R K ' S   E N T R I E S   * * *

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC

VS

COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.

00589201
HON. ANTHONY F. CONSTANT
1570 FROST BANK PLAZA
CORPUS CHRISTI, TX. - 78470 0000

001173905
HON. RICARDO R. REYNA
1506 BEXAR CROSSING
SAN ANTONIO, TX    78232 1587

(06)

BREACH OF CONTRACT

30.00

RENE RAMIREZ

|  |  |
|---|---|
| | INTERROGATORIES/C.OSTOS |
| 04/05/04 | FAX FROM KITTLEMAN-CONFIRMING FAX SENT |
| 04/06/04 | TO ATTYS HEARING 4/15/04 |
| 04/08/04 | DF HONEYWELL,INC.'S CERT. OF WRITTEN |
| | DISCOVERY/C.OSTOS |
| 04/12/04 | PLAINTIFF'S SECOND AMENDED ORIGINAL |
| | PETITION/C.OSTOS |
| 04/14/04 | (FAX) JOINT MOTION FOR |
| | CONTINUANCE/GMedrano |
| 04/14/04 | (FAX TO ELVA) COPY OF CORRES. FROM |
| | CONSTANT & VELA /GMedrano |
| 04/23/04 | DF HONEYWELL INTERNATIONAL, INC.'S |
| | CERTIFICATE OF WRITTEN |
| 04/23/04 | DISCOVERY/C.OSTOS |
| 05/04/04 | PLAINTIFF'S THIRD AMENDED ORIGINAL |
| | PETITION/C.OSTOS |
| 05/07/04 | NOTICE OF INTENT TO TAKE ORAL DEPO OF |
| | CUSTODIAN OF RECORDS OF |
| 05/07/04 | TEXAS TECH UNIVERSITY HEALTH |
| | SCIENCES CENTER/GMedrano |
| 05/07/04 | SUBPOENA RETURN ON CUSTODIAN OF |
| | RECORDS FOR TEXAS TECH UNIV./GM |
| 05/07/04 | (FAX) PLTF'S MOTION FOR DISCOVERY |
| | SANCTIONS/GMedrano |
| 05/11/04 | PLTF'S MOTION FOR DISCOVERY |
| | SANCTIONS/GMedrano |
| 05/13/04 | DEFT, HONEYWELL, INC.'S DEMAND FOR |
| | JURY TRIAL/GMedrano |
| 05/20/04 | NOTICE OF INTENTION TO TAKE DEPO BY |

RUN DATE 07/22/04
RUN TIME 9:56 AM

**CERTIFIED COPY**

PAGE: 06

2003-08-004221-A

08     25     03

30.00

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC

VS

COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.

* * * * C L E R K ' S   E N T R I E S * * * *

00589201
HON. ANTHONY F. CONSTANT
1570 FROST BANK PLAZA
CORPUS CHRISTI, TX.    78470  0000

00173905
HON. RICARDO R. REYNA
1506 BEXAR CROSSING
SAN ANTONIO, TX        78232  1587

(06)

BREACH OF CONTRACT

RENE RAMIREZ

|  |  |
|---|---|
| 05/20/04 | WRITTEN QUESTIONS/CUSTODIAN OF RECORDS FOR: FIRST NATIONAL BANK(SAN BENITO)/GMedrano |
| 05/20/04 | *NOTICE OF INTENTION TO TAKE DEPO BY WRITTEN QUESTIONS/CUSTODIA OF RECORDS FOR: SEVERAL COMPANIES(LOCATION LIST 'A')/GM |
| 05/20/04 | (FAX) DEFT.'S RULE 11 AGREEMENT/GMedrano |
| 05/24/04 | DEFT. HONEYWELL, INC.'S CERTIFICATE OF WRITTEN DISCOVERY/GM |
| 05/24/04 | (FAX) HONEYWELL, INC.'S OPPOSITION TO PLTF'S MOTION FOR DIS- COVERY SANCTIONS AND ALTERNATIVE |
| 05/24/04 | CROSS-MOTION TO COMPEL COM- PLIANCE WITH HONEYWELL'S RULE 194 |
| 05/24/04 | REQUEST FOR DISCLOSURE/GM AFFIDAVIT OF ANDRES H. GONZALEZ, JR./GMedrano |
| 05/25/04 | DEFT HONEYWELL, INC.'S NOTICE OF FILING OF RULE 11 AGREEMENT/GM |
| 05/25/04 | (ORIGINAL) FAX FILED ON MAY 24; HONEYWELL, INC.'S OPPOSITION TO PLTF'S MOTION FOR DISCOVERY SANCTIONS AND ALTERNATIVE |
| 05/25/04 | CROSS-MOTION TO COMPEL COMPLIANCE WITH HONEYWELL'S RULE 194 |
| 05/25/04 | REQUEST FOR DISCLOSURE/GMedrano |
| 05/28/04 | DEFT.'S SUPPLEMENT TO MOTION FOR LEAVE |

CERTIFIED COPY

```
RUN DATE 07/22/04                                                    PAGE: 07
RUN TIME 9:56 AM

                                          2003-08-004221-A

       *    *    *    *    *    C L E R K ' S   E N T R I E S    *    *    *    *

                                          08        25        03

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC        (06)            30.00
                                          00589201
                   VS                     HON. ANTHONY F. CONSTANT       BREACH OF CONTRACT
                                          1570 FROST BANK PLAZA
                                          CORPUS CHRISTI, TX.  78470  0000

COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.
                                          00173905
                                          HON. RICARDO R. REYNA
                                          1506 BEXAR CROSSING
                                          SAN ANTONIO, TX       78232  1587

                                                                  RENE RAMIREZ
```

|  |  |
|---|---|
| | TO FILE THIRD-PARTY |
| | PETITION/GMedrano |
| 05/28/04 | HONEYWELL INTERNATIONAL, INC.'S |
| 05/28/04 | CROSS-PETITION & FIRST AMENDED |
| | THIRD-PARTY ORIGINAL |
| 05/28/04 | PETITION/GMedrano |
| | DEFT., HONEYWELL, INC.'S CERTIFICATE |
| 05/28/04 | OF WRITTEN DISCOVERY/GM |
| 05/28/04 | CROSS PETITION: HONEYWELL, INC. |
| 06/02/04 | (FAX) CORRES. TO ELVA FROM ANTHONY F. |
| | CONSTANT RE: HEARING OF |
| | JUNE 4, 2004/GMedrano |
| 06/02/04 | D & F INDUSTRIES, INC.'S MOTION FOR |
| 06/03/04 | PROTECTION FROM DISCOVERY |
| 06/03/04 | (FAX) CORRES. FROM ANDRES H. GONZALEZ, |
| | JR. TO ELVA RE: RESET |
| 06/03/04 | HEARING ON MTN TO COMPEL ON JUNE |
| | 10, 2004/GMedrano |
| 06/07/04 | RIO MECHANICAL, INC.'S OBJECTIONS TO |
| | NOTICE OF INTENTION TO |
| 06/07/04 | TAKE DEPO UPON WRITTEN |
| | QUESTIONS/GMedrano |
| 06/08/04 | SUPPLEMENT TO HONEYWELL'S MOTION TO |
| | COMPEL/GMedrano |
| 06/14/04 | (FAX) FIRST NATIONAL BANK'S MOTION TO |
| | QUASH AND FOR PROTECTION |
| 06/14/04 | FROM DEFT HONEYWELL, INC.'S NOTICE |
| | OF INTENTION TO TAKE |
| | DEPO BY WRITTEN QUESTIONS/GMedrano |

RUN DATE 07/22/04
RUN TIME 9:56 AM

PAGE: 08

CERTIFIED COPY

* * * C L E R K ' S   E N T R I E S * * *

2003-08-004221-A

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC
                                                      08    25    03
                00589201
                HON. ANTHONY F. CONSTANT
                1570 FROST BANK PLAZA
                CORPUS CHRISTI, TX.    78470 0000

                                        (06)           30.00

                VS                      BREACH OF CONTRACT

COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.
                00173905
                HON. RICARDO R. REYNA
                1506 BEXAR CROSSING
                SAN ANTONIO, TX    78232 1587

                                        RENE RAMIREZ

06/21/04    DEFT. HONEYWELL'S MTN TO APPEAR PRO
            HAC VICE(SARAH MARMOR)/GM
06/21/04    DF, HONEYWELL'S MTN TO APPEAR PRO HAC
            VICE(CLAY STIFFLER)/GM
06/21/04    DEFT., HONEYWELL'S MOTION TO APPEAR
            PRO HAC VICE(DONALD R.
            HARRIS)/GM
06/21/04    DEFENDANT HONEYWELL'S MTN TO APPEAR
06/21/04    PRO HAC VICE(TERRI .
            MASCHERIN)/GM
06/21/04    DEFT COASTAL ENGINEERING, INC.'S
06/22/04    MOTION TO COMPEL RESPONSIVE
            ANSWERS TO INTERROGATORIES/GMedrano
06/22/04    NOTICE OF INTENTION TO TAKE DEP BY
06/24/04    WRITTEN QUESTIONS/CUSTODIAN
            OF RECORDS FOR: AIR-FLO FILTER
            CO./GMedrano
06/24/04    /NOTICE OF DELIVERY:ADVANCED
            TECHNOLOGY GROUP/JL
06/24/04    (2)NOTICE OF DELIVERY(AMERICAN
            CONTRACTING USA AND J & B
            INDUSTRIES)/GMedrano
06/24/04    DEFT. COASTAL ENGINEERING, INC.'S
06/30/04    DESIGNATION OF EXPERT AND
            FACT WITNESSES/GMedrano
06/30/04    DEFT. HONEYWELL INTERNATIONAL INC.'S
07/06/04    DESIGNATION OF EXPERT
            WITNESSES/GMedrano
07/06/04    (FAX)HONEYWELL INTERNATIONAL, INC.'S
07/08/04

```
RUN DATE 07/22/04
RUN TIME  9:56 AM

                                          CERTIFIED COPY                          PAGE: 09

                                                                          2003-08-004221-A

        *     *     *     *  C L E R K ' S   E N T R I E S  *    *    *    *

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC  (06)                  08    25    03

                                                                                30.00
                        00589201
                        HON. ANTHONY F. CONSTANT       BREACH OF CONTRACT
                        1570 FROST BANK PLAZA
                        CORPUS CHRISTI, TX.   78470 0000

                 VS
                                                                    RENE RAMIREZ
                        00173905
                        HON. RICARDO R. REYNA
                        1506 BEXAR CROSSING
COASTAL ENGINEERING, INC.; AND HONEYWELL, INC.    SAN ANTONIO, TX   78232 1587

                                                   07/16/04  MTN TO COMPEL DISCOVERY/GM
                                                             PLAINTIFF'S FOURTH AMENDED ORIGINAL
                                                             PETITION/C.OSTOS
                                                   07/19/04  PL'S UNOPPOSED MTN TO AMEND DOCKET
                                                             CONTROL ORDER TO FILE PL'S
                                                   07/19/04  FOURTH AMENDED ORIGINAL
                                                             PETITION/C.OSTOS
```

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 7/22/04
BY_____ DEPUTY

DISTRICT COURT ★ ★
CAMERON CO. TEXAS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**INDEX OF MATTERS BEING FILED**
**EXHIBIT "5"**

Exhibit 1:   All executed process in the case;

Exhibit 2:   Pleadings asserting cause of action and all answers to such pleadings;;

Exhibit 3:   All orders signed by the state judge;

Exhibit 4:   Docket sheet of the state court action (C-2003-08-4221-A);

Exhibit 5:   Index of matters being filed with this Notice of Removal;

      A.   Plaintiff's Original Petition

      B.   Plaintiff's First Amended Original Petition

      C.   Plaintiff's Second Amended Original Petition

      D.   Plaintiff's Third Amended Original Petition

      E.   Plaintiff's Fourth Amended Original Petition

      F.   Defendant's [Honeywell, Inc.] Original Answer subject to Motion to Abate

      G.   Defendant Honeywell, Inc.'s First Amended Original Answer to Plaintiff's First Amended Original Petition

      H.   Defendant Honeywell, Inc.'s Second Amended Original Answer to Plaintiff's First Amended Original Petition

      I.   Defendant's [Coastal Engineering, Inc.] Original Answer

      J.   Defendant Coastal Engineering, Inc.'s Original Answer to Plaintiff's First Amended Original Petition

Exhibit 6:   A list of all counsel of record

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

## EXHIBIT "6"

### A list of all counsel of record

Raymond L. Thomas
Andres H. Gonzalez, Jr.
KITTLEMAN, THOMAS, RAMIREZ
    & GONZALES, LLP
4900-B North Tenth Street
McAllen, TX  78504
(956) 686-8797
(956) 630-5199 (Facsimile)

*Attorneys for Defendant*
*Honeywell, Inc.*

Juan A. Magallanes
**MAGALLANES & HINOJOSA**
1713 Boca Chica Blvd.
Brownsville, TX  55402
(956) 544-6571
(956) 544-4290 (Facsimile)

Donald R. Harris
Terri L. Mascherin
JENNER & BLOCK
One IBM Plaza
Chicago, Illinois  60611
312-222-9350
312-527-0484 (Facsimile)

Nancy A. Wiltgen
Blake Shepard
LEONARD, STREET AND DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
(612) 335-1500
(612) 335-1657 (Facsimile)

---

Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, TX  78470
(361) 698-8000
(361) 887-8100 (Facsimile)

*Attorneys for Plaintiff*

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, TX  78577
(956) 783-7880
(956) 783-7884 (Facsimile)

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, TX 78520
(956) 541-3820
(956) 541-7694 (Facsimile

---

Ricardo R. Reyna                          *Attorneys Defendant*
Thomas A. Mailloux, II                    *Coastal Engineering*
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, TX 78232-1587
(210) 979-0100
(210) 979-7810 (Facsimile)

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
**Brownsville Division**

United States District Court
Southern District of Texas
FILED

JUL 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC. | ) ) ) |
| Defendants. | ) ) |

Civil Action No. **B-04-127**

## AFFIDAVIT OF RAYMOND L. THOMAS
## IN SUPPORT OF NOTICE OF REMOVAL

1.      I am over 21 years of age, fully competent, and have personal knowledge of the matters contained in this Affidavit. I am an attorney with the law firm of Kittleman, Thomas, Ramirez & Gonzales, PLLC, in McAllen, Texas. I am duly licensed to practice law in the State of Texas. I am also admitted to practice in the Southern District of Texas. I am an attorney of record for Honeywell International Inc. ("Honeywell"), a Defendant in the above-captioned matter. I offer this Affidavit in support of Honeywell's Notice of Removal.

2.      Honeywell is a citizen of Delaware and New Jersey.

3.      Honeywell and Plaintiff entered into a Building Services Contract in April, 1994, pursuant to which Honeywell installed certain HVAC equipment at the San Benito High School and performed certain maintenance services. A true and correct copy of the Building Services Contract is attached hereto as Exhibit 1. The parties signed five separate Addenda to the Building Services Contract between March 1, 1996 and February 28, 2001,

1

adding other schools to Honeywell's maintenance obligations. True and correct copies of the five Addenda are attached hereto as Exhibit 2.

4.     On August 25, 2003, Plaintiff filed this action in the 107th District Court of Cameron County, Texas, naming Honeywell and Coastal Engineering ("Coastal") as defendants and asserting claims with respect to the installation and maintenance of HVAC equipment at the San Benito High School. Coastal installed certain HVAC units at the High School acting as Honeywell's subcontractor. A true and correct copy of the subcontract between Honeywell and Coastal is attached hereto as Exhibit 3. Plaintiff subsequently filed four amended petitions in this case, the final two petitions assert that Honeywell breached Addenda Nos. 2, 3, 4, and 5 to the Building Services Contract in connection with its work at eleven of Plaintiff's schools and fraudulently induced Plaintiff to enter into Addenda 2-5. Plaintiff's Fourth Amended Original Petition was filed on or about July 16, 2004. A negligence claim was asserted against Coastal, and Coastal pleaded the statute of limitations among other defenses. Honeywell filed its Second Amended Original Answer on July 23, 2004 before this Notice of Removal was filed, but the filing of the Second Amended Original Answer does not yet appear on the state court's docket sheet.

5.     A true and correct copy of San Benito Consolidated Independent School District's Responses to Coastal Engineering, Inc.'s Interrogatories and Requests for Production is attached hereto as Exhibit 4. When asked by Coastal to identify and describe San Benito's complaints with respect to Coastal's performance, San Benito answered "This information is contained in the reports of [Assured Indoor Air Quality] previously produced to you." (Ex. 4 at 3.) I have reviewed the reports referenced in Plaintiff's Answer to Interrogatory Number 3. These reports purport to set forth the alleged damage at the eleven schools at issue in this case

2

and were prepared by H. William Holder and his company, Assured Indoor Air Quality. These reports do not identify Coastal as having committed any specific negligence at any of Plaintiff's schools.

6. On March 26, 2004, I caused to be served on Plaintiff Honeywell's Amended Notice Of Taking Videotaped Deposition of San Benito Consolidated Independent School District, a true and correct copy of which is attached hereto as Exhibit 5. That Notice stated that "[p]ursuant to [Texas Rule of Civil Procedure] 199.2, [Plaintiff] shall designate one or more individuals to testify on behalf of [Plaintiff] with regard to each school and location identified in Plaintiff's First Amended Original Petition." (Ex. 5 at 2.) The Notice specified that the 199.2 witness was to be competent to testify regarding "[t]he facts supporting [Plaintiff's] claim that [Plaintiff] 'suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas.'" (*Id.* at 3.) Plaintiff produced Mr. H. William Holder as its corporate representative and expert witness to testify on causation and damages.

7. On June 24 and 25, 2004 and on July 15 and 16, 2004, Honeywell took the deposition of Mr. Holder. A true and correct copy of excerpts of Mr. Holder's deposition transcript are attached hereto as Exhibit 6. Mr. Holder testified that the only wrongful conduct he is aware of regarding Coastal was related to Coastal's installation of HVAC equipment at the San Benito High School in 1994. (Ex. 6 at 168, 322-23.) Mr. Holder further testified that he had not calculated the amount of damages attributable to Coastal.

8. Prior to deposing Mr. Holder, Honeywell had taken the depositions of other witnesses designated by Plaintiff as generally having relevant knowledge of Plaintiff's

3

claims. None were able to identify acts or omissions by Coastal that caused the alleged damages set forth in Plaintiff's damage model.

        9.    On July 20, 2004, Honeywell received a letter from Coastal's counsel, a true and correct copy of which is attached hereto as Exhibit 7. Tellingly, this letter illustrates that counsel for Coastal, at least as of July 20, 2004, understands that discovery in this case has revealed that San Benito's claim against Coastal relates only to the 1994 installation at San Benito High School. In this letter Thomas Mailloux, Coastal's counsel, stated:

> As you are aware from discovery in this matter, including
> depositions, the Plaintiffs are only alleging negligent work by
> Coastal in regard to their work as a subcontractor for Honeywell at
> the High School. Furthermore, the only work performed by
> Coastal at the school district, as a subcontractor for Honeywell,
> was the work at the high school contained in the contract dated
> May 9, 1994 between Honeywell and Coastal.

(Ex. 7 at 1.)

        10.    Honeywell received an electronic version of the deposition transcript from the July 15 and 16 sessions of Mr. Holder's deposition on July 19, 2004.

FURTHER THE AFFIANT SAYETH NOT

 

_____
Raymond I. Thomas

Subscribed and sworn to before me this 23 day of July, 2004

_____
Notary Public

4

1

# Honeywell

## Building Services

PROPOSAL NO. 948-941010
948-02-94002

DATE April 8, 1994

AGREEMENT NO. *948-1400l, 948-1400 2*
*948-02-10679*
*948-03-10680*

By and between:

Home and Building Control
HONEYWELL INC.
506 Sandau, Suite #250
San Antonio, TX  78216

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
and (CLIENT)
San Benito, Texas

Services will be provided at the following location(s):

See pages 8-21 for services and locations.

Honeywell shall perform according to the terms and conditions on the pages attached and listed below:

Type of Service:

Honeywell Comprehensive School Services Program, Lighting Retrofit, Mechanical and Return Air Retrofit, Energy Management System, Security System/Monitoring, Mechanical Maintenance Program, Temperature Control Maintenance, Building Management Support Services, and Energy Savers Program.

Price:   See Special Services/Provisions page 3.

Maintenance Agreement Start Date:   **Maintenance will begin after installation and acceptance of the system by the school district.**

Invoicing and Payment Terms:

For ongoing service, invoices will be issued in advance of the period during which service is provided.

This proposal is effective through_____April 30, 1994_____

This proposal and the pages attached shall become a contract only upon signature below in space titled "Approved for Honeywell Inc." and upon continuance of credit approval by Honeywell. No waiver, change, or modification of any terms or conditions on this agreement shall be binding on Honeywell unless made in writing and signed by an officer or authorized manager of Honeywell.  Terms and Conditions (81-3453-071) Page 2, must be present for this contract to be binding.

HONEYWELL INC.

By _____
Scott D. Naab

School Services Representative
Title _____

Approved for Honeywell Inc.

By _____
Stephen B. Metcalf

Branch General Manager
Title _____

CLIENT:

SAN BENITO CONSOLIDATED I.S.D.

By _____

Superintendent
Title _____

Date _4/13/94_____

**HON 008**

**CONFIDENTIAL**

948-14001

TERMS AND CONDITIONS

GENERAL PROVISIONS

The term of all maintenance agreements will begin on the start date indicated for an initial term of  ten  years, and continue from year to year thereafter until terminated  by either party.

Either party may terminate this agreement by giving written notice thirty (30) days prior to the end of the then-current term.

Honeywell's obligation under this agreement is to provide a quality installation or service as provided in this agreement.

The client will provide reasonable means of access to all equipment covered by this agreement. Honeywell will be free to start and stop all primary equipment incidental to the operation of the mechanical system(s) as arranged with the client's representative.

Owner represents that, except to the extent it has given Honeywell written notice of the following described materials prior to the execution of this agreement, to the best of its knowledge, there is no asbestos, asbestos-containing material, formaldehyde, or other potentially toxic or otherwise hazardous material contained in or on the surface of the floors, walls, ceilings, insulation, or other structural components of the area of any building where work is required to be performed under this agreement. If any such materials are in fact encountered by Honeywell, or by others, whether disclosed or not, during the course of Honeywell's work, and such materials provide an unsafe condition, the discovery of such material shall constitute a cause beyond Honeywell's reasonable control and Honeywell shall have no obligation to, and shall not start or continue to perform its work under this agreement, until the area has been made safe by owner, or its designated representatives. Owner shall indemnify and hold Honeywell harmless from and against any and all claims and the costs of such claims, including attorney's fees, for damages for bodily injury and/or property damage, as well as delay or work stoppage in any way connected with, caused by, or resulting from such unsafe conditions, whether or not owner pre-notifies Honeywell of the existence of above-described materials. Likewise, any and all materials considered toxic or hazardous and which will be removed and disposed of as a condition of this agreement, such as obsolete lighting ballasts and bulbs, will remain the property of the owner, and all disposal costs shall be borne by the owner. The cost of disposal is not included in the price set forth above, unless specifically identified herein.

All installation and non-emergency services under this agreement will be performed during the normal working hours of Honeywell's normal working days.

The client will promptly notify Honeywell of any malfunction in the system(s) which comes to the client's attention.

If emergency service is included in the agreement, and if an emergency service call is made at the client's request, and inspection does not reveal any defect for which Honeywell is liable, the client will be liable for regular charges prevailing for such service.

In addition to the price set forth, the client agrees to pay any present and future taxes or any other governmental charges now or hereafter imposed by existing or future laws with respect to transfer, use, ownership, or possession of the equipment or services covered by this agreement.

The client agrees that, during the period of this agreement, the client or the client's employees and agents will not, without prior written permission by Honeywell, disclose any manuals or data relative to this agreement to any organization or individual, and will treat all information provided as proprietary.

Should the system being installed under the terms and conditions of this agreement use Honeywell's Power Line Carrier Communications as its transmission system, it is understood that no other signaling device will be used for the transmission of data through the existing network of the client's building power wiring, since such use could interfere with the system's ability to transmit data.

The client may not assign its rights or delegate its obligations under this agreement, in whole or in part, without the prior written consent of Honeywell. Honeywell may assign its right to receive payment to a third party.

Notwithstanding any other term of this agreement, Honeywell shall not be obligated to deliver any software to the client during the term of this agreement, including any extension or upgrade, unless and until the client executes Honeywell's standard software license applicable to the software to be delivered. Honeywell will not deliver software to other than the end user.

In years 6-10 Honeywell may  annually adjust any charges for ongoing maintenance and services.  This adjustment will be based on the Service Consumer Price Index and any unusual increases in labor and material costs.  Any increase in this program will be agreed upon by both parties before becoming activated.

LIMITATION OF LIABILITY

It is agreed that, in providing the system or services included in this agreement, Honeywell is not an insurer, and does not guarantee that no damage or injury to persons or property will occur.

Honeywell replaces or repairs any product that fails within the guarantee period (one year) because of defective workmanship or materials. The failure must not result from customer negligence, or from fire, lightning, water damage, etc. The customer warranty applies to both Honeywell-manufactured and outside-purchased (for resale) products. The warranty effective date is the date of customer acceptance, the date the job is finaled, or the date the customer begins to receive beneficial use of the product, whichever comes first.

THE WARRANTY SET FORTH HEREIN IS EXCLUSIVE, AND THE COMPANY EXPRESSLY DISCLAIMS ALL OTHER WARRANTIES, WHETHER WRITTEN, ORAL, IMPLIED OR STATUTORY, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OR MERCHANTABILITY, WORKMANSHIP, OR FITNESS FOR A PARTICULAR PURPOSE.

Honeywell's responsibility for damage or injury to persons or property that may be caused by or arise through furnishing, installing, maintaining, servicing, monitoring or performing any obligation under the agreement will be limited only to losses proximately caused by Honeywell's negligence. IN NO EVENT WILL WE BE LIABLE FOR INDIRECT, CONSEQUENTIAL, SPECIAL, SPECULATIVE, OR REMOTE DAMAGES.

Honeywell will not be liable for damages caused by delay in installation or interrupted service due to fire, flood, corrosive substances in the air, strike, lockout, dispute with workmen, inability to obtain material or services, commotion, war, acts of God such as lightning, or any other cause beyond Honeywell's reasonable control.

61-3453-071 (Page 2) REV 3/92 Electronic

CONFIDENTIAL        HON 009

# Honeywell

948-14001

## Special Services/Provisions

1. * Energy Conservation Services to be financed. Invoicing will be done on a monthly basis.          $25,256.00
   (This is a non-escalating ten (10) year agreement.) Cost does not include lighting retrofit
   of High School, Miller Jordan, or Berta Cabaza, which was submitted under the TEA grant
   application.

2. Honeywell will invoice on a monthly basis for Building Management and Support Services,          $11,673.00
   Mechanical Maintenance Program, Temperature Control Maintenance, and Monitoring.

   11,583.00

FINANCIAL OPTIONS

* A) This monthly payment reflects the program cost with financing provided by Citicorp. It
   includes progress payments to Honeywell during the course of installation and is based
   upon a base principal amount of $2,140,347.

  B) San Benito C.I.S.D. has the option of applying the $344,532 grant money to the principal
   amount financed through Citicorp. If this option is selected, the contract will be amended
   to reflect the revised figures.

NOTES:

1. It is agreed and understood that in order for San Benito C.I.S.D. to receive their available
   grant money ($344,532), a payment of $388,390 for the lighting retrofit (High School, Miller Jordan,
   Berta Cabaza) must be paid to Honeywell.

2. It is understood that Honeywell will mobilize upon execution of the contract and that San Benito
   C.I.S.D. will receive an installation schedule two weeks from the date of signing.

3. Honeywell's energy and operational savings guarantee shall not exceed the program cost.

**HON 010**

Client _Hector J. Ybarra_

For Honeywell

Date _4/13/94_

3353-452 REV 1/91 Electronic



*948-14001*

# Energy Savings and Operational Cost Reduction Guarantee - Schools

Honeywell guarantees that the program of retrofit and maintenance services described will recover $ __443,144__ in total savings, calculated as $ __193,504__ per guarantee year in energy savings, and the amount of $ __249,640__ per guarantee year will be credited as operational costs avoided, beginning on the first day of the month after client's final acceptance of installation of the equipment provided under this agreement. Each "guarantee year" shall be 12 months. The term of this contract is __10 (ten)__ year(s).

## ENERGY SAVINGS

The energy savings will be calculated by using standard computerized energy savings auditing procedures as described in Special Provisions; Audit Procedures, which compare the client's energy consumption in each year of the guarantee with the energy consumption of the base year (from __Jan 1992__ to __Dec 1993__ ).
    (mo/yr)              (mo/yr)

## ENERGY SAVINGS ADJUSTMENTS

The energy savings audit may be adjusted to account for factors listed in Special Provisions; Audit Procedures, and changes in agreed-upon operating practices (described below) which affect energy consumption between the base year and the guarantee period.

Energy savings that occur as a result of Honeywell work in the client's facility prior to client's final acceptance of total installation will be added to the total savings calculated for the first year of the guarantee.

## HOURS AND PRACTICES

To achieve these energy savings, Honeywell and the client agree upon these operating practices for the systems controlled: See Special Services/Provisions pages 6 and 7.

    (1)  that the systems operated during the base year (information provided by _____N/A_____ ):

| | during these normally operated hours: | | and within these temperature ranges: | |
|---|---|---|---|---|
| Weekdays | N/A (from) | N/A (to) | N/A (from) | N/A (to) |
| Saturdays | N/A (from) | N/A (to) | N/A (from) | N/A (to) |
| Sundays | N/A (from) | N/A (to) | N/A (from) | N/A (to) |
| Holidays, Off-season and Seasonal breaks | N/A (from) | N/A (to) | N/A (from) | N/A (to) |

    (2)  that the systems will operate during these hours: and within these temperature ranges:

| | that the systems will operate during these hours: | | | Cooling | | Heating | |
|---|---|---|---|---|---|---|---|
| Weekdays | N/A (from) | N/A (to) | Occ. | N/A (from) | N/A (to) | N/A (from) | N/A (to) |
| Saturdays | N/A (from) | N/A (to) | | | | | |
| Sundays | N/A (from) | N/A (to) | Unocc. | N/A (from) | N/A (to) | N/A (from) | N/A (to) |
| Holidays, Off-season and Seasonal breaks | N/A (from) | N/A (to) | | | | | |

    (3)  that the client will make no significant deviations from the initial computer operating program.
    (4)  that no part of the systems controlled will be placed in a permanent "on" operating mode.
    (5)  that the client will not manually operate any part of the systems controlled.
    (6)  that the client and Honeywell mutually agree to any other operating assumptions that will impact the projected savings detailed on the attached "Special Provisions" agreement page.
    (7)  that the client will send copies of utility bills to Honeywell as soon as possible, but no later than two weeks after receipt from utility company.
    (8)  that Honeywell may, as part of this agreement, adjust and fine-tune the building control systems to ensure maximum energy and operating efficiency.

**HON 011**

948-1400l

## OPERATIONAL COST AVOIDANCE

Honeywell and client agree that in addition to achieving the energy savings outlined above, the program of retrofit and maintenance services will be reducing operational costs, as defined on Special Provisions; Operational Cost Reductions. It is agreed that these operational cost reductions are considered satisfied upon contract execution.   See next page titled "San Benito C.I.S.D. Savings Analysis"

The parties agree that the annual operational costs avoided equal $   249,640   .

## RECONCILIATION

If, at the end of any guarantee year during the guarantee period, the program has failed to achieve the annual projected energy savings, upon written request given no earlier than the end of such year and no later than ninety (90) days thereafter, Honeywell will pay the client the difference between the annual amount guaranteed, and the actual energy and operational savings amount adjusted as provided in Audit Procedures.

Honeywell and the client also agree that if the annual savings amount exceeds the guarantee amount during any guarantee year, such excess savings amount will be either:

- added to the energy and operational savings for any future year before calculating the annual savings amount;

or

- billed back to the client not to exceed any amounts previously paid by Honeywell for energy and operational savings shortfalls.

## COMPLETE AGREEMENT ON ENERGY AND OPERATIONAL GUARANTEE

This guarantee represents the entire agreement between Honeywell and the Client with regard to the energy and operational guarantee. This guarantee does not include any documents, materials, commitments, representations or comments that are not expressly incorporated by reference into this guarantee. The parties agree that this guarantee describes the full and complete agreement with respect to such guarantee and that there are no other agreements relating to or modifying this provision.

## HONEYWELL'S RIGHT TO CANCEL

THE ENERGY AND OPERATIONAL SAVINGS GUARANTEE MAY BE NULLIFIED BY HONEYWELL: (1) IF THE CLIENT CAUSES SIGNIFICANT DEVIATIONS FROM ANY OF THESE OPERATING REQUIREMENTS WITHOUT PRIOR WRITTEN NOTICE TO, AND AGREEMENT BY, HONEYWELL; (2) IF ALTERATIONS OR ADDITIONS ARE MADE TO ANY OF THE EQUIPMENT; (3) IF HONEYWELL'S ABILITY TO RENDER SERVICES IS IMPAIRED BY CIRCUMSTANCES BEYOND ITS CONTROL; OR (4) IF THE CLIENT DOES NOT SEND TO HONEYWELL COPIES OF ALL CURRENT ENERGY BILLS AS SOON AS POSSIBLE, BUT NOT LATER THAN ~~TWO WEEKS~~ AFTER THE CLIENT HAS RECEIVED THESE BILLS. (30 workdays 5h. N.O.C.)

F THE HONEYWELL SERVICE MAINTENANCE CONTRACT COVERING THE RETROFIT AND MAINTENANCE EQUIPMENT DESCRIBED S CANCELED, THE GUARANTEE SHALL AUTOMATICALLY BE TERMINATED.

THIS GUARANTEE IS HONEYWELL'S SOLE LIABILITY WITH RESPECT TO ANY CLAIM FOR ENERGY AND OPERATIONAL SAVINGS. IN NO EVENT SHALL HONEYWELL BE LIABLE FOR INCIDENTAL, SPECIAL, CONSEQUENTIAL OR INDIRECT DAMAGES ARISING FROM OR RELATING TO PERFORMANCE OR DELIVERY OF ANY PRODUCT OR SERVICE PURSUANT TO THIS AGREEMENT, ANY RELATED SERVICE AGREEMENT, OR THIS GUARANTEE.

Client _____

For Honeywell _____

Date _____4/13/94_____

**HON 012**

943-1/4001

## SAN BENITO CISD SAVINGS ANALYSIS

| | | |
|---|---|---|
| 1. | Electrical Savings | $193,504 |
| 2. | Repair Buildings | $ 24,038 |
| 3. | Repair Equipment | $ 17,251 |
| 4. | Contracted Services | $  6,279 |
| 5. | Ballast Replacement | $ 16,645 |
| 6. | Other Supplies/Maintenance | $ 13,883 |
| 7. | Equipment Maintenance | $ 19,336 |
| 8. | Maintenance Salary with Fringe | $ 23,577 |
| 9. | Security Services | $ 48,131 |
| 10. | Future Equipment Upgrade (High School) | $ 80,500 |
| 11. | TEA Grant Money | $~34,532~ re SN. MR |
| | TOTAL ANNUAL SAVINGS | $~477,676~ |
| | | $ 443,144.— re SN. MR |

Mr. Joe Green

Mr. Ralph Castillo

Mr. Scott Naab

Mr. Nick Ibarra

pc: Mr. Hector Ibarra, Superintendent SBCISD

**CONFIDENTIAL**

HON 013

# Honeywell

## Special Services/Provisions

948-14001

ENERGY SAVINGS GUARANTEE

To achieve the savings stated on page 4, Honeywell will conduct two types of audits: an in-depth FASER audit of ten electrical meters at San Benito High School, and lighting runtime audits at Berta Cabaza Junior High School, Miller Jordan Intermediate School, Ed Downs Elementary School, Landrum Elementary School, and Sullivan Elementary School.

San Benito High School

To achieve the savings at San Benito High School, Honeywell and San Benito Consolidated Independent School District agree upon these operating practices for the systems controlled:

Base Year: Information provided by Carl Gentry

| HVAC Runtime: | Monday - Friday: | 6am - 4pm |
| | Saturday, Sunday: | off |
| | Holidays: | off |

| HVAC Setpoints: | 74 degrees - cooling |
| | 70 degrees - heating |

| Lighting Runtime: | Monday - Friday: | 6am - 5pm |
| | Saturday, Sunday: | off |
| | Holidays: | off |

New EMS Parameters:

| HVAC Runtime: | Monday - Friday: | 6am - 4pm |
| | Saturday, Sunday: | off |
| | Holidays: | off |

| HVAC Setpoints: | Occupied: | 78 degrees - cooling |
| | | 68 degrees - heating |
| | Unoccupied: | 90 degrees - cooling |
| | | 45 degrees - heating |

| Lighting Runtime: | Monday - Friday | 6am - 5pm |
| | Saturday, Sunday | off |
| | Holidays: | off |

Honeywell will audit the monthly electrical meter bills, and will compare the electrical energy consumption and demand in the current year with the electrical energy consumption and demand in the base year.

Client _Neiten J. Chairs_

For Honeywell _[signature]_

Date _4/13/94_

# Honeywell

## Special Services/Provisions

948-14001

ENERGY SAVINGS GUARANTEE

Berta Cabaza, Miller Jordan, Ed Downs, Landum, Sullivan

To achieve the savings at the above schools, Honeywell and San Benito Consolidated Independent School District agree upon these operating practices for the lights at each building:

Base Year:   Information provided by various principals, teachers, and janitors.

    Lighting Runtime:    Monday - Friday:    6am - 5pm
                               Saturday, Sunday:   off
                               Holidays:          off

New Parameters:

    Lighting Runtime:    Monday - Friday:    6am - 5pm
                               Saturday, Sunday:   off
                               Holidays:          off

Honeywell will install runtime meters on a representative number of lighting circuits at each of the above named schools. The meters will be read quarterly for input into Honeywell standardized runtime audit spreadsheet. The audit will compare the lighting energy consumption in the current year with the lighting consumption in the base year.

**HON 015**

Client

For Honeywell

Date  4/13/94

**Honeywell**

948-14001

# Honeywell Preferred Maintenance Services

at the High School.
Honeywell will maintain the systems described in the List of Maintained Equipment ~~and various other equipment~~
See Equipment List page 10.

See Equipment List page 10.

## PREVENTIVE MAINTENANCE

Each preventive maintenance call will be scheduled by a computer-prepared service report detailing exactly what tasks to perform, what skill levels are required, and what special tools and instrumentation are needed to maintain the systems at optimum comfort and efficiency levels.

Maintenance intervals will be determined by equipment run time, application, location, and Honeywell's computer data bank of maintenance experience and manufacturer's specifications, according to Honeywell's best judgment.

After each service call is completed, details from the service report will be provided to the client to ensure closed-loop performance.

## PREDICTIVE MAINTENANCE

System analysis will be performed on the equipment covered under this agreement to detect early signs of deteriorating performance and to predict potential equipment failures. After identifying potential problem areas, corrective action, as outlined in this agreement, will be taken.

## OPERATIONAL ANALYSIS

An analysis of the client's building environmental systems equipment condition and of operating procedures will be performed by Honeywell. Honeywell and the client will discuss the operational program and revisions to operational programs that are required to reduce energy consumption, minimize operating costs, and accommodate changing needs.

## ENERGY REVIEW    ☒ Included    ☐ Not Included    _W.J.L._ Customer's Initials

In addition, an energy review will be prepared and a written report submitted on a __semi-annual__ basis. The report will review all energy charges, including electricity, natural gas, fuel oil, coal, or other forms of purchased energy.

Honeywell's computer will compare the latest energy quantities consumed with base year consumption data and perform calculations based on degree hours to provide an ongoing measurement of the program's effectiveness. The base year is __Jan 1992__ to __Dec 1993__
                                                                    mo/yr                    mo/yr

Prior to each energy review, the client shall make available to Honeywell all current energy billings. Significant changes in operating schedules and addition or deletion of non-HVAC energy-using equipment (typewriters, computers, vending machines, industrial equipment, etc.) will be communicated to Honeywell as required to ensure current updating of the non-HVAC load in the client's building. These updates will prevent erroneous energy review results because of consumption changes unrelated to the HVAC systems.

## PERFORMANCE REVIEW

A review of the services provided within this agreement will be performed by Honeywell. Honeywell and the client will discuss work performed since the last review, answer any questions regarding this agreement, and determine if there are any other ways Honeywell can be of service.

## COMPONENT REPLACEMENTS

Honeywell will repair or replace worn or failed components and parts which are covered under this agreement. In addition, to minimize system failure, Honeywell will repair or replace doubtful components approaching the failure point.

These replacements will be of like or current design to retard system depreciation and obsolescence.

## EMERGENCY SERVICE

Every activity performed under this agreement is designed to minimize the incidence of emergency situations. However, back-up emergency service will be provided 24 hours a day to minimize downtime and inconvenience.

**HON 016**

948-14001

## COVERAGE

This agreement assumes the system to be in maintainable condition. If repairs are found necessary upon initial inspection or initial seasonal start-up, repair charges will be submitted for approval. Should these charges be declined, those non-maintainable items will be eliminated from the program and the agreement price adjusted accordingly.

It is understood that the repair, replacement, and emergency service provisions apply only to the systems and equipment covered by this agreement. Repair or replacement of non-maintainable parts of the system such as, but not limited to, ductwork, piping, shell and tube (for boilers, evaporators, condensers, and chillers), unit cabinets, boiler refractory material, heat exchangers, insulating material, electrical wiring, hydronic and pneumatic piping, structural supports, and other non-moving parts, is not included under this agreement.

In the event that the system or any equipment component thereof is altered, modified, changed, or moved, this agreement may be immediately terminated at Honeywell's option.

If automatic valve and damper maintenance and repair are included in this agreement, the client agrees that the labor required for their physical removal and installation is not included.

**HON 017**

# Honeywell

948-14001

## Equipment List

The following equipment will be ~~operated and maintained~~ maintained by Honeywell as part of this agreement:

High School

| | |
|---|---|
| (17) | 20 ton Carrier or Trane units (rooftop) |
| (2) | 30 ton Carrier or Trane units (rooftop) |
| (5) | 25 ton Carrier or Trane units (rooftop) |
| (9) | 15 ton Carrier or Trane units (rooftop) |
| (4) | 10 ton Carrier or Trane units (rooftop) |
| (4) | 7.5 ton Carrier or Trane units (rooftop) |
| (2) | 5 ton Carrier or Trane units (rooftop) |
| (2) | 2.5 ton Carrier Split System Units |
| (3) | 1.5 ton Bryant Split System Units |
| (28) | 2 ton Trane Split System Units |

**HON 018**

**CONFIDENTIAL**

# Honeywell

## Temperature Control Maintenance

948-14001

Honeywell will maintain all temperature controls on the chiller and boiler located at Miller Jordan Middle School.

## PREVENTIVE MAINTENANCE

Each preventive maintenance call will be scheduled by a computer-prepared service report detailing exactly what tasks to perform, what skill levels are required, and what special tools and instrumentation are needed to maintain the systems at optimum comfort and efficiency levels.

Maintenance intervals will be determined by equipment application, location, and Honeywell's computer data bank of maintenance experience and manufacturer's specifications, according to Honeywell's best judgment.

After each service call is completed, details from the service report will be provided to the client to ensure closed-loop performance.

## COMPONENT REPLACEMENTS

Honeywell will repair or replace worn or failed components and parts which are covered under this agreement. In addition, to minimize system failure, Honeywell will repair or replace doubtful components approaching the failure point.

These replacements will be of like or current design to retard system depreciation and obsolescence.

## EMERGENCY SERVICE

Every activity performed under this agreement is designed to minimize the incidence of emergency situations. However, back-up emergency service will be provided 24 hours a day to minimize downtime and inconvenience.

## ONGOING SUPPORT SERVICES

**Energy Review**    ☐ Included     ☒ Not Included         /Customer's Initials
See Special Services/Provisions pages 6 and 7 for auditing procedures.
In addition, an energy review will be prepared and a written report submitted on a _____ NA _____ basis. The report will review all usage and charges, including electricity, natural gas, fuel oil, coal, or other forms of purchased energy. energy

Honeywell's computer will compare the latest energy consumed with base year consumption data and perform calculations based on degree hours to provide an ongoing measurement of the program's effectiveness.

The client shall make available to Honeywell all current energy billings on a monthly basis. Significant changes in proposed operating schedules and addition or deletion of energy-using equipment will be communicated to Honeywell as required to ensure current updating of the base-year energy profile of the client's building. These updates will prevent erroneous energy review results because of consumption changes unrelated to the Energy Management System.

### Performance Review

A review of the services provided within this agreement will be performed by Honeywell service operations. Honeywell and the client will discuss work performed since the last review, answer any questions regarding this agreement, and determine if there are any other ways Honeywell can be of service.

## Software Support Services for Direct Digital Controls

The following provisions apply for all Direct Digital Control devices and components:

Honeywell will review current data and applications and will verify correct operation of connected HVAC equipment. In addition, a current data and applications printout will be provided.

Honeywell will also provide updates and revisions to standard Honeywell software (included in the attached List of Maintained Equipment) which enhance system operation to prevent system obsolescence. Third-party software not supplied by Honeywell, and any labor and/or hardware required to implement functional enhancements will be the client's responsibility.

**HON 019**

**CONFIDENTIAL**

948-14001

## COVERAGE

This agreement assumes the system to be in maintainable condition. If repairs are found necessary upon initial inspection or initial seasonal start-up, repair charges will be submitted for approval. Should these charges be declined, those non-maintainable items will be eliminated from the program and the agreement price adjusted accordingly.

It is understood that the repair, replacement, and emergency service provisions apply only to the systems and equipment covered by this agreement. Repair or replacement of non-maintainable parts of the system such as, but not limited to, ductwork, piping, unit cabinets, insulating material, electrical wiring, hydronic and pneumatic piping, structural supports, and other non-moving parts, is not included under this agreement.

In the event that the system or any equipment component thereof is altered, modified, changed, or moved, this agreement may be immediately terminated at Honeywell's option.

If automatic valve and damper maintenance and repair are included in this agreement, the client agrees that the labor required for their physical removal and installation is not included.

**HON 020**

# Honeywell

948-14001

# Building Management Support Services

Honeywell will service the systems/components described in the attached List of Maintained Equipment.

## APPLICATION SUPPORT SERVICES

Honeywell will conduct an annual on-site analysis of occupancy and operation schedules to ensure that mechanical systems are operating as programmed. Honeywell will review current data and verify that customer applications of the software are working to maximize system use and improve building operating efficiency. This application support will include a written evaluation of current system use, as well as recommendations to enhance system operation and reduce operating costs.

## SOFTWARE SUPPORT SERVICES

Honeywell will review current data and applications and will verify correct operation of connected HVAC equipment. In addition, a current data and applications printout will be provided.

Honeywell will also provide updates and revisions to standard Honeywell software (included in the attached List of Maintained Equipment) which enhance system operation to prevent system obsolescence. Third-party software not supplied by Honeywell, and any labor and/or hardware required to implement functional enhancements, will be the client's responsibility.

Honeywell will provide documentation to operate all licensed software supplied by Honeywell.

## HARDWARE SUPPORT SERVICES

Honeywell will perform scheduled predictive and diagnostic services on the equipment covered under this agreement to detect early signs of deteriorating performance and predict potential failures. After identifying potential problem areas, corrective action, as outlined in this agreement, will be taken. Each call will use advanced tools, instrumentation, and software diagnostics.

If the system covered by this agreement includes fire and/or life safety functions, Honeywell will perform ___N/A___ test(s) per year per initiating device and furnish a written report certifying that such tests have been completed.

Honeywell will repair or replace failed components and parts which are covered under this agreement. In addition, to minimize system failure, Honeywell will repair doubtful components approaching the failure point. These replacements will be of current design to retard system deterioration and obsolescence. On systems which require U.L. status, U.L.-approved products will be used to maintain system integrity.

## EMERGENCY RESPONSE

Every activity performed under this agreement is designed to minimize the incidence of emergency situations. However, should an emergency arise, qualified Honeywell personnel will assess the emergency situation within two hours, either by phone or by remote system diagnostics, and will determine the required course of action with the client. If necessary, Honeywell will respond on-site within ___24___ hours (not to exceed 24 hours, unless specifically authorized by the client).

Honeywell will perform this emergency service 24 hours a day, 7 days a week.

## OPERATOR TRAINING SUPPORT SERVICES

To provide for the proper ongoing operation and improving application of the building management system by client personnel, Honeywell personnel will conduct ___8___ hours (no fewer than 8) of on-site client training dedicated to operating and/or programming issues mutually pre-determined by the client and Honeywell.

The Honeywell Professional Development Center conducts regularly scheduled training sessions on System Operation and Programming. If "Included" is checked below, the client may annually send ___N/A___ person(s) to any one of these sessions tuition-free.

☐ INCLUDED   ☒ NOT INCLUDED   *W.J.L.*  CLIENT'S INITIALS

**CONFIDENTIAL**

**HON 021**

948-14001

## ADDITIONAL SUPPORT SERVICES

### Performance Review

A performance review of the services provided within this agreement will be performed annually by Honeywell. Honeywell and the client will discuss work performed since the last review, answer any questions regarding this agreement, and determine if there are any other ways Honeywell can be of service.

## DELTANET OWNER/USER GROUP PARTICIPATION

This client's agreement with Honeywell entitles the client to attend any of Honeywell's periodic field symposiums on aspects of general building operations.

## COVERAGE

This agreement assumes the system covered to be in maintainable condition. If repairs are found necessary upon initial inspection, repair charges will be submitted for approval. Should these charges be declined, those non-maintainable items will be eliminated from the program and the agreement price adjusted accordingly.

It is understood that the repair, replacement, and emergency service provisions apply only to the systems and equipment covered by this agreement. Repair or replacement of non-maintainable parts of the system such as, but not limited to, unit cabinets, electrical wiring, and other non-moving parts, is not included under this agreement.

Honeywell will not reload software, nor make repairs or replacements necessitated by reason of negligence or misuse of the equipment by others, or caused by lightning, electrical storm, or other violent weather or by any other cause beyond our control.

Honeywell may install diagnostic devices to enhance system operation and support. Upon termination of the contract, Honeywell may remove these devices and return the system to original operation.

If automatic valve and damper maintenance and repair are included in this agreement, the client agrees that the labor required for their physical removal and installation is not inlcuded.

**HON 022**

# Honeywell

## Special Services/Provisions

948-14001

Energy Management System

High School

Honeywell will provide a turnkey installation of the W7600 Energy Management System which includes design, engineering, programming, installation, system checkout, and operator training.

Equipment

(3) W7600 G panels
(3) Q7600 G communication boards
(3) W7601 B Expansion boards
(1) S7600 B Keyboard display
(2) Q7640 B Network Interface Units
(2) Q7620 A Network repeaters
(76) W7620 Control modules
(76) T7660 Space Sensors
(1) C7170 a Outside Air sensor
(1) Modem
(1) ZM7603 Software package

All associated transformers, relays and wire are included. San Benito is reponsible for providing the pc front end (IBM- compatible 486pc with windows software). Honeywell will not be responsible for the removal of the old powerline Carrier system currently at the High School.

**HON 023**

Client _Hector J. Ybarra_

For Honeywell _____

Date _4/13/94_

# Honeywell

## Special Services/Provisions

948-14001

Lighting Retrofit
DISTRICTWIDE
The Honeywell Lighting Enhancement Package varies depending on the existing light fixture. Most of the retrofits will include T-8 lamps, electric ballasts, and silver reflectors. The highly efficient lamps and reflectors maintain light levels and increase light quality while reducing both electricity and maintenance costs
Lamps - Sylvania (1year warranty)
Ballast - Valmont or Osram (3 year warranty)
Silver Reflector - 10 year warranty
Honeywell will be responsible for the disposal of all lamps and ballast.

The following fixtures will be retrofitted at each campus:

High School
(2,691) Four foot fixtues
(41) Eight foot fixtures
(19) 60 watt incandescent lamps

Miller Jordan
(102) Eight foot fixtures
(1,165) Four foot fixtures
(65) 60 watt incandescent lamps
(20) Exit fixtures
(52) 300 watt incandescent lamps

Berta Cabaza
(637) Eight foot fixtures
(111) Four Foot fixtures
(12) 300 watt incandescent lamps
(16) Exit fixtures
(26) 200 watt incandescent lamps
(72) 60 watt incandescent lamps

Rangerville
(115) four foot fixtures
(13) 60 watt incandescent lamps
(3) exit fixtues
(124) eight foot fixtures

S. Fred Booth
(113) eight foot fixtures
(27) four foot fixtures
(13) 60 watt incandescent lamps
(4) 300 watt incandescent lamps

**HON 024**

Client _Victor J. Llanes_

For Honeywell _____

Date _4/13/94_

**CONFIDENTIAL**

**Honeywell**

## Special Services/Provisions

948-14001

N. Fred Booth
(162) Eight foot fixtures
(4) Four foot fixtures
(14) 60 watt incandescent lamps

La Encantada
(110) eight foot fixtures
(44) four foot fixtures
(28) 60 watt incandescent lamps
(3) exit fixtures
(1) 300 watt incandescent lamps

Dr. Cash
(181) eight foot fixtures
(22) 60 watt incandescent lamps
(106) four foot fixtures

Frank Roberts
(72) four foot fixtures
(126) eight foot fixtures
(22) 60 watt incandescent lamps
(18) 300 watt incandescent lamps

Landrum
(129) four foot fixtures
(264) eight foot fixtures
(30) 60 watt incandescent lamps
(8) 300 watt incandescent lamps
(15) exit fixtures
(9) 75 watt incandescent lamps

Sullivan
(253) four foot fixtures
(62) eight foot fixtures
(4) exit fixtures
(9) 300 watt incandescent lamps
(27) 60 watt incandescent lamps

Ed Downs
(254) four foot fixtures
(113) eight foot fixtures
(26) 60 watt incandescent lamps
(11) exit fixtures

**HON 025**

Client _Hector J. Ybarra_

For Honeywell _____

Date _4/13/94_

# Honeywell

## Special Services/Provisions

948-1400l

La Paloma
(228) four foot fixtures
(24) eight foot fixtures
(19) 60 watt incandescent lamps

Administration
(36) four foot fixtures
(25) eight foot fixtures
(6) 60 watt incondescent lamps

Maintenance Shop
(29) four foot fixtures
(48) eight foot fixtures
(4) 60 watt incandescent lamps

Tax Office
(38) eight foot fixtures
(4) four foot fixtures
(3) 60 watt incandescent lamps

Calendet Center
(36) eight foot fixtures
(7) 60 watt incandescent lamps
(2) four foot fixtures

**HON 026**

Client _Victor J. Glosser_
For Honeywell _____
Date _4/13/94_

**Honeywell**

## Special Services/Provisions

948- 1400/

Mechanical and Return Air Retrofit

High School
As part of this project Honeywell will install (43) high efficiency rooftop units at the High School. Rooftop units will be Carrier or Trane. Also as part of this project Honeywell will rebuild or modify the return air plenum as needed.
Equipment
(2) 30 ton units
(5) 25 ton units
(17) 20 ton units
(9) 15 ton units
(4) 10 ton units
(4) 7.5 ton units
(2) 5 ton units

The following equipment and labor is included
(1) New electrical disconnect per unit
(1) Adaptor curb per unit
2-KW heat per nominal ton per unit
(1) Honeywell fire - stat per unit
(1) Honeywell smoke detector per unit
    Electrical disconnection and reconnection of all affected units
Labor and equipment to remove/dispose and install A/C units as listed above.
All units installed will deliver the appropriate amout of CFM as specified by the manufacturer of the unit.

Exclusions:
1) Work by other trades such as:
a. Painting (except for equipment touch-up painting)
b. Cutting or patching (unless required because of our error in layout or installation)
c. Formed concrete work.
2. Utility bills such as water, electrical power, etc.
3. Responsibility for the sizing of the A/C equipment (information on units provided by San Benito Maintenance personnel)
4. Does not include any modification of the existing supply ductwork.

Responsibilities for San Benito Consolidated Independent School District:

1) Removal of obstructions from the return air grills located on the doors.

2) Remove return air grills from the ceiling and replace with ceiling tile.

**HON 027**

Client _Hector J. Sharra_

For Honeywell

Date _4/13/94_

# Honeywell

*948-14001*

## Special Services/Provisions

Security System / Monitoring

High School
Honeywell will install the following CCTV security system at the high school.
(2) 15 inch monitors
(6) still cameras and lenses
(1) VCR
(8) monitor rack
(12) housing - tinted domes
(1) lock box for VCR, wire, cable, quad Splitters and power supply

La Paloma
Honeywell sill install the following security systems at each school including monitoring.
(1) 5800 control pane
(1) 540 keypad
(9) transmitters and power supply
(1) receiver
(14) single door contacts
(2) double door contacts
(5) motion detectors
(1) outdoor siren

La Encantada
(1) 5800 control panes
(1) 540 keypad
(9) transmitters and power supply
(1) receiver
(20) single door contacts
(5) motion detectors
(1) outdoor sirens

Rangerville
(1) 5800 control panel
(1) 540 keypad
(11) transmitters and power supply
(1) receiver
(33) single door contacts
(5) motion detectors
(1) outdoor siren

* San Benito CISD will be responsible for providing (1) phone jack extension at each school for the security panel.

**HON 028**

Client _Nector J. Clarka_

For Honeywell _____

Date _4 / 13 / 94_

# Honeywell

## Special Services/Provisions

948-14001

Energy Savers Program

All Elementary Schools

The following materials will be provided to San Benito to CISD as part of the Energy Savers Program.

School Coordinator Guide. This guide is provided to the Energy Sabers Program Coordinator in each school participating in the School Services Program. This guide provides:

- orientation procedures to inform teachers and staff of the technological improvements made to save energy at their school;

- orientation procedures to inform teachers about ther Energy Savers Program and to destribute energy curriculum materials;

- a guide for organizing and conducting an Energy Savers Club for students.

Energy Source Curriculum. This curriculum, developed by a national, nonprofit organization, contains nine complete, two-week instructional units. A unit is provided for each grade level, kindergarten through 6. Honeywell will provided two units per grade level at each elementary school.

Teacher Guide. This guide, which is packaged along with the Energy Source curriculum units, explains the Energy Savers Program and provides acitivities to use with students to help make them aware of the technological improvements and to help them develop energy-saving habits and behaviors.

Be An Energy Saver Poster. The poster, which is also packaged with the Energy Source units, contains energy conservation rules that students and staff can follow to help save energy and maximize the school's energy savings.

HON 029

Client _Nestor J. Glarza_

For Honeywell _____

Date _4/13/94_

**CONFIDENTIAL**

2

# Table of Contents



**San Benito**
Consolidated Independent School District



1  **ADDENDUM NO. 1**



2  **ADDENDUM NO. 2**

3  **ADDENDUM NO. 3**

4  ADDENDUM No. 4

5  Addendum No. 5

**CONFIDENTIAL**      AVERY  READY INDEX™ INDEXING SYSTEM      **HON 030**

# Building Service

948-03-96001
948-961002
PROPOSAL NO. 438-01-96001
DATE March 1, 1996
AGREEMENT NO. Addendum #1

By and between:

Home and Building Control
HONEYWELL INC.
506 Sandau, Suite #250
San Antonio, TX 78216

SAN BENITO C.I.S.D.
and (CUSTOMER)

Services will be provided at the following place(s):

Miller Jordan Miller School, San Benito, Texas

Honeywell shall perform according to the terms and conditions on the pages attached and listed below:

Type of Service:

Energy Retrofit Services
Honeywell Preferred Maintenance
~ Building Management Support Services

Price:   See Special Services/Provisions page 3.

Maintenance Agreement Start Date: No later than 30 days after acceptance of the system
by the school district.

Invoicing and Payment Terms: For ongoing service, invoices will be issued in advance of the period during which service is provided.

Customer agrees to pay Honeywell the amount due upon receipt of invoice.

This proposal is effective through _____ March 22, 1996 _____

This proposal and the pages attached shall become a contract only upon signature below in space titled "Approved for Honeywell Inc." and upon continuance of credit approval by Honeywell. No waiver, change, or modification of any terms or conditions on this agreement shall be binding on Honeywell unless made in writing and signed by an officer or authorized manager of Honeywell. Terms and Conditions (81-3453-071) Page 2, must be present for this contract to be binding.

HONEYWELL INC.

By _____
Scott D. Naab

Schools Team Leader
Title

Approved for Honeywell Inc.

By _____
Michael W. Taylor

Branch General Manager
Title

CUSTOMER:

SAN BENITO C.I.S.D.

By _____

Joe O. Gonzalez, Superintendent
Title

March 22, 1996
Date

81-3453-071 REV 6-94 (SVCSIGN Electronic)
DOC:

(continued on page 2 of 81-3453-071)

Page   1   of   17

**CONFIDENTIAL**

**HON 031**

TERMS AND CONDITIONS

## GENERAL PROVISIONS

The term of all maintenance agreements will begin on the start date indicated for an initial term of two (10) ten years, and continue from year to year thereafter until terminated (not to exceed an additional five years).

Either party may terminate this agreement by giving written notice thirty (30) days prior to the end of the then-current term.

Honeywell's obligation under this agreement is to provide a quality installation or service as provided in this agreement.

Customer will provide reasonable means of access to all equipment covered by this agreement. Honeywell will be free to start and stop all primary equipment incidental to the operation of the mechanical system(s) as arranged with the Customer's representative.

Customer represents that, except to the extent it has given Honeywell written notice of the following described materials prior to the execution of this agreement, to the best of its knowledge, there is no asbestos, asbestos-containing material, formaldehyde, or other potentially toxic or otherwise hazardous material contained in or on the surface of the floors, walls, ceilings, insulation, or other structural components of the area of any building where work is required to be performed under this agreement. If any such materials are in fact encountered by Honeywell, or by others, whether disclosed or not, during the course of Honeywell's work, and such materials provide an unsafe condition, the discovery of such material shall constitute a cause beyond Honeywell's reasonable control and Honeywell shall have no obligation to, and shall not start or continue to perform its work under this agreement, until the area has been made safe by Customer, or its designated representatives. Customer shall indemnify and hold Honeywell harmless from and against any and all claims and the costs of such claims, including attorney's fees, for damages for bodily injury and/or property damage, as well as delay or work stoppage in any way connected with, caused by, or resulting from such unsafe conditions, whether or not Customer pre-notifies Honeywell of the existence of above-described materials. Likewise, any and all materials considered toxic or hazardous and which will be removed and disposed of as a condition of this agreement, such as obsolete lighting ballasts and bulbs, will remain the property of Customer, and all disposal costs shall be borne by Customer. The cost of disposal is not included in the price set forth above, unless specifically identified herein.

All installation and non-emergency services under this agreement will be performed during the normal working hours of Honeywell's normal working days.

Customer will promptly notify Honeywell of any malfunction in the system(s) which comes to Customer's attention.

If emergency service is included in the agreement, and if an emergency service call is made at Customer's request, and inspection does not reveal any defect for which Honeywell is liable, Customer will be liable for regular charges prevailing for such service.

In addition to the price set forth, Customer agrees to pay any present and future taxes or any other governmental charges now or hereafter imposed by existing or future laws with respect to transfer, use, ownership, or possession of the equipment or services covered by this agreement.

Customer agrees that, during the period of this agreement, Customer or Customer's employees and agents will not, without prior written permission by Honeywell, disclose any manuals or data relative to this agreement to any organization or individual, and will treat all information provided as proprietary.

Should the system being installed under the terms and conditions of this agreement use Honeywell's Power Line Carrier Communications as its transmission system, it is understood that no other signaling device will be used for the transmission of data through the existing network of Customer's building power wiring, since such use could interfere with the system's ability to transmit data.

Customer may not assign its rights or delegate its obligations under this agreement, in whole or in part, without the prior written consent of Honeywell. Honeywell may assign its right to receive payment to a third party.

Notwithstanding any other term of this agreement, Honeywell shall not be obligated to deliver any software to Customer during the term of this agreement, including any extension or upgrade, unless and until Customer executes Honeywell's standard software license applicable to the software to be delivered. Honeywell will not deliver software to other than the end user.

Honeywell will annually adjust any charges for ongoing maintenance and services. This adjustment will be based on the Service Consumer Price Index and any unusual local increases in labor and material costs. Any increase in this program will be agreed upon by both parties before becoming activated.

## LIMITATION OF LIABILITY

It is agreed that, in providing the system or services included in this agreement, Honeywell is not an insurer, and does not guarantee that no damage or injury to persons or property will occur.

Honeywell replaces or repairs any product that fails within the guarantee period (one year) because of defective workmanship or materials. The failure must not result from Customer negligence, or from fire, lightning, water damage, etc. Customer warranty applies to both Honeywell-manufactured and outside-purchased (for resale) products. The warranty effective date is the date of Customer acceptance, the date the job is finaled, or the date Customer begins to receive beneficial use of the product, whichever comes first.

THE WARRANTY SET FORTH HEREIN IS EXCLUSIVE, AND THE COMPANY EXPRESSLY DISCLAIMS ALL OTHER WARRANTIES, WHETHER WRITTEN, ORAL, IMPLIED OR STATUTORY, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OR MERCHANTABILITY, WORKMANSHIP, OR FITNESS FOR A PARTICULAR PURPOSE.

Honeywell's responsibility for damage or injury to persons or property that may be caused by or arise through furnishing, installing, maintaining, servicing, monitoring or performing any obligation under the agreement will be limited only to losses proximately caused by Honeywell's negligence. IN NO EVENT WILL WE BE LIABLE FOR INDIRECT, CONSEQUENTIAL, SPECIAL, SPECULATIVE, OR REMOTE DAMAGES.

Honeywell will not be liable for damages caused by delay in installation or interrupted service due to fire, flood, corrosive substances in the air, strike, lockout, dispute with workmen, inability to obtain material or services, commotion, war, acts of God such as lightning, or any other cause beyond Honeywell's reasonable control.

HON 032

## CONFIDENTIAL

## Special Services/Provisions

1. Energy Retrofit Services for Phase II to be financed by Citicorp. It includes progress payments to Honeywell during the course of installation and is based upon a principle amount of $636,200.00.

MONTHLY PAYMENT  $7,154.83

2. Honeywell will invoice on a monthly basis for Preferred Mechanical Maintenance and Building Management Support Services.

MONTHLY PAYMENT  $4,193.00

- Honeywell will honor the scope of work that was presented in the Honeywell proposal dated January 30, 1996 and titled "Comprehensive School Services Program, Phase II Miller Jordan Middle School Mechanical Retrofit", hereafter refer to as attachment "A". The exception to attachment "A" are the changes that were presented and approved by the School Board on February 26, 1996 (see attachment B). These changes are reflected in this contract.

- The Thermal Energy Storage System and chilled water system shall be designed to satisfactorily and efficiently carry current peak cooling load for classrooms of approximately 200 tons.

- The system shall be designed to maintain space temperature ranges of 72 to 78 degrees in the cooling mode in the occupied areas. Savings were calculated based on 74 degrees in the cooling mode, and should the district operate at a lower cooling temperature than 74 degrees, adjustments will be made on the audit.

- Any mobilization that occurs while the school is in session will not interfere with normal campus activities. It is the understanding of the San Benito School District that the chilled water system will be non operational from May 31, 1996 to August 12, 1996. The district will have the ability to conduct school, i.e.; operational and beneficial use by August 12, 1996.

- Once the contracts have been signed, a start-up meeting will be held to discuss timelines on rebate monies and payment schedules. This meeting will take place no later than three weeks after the contract signing.

Client    Joe D. Gonzalez

For Honeywell

Date    March 22, 1996

**CONFIDENTIAL**

**HON 033**

## HONEYWELL SCHOOL SERVICES PROGRAM
## MISSED COST PROJECTIONS

Phase II Miller Jordan

| Scope of Work | Increase Cost As Presented 2/8 | Revised Cost As Of 2/22 |
|---|---|---|
| *Equipment (Fan coil units, Thermal Storage System) | $46,200 | $46,200 |
| Fan Coil Installation (electrical, sheetmetal, piping) | $19,800 | N/C |
| Thermal Storage Installation (electrical, piping) | $19,400 | N/C |
| Wall Installation | $11,200 | N/C |
| *Equipment (Energy Management System) | $36,800 | Revised |
| *Energy Management Installation | $15,600 | Revised |
| Total Cost Increase | $149,000 | $46,200 |
| Original Estimated Cost | $590,000 | $590,000 |
| New Total Cost | $741,000 | $636,200 |
| Less Early Refinance Savings | | $14,400 |
| Actual Cost to San Benito CISD (Missed project cost estimate of 5.3%) | | $621,800 |

*Explanation of missed costs
Increase in Equipment cost due to estimating error with fan coil units.
The Energy Management System was originally designed and estimated based on discussions with District employees of providing the same type of control system at the High School.

**CONFIDENTIAL**

HON 034

# SAN BENITO CISD
# CASH FLOW ANALYSIS
## PHASE II (Miller Jordan)

Date: Feburary 22, 1996

Scope: Thermal Storage Retrofit, Energy Management System, and Maintenance

| YEAR | ANNUAL * SAVINGS | HONEYWELL ** PROGRAM COST | ANNUAL CASH FLOW | CUMULATIVE CASH FLOW |
|------|------------------|---------------------------|------------------|----------------------|
| 1 | $535,698 | $514,936 | $20,762 | $20,762 |
| 2 | $557,126 | $544,936 | $12,190 | $32,952 |
| 3 | $579,411 | $544,936 | $34,475 | $67,427 |
| 4 | $602,587 | $544,936 | $57,651 | $125,078 |
| 5 | $626,691 | $544,936 | $81,755 | $206,833 |
| 6 | $651,759 | $544,936 | $106,823 | $313,656 |
| 7 | $677,829 | $544,936 | $132,893 | $446,549 |
| 8 | $704,942 | $544,936 | $160,006 | $606,555 |
| 9 | $733,140 | $544,936 | $188,204 | $794,758 |
| 10 | $762,465 | $544,936 | $217,529 | $1,012,288 |

At the end of the 10 year program San Benito will have avoided $1,012,288 in energy and operational costs.

* Program savings in years 2-10 are escalated at 4% per year based on projected labor, utility and material increas
** $544,936 - $30,000(estimated CP&L rebate) = $514,936

HON 035

**CONFIDENTIAL**

# Energy Savings and Operational Cost Reduction Guarantee - Schools

Honeywell guarantees that the program of retrofit and maintenance services described will recover $ __92,554.00__ in total savings, calculated as $ __14,000.00__ per guarantee year in energy savings, and the amount of $ __78,554.00__ per guarantee year will be credited as operational costs avoided, beginning on the first day of the month after client's final acceptance of installation of the equipment provided under this agreement. Each "guarantee year" shall be 12 months. The term of this contract is __10__ year(s).

## ENERGY SAVINGS

The energy savings will be calculated by using standard computerized energy savings auditing procedures as described in Special Provisions: Audit Procedures, which compare the client's energy consumption in each year of the guarantee with the energy consumption of the base year (from __1/95__ (mo/yr) to __12/95__ (mo/yr) ).

## ENERGY SAVINGS ADJUSTMENTS

The energy savings audit may be adjusted to account for factors listed in Special Provisions; Audit Procedures, and changes in agreed-upon operating practices (described below) which affect energy consumption between the base year and the guarantee period.

Energy savings that occur as a result of Honeywell work in the client's facility prior to client's final acceptance of total installation will be added to the total savings calculated for the first year of the guarantee.

## HOURS AND PRACTICES

To achieve these energy savings, Honeywell and the client agree upon these operating practices for the systems controlled:

(1) that the systems operated during the base year (information provided by ___original contract___ ):

| during these normally operated hours: | | and within these temperature ranges: | |
|---|---|---|---|
| | from / to | | from / to |
| Weekdays | 6:00am / 5:00pm | 72 / 74 |
| Saturdays | — / — | — / — |
| Sundays | — / — | — / — |
| Holidays, Off-season and Seasonal breaks | — / — | — / — |

(2) that the systems will operate during these hours:

and within these temperature ranges:

| | from / to | Cooling | | Heating | |
|---|---|---|---|---|---|
| | | from / to | | from / to | |
| Weekdays | 6:00am / 5:00pm | Occ. | 74 / 78 | 66 / 70 |
| Saturdays | — / — | | | |
| Sundays | — / — | Unocc. | 85 / 90 | 50 / 55 |
| Holidays, Off-season and Seasonal breaks | — / — | | | |

(3) that the client will make no significant deviations from the initial computer operating program.
(4) that no part of the systems controlled will be placed in a permanent "on" operating mode.
(5) that the client will not manually operate any part of the systems controlled.
(6) that the client and Honeywell mutually agree to any other operating assumptions that will impact the projected savings detailed on the attached "Special Provisions" agreement page.
(7) that the client will send copies of utility bills to Honeywell as soon as possible, but no later than two weeks after receipt from utility company.
(8) that Honeywell may, as part of this agreement, adjust and fine-tune the building control systems to ensure maximum energy and operating efficiency.

OPERATIONAL COST AVOIDANCE

Honeywell and client agree that in addition to achieving the energy savings outlined above, the program of retrofit and maintenance services will be reducing operational costs, as defined on Special Provisions; Operational Cost Reductions. It is agreed that these operational cost reductions are considered satisfied upon contract execution.

The parties agree that the annual operational costs avoided equal $   78,554.00   .

## RECONCILIATION

If, at the end of any guarantee year during the guarantee period, the program has failed to achieve the annual projected energy savings, upon written request given no earlier than the end of such year and no later than ninety (90) days thereafter, Honeywell will pay the client the difference between the annual amount guaranteed, and the actual energy and operational savings amount adjusted as provided in Audit Procedures.

Honeywell and the client also agree that if the annual savings amount exceeds the guarantee amount during any guarantee year, such excess savings amount will be either:

- added to the energy and operational savings for any future year before calculating the annual savings amount;

or

- billed back to the client not to exceed any amounts previously paid by Honeywell for energy and operational savings shortfalls.

## COMPLETE AGREEMENT ON ENERGY AND OPERATIONAL GUARANTEE

This guarantee represents the entire agreement between Honeywell and the Client with regard to the energy and operational guarantee. This guarantee does not include any documents, materials, commitments, representations or comments that are not expressly incorporated by reference into this guarantee. The parties agree that this guarantee describes the full and complete agreement with respect to such guarantee and that there are no other agreements relating to or modifying this provision.

## HONEYWELL'S RIGHT TO CANCEL

THE ENERGY AND OPERATIONAL SAVINGS GUARANTEE MAY BE NULLIFIED BY HONEYWELL: (1) IF THE CLIENT CAUSES SIGNIFICANT DEVIATIONS FROM ANY OF THESE OPERATING REQUIREMENTS WITHOUT PRIOR WRITTEN NOTICE TO, AND AGREEMENT BY, HONEYWELL; (2) IF ALTERATIONS OR ADDITIONS ARE MADE TO ANY OF THE EQUIPMENT; (3) IF HONEYWELL'S ABILITY TO RENDER SERVICES IS IMPAIRED BY CIRCUMSTANCES BEYOND ITS CONTROL; OR (4) IF THE CLIENT DOES NOT SEND TO HONEYWELL COPIES OF ALL CURRENT ENERGY BILLS AS SOON AS POSSIBLE, BUT NOT LATER THAN TWO WEEKS AFTER THE CLIENT HAS RECEIVED THESE BILLS.

IF THE HONEYWELL SERVICE MAINTENANCE CONTRACT COVERING THE RETROFIT AND MAINTENANCE EQUIPMENT DESCRIBED IS CANCELED, THE GUARANTEE SHALL AUTOMATICALLY BE TERMINATED.

THIS GUARANTEE IS HONEYWELL'S SOLE LIABILITY WITH RESPECT TO ANY CLAIM FOR ENERGY AND OPERATIONAL SAVINGS. IN NO EVENT SHALL HONEYWELL BE LIABLE FOR INCIDENTAL, SPECIAL, CONSEQUENTIAL OR INDIRECT DAMAGES ARISING FROM OR RELATING TO PERFORMANCE OR DELIVERY OF ANY PRODUCT OR SERVICE PURSUANT TO THIS AGREEMENT, ANY RELATED SERVICE AGREEMENT, OR THIS GUARANTEE.

Client    Joe O. Gonzalez

For Honeywell

Date    March 22, 1996

**CONFIDENTIAL**

HON 037

# Special Provision
# Operational Cost Reductions

The client agrees that since Honeywell does not have fiscal control over the client's budget or budgetary process, the client accepts responsibility for implementing the identified cost reductions listed below where necessary. The client agrees to allow Honeywell access to the client's accounting records for each separate fund and/or program established by the client to account for energy and operational costs for future reporting needs if necessary.

ANNUAL SAVINGS FOR THE NEXT TEN YEARS

| | |
|---|---|
| Electrical Savings | $14,000 |
| Repair Equipment/Contracted Services | $19,454 |
| FUTURE COST AVOIDANCE Miller Jordan A/C Equipment Upgrade ($591,000/10 years) | $59,100 |
| TOTAL ANNUAL SAVINGS | $92,554 |
| Rebate from CP&L (First year only) | $30,000 |

Client    Joe D. Gonzalez

For Honeywell

Date    March 22, 1996

CONFIDENTIAL

HON 038

# Special Provisions -
# Audit Procedures

## AUDIT METHODOLOGY

The measurement of energy consumption associated with retrofits and installed energy management equipment is a comparison between the energy consumed during each guarantee year and the base year, subject to the below stated adjustments.

Honeywell's standard energy audit software is FASER™ or its equivalent. The adjustment methods used in the software are described below.

## ADJUSTMENTS

### Billing Period

Adjustment to the comparison periods to reflect same start date and equal number of days being compared.

### Weather Adjustment

Adjustment to the base period to reflect weather differences between the base and current periods.

### Square Footage Adjustment

Additions or closures of floor space will be accounted for and factored into the comparison of base and current years.

### Operational & Occupancy Hours Adjustment

Addition or reduction in sizes/types and hours of use for equipment will be accounted for and factored into the comparison of base and current years. Significant changes in conditioning setpoints will also be accounted for and adjusted.

### Production Adjustment

Adjustment to the base period to reflect production differences between the base and current periods.

### Utility Rate

The energy savings cost avoidance calculation will use current rate schedules and charges as they apply to the current monthly utility billing issued. In no case, however, will the rate used to calculate the savings be lower than the base year utility rate.

### Demand Charges

The demand charges incurred as a result of equipment usage that is not affected by the Honeywell program will be accounted for and adjusted.

Client    Joe D. Gonzalez

For Honeywell

Date    March 22, 1996

FASER™ is a trade mark of OmniComp.

81-7443-015 (SPCPROAP Electronic)
DOC:

Page   7   of   17

**CONFIDENTIAL**

HON 039

# Honeywell Preferred Maintenance Services

Honeywell will maintain the systems described in the List of Maintained Equipment and/or on these drawings:

See Equipment List Page 10.

## PREVENTIVE MAINTENANCE

Each preventive maintenance call will be scheduled by a computer-prepared service report detailing exactly what tasks to perform, what skill levels are required, and what special tools and instrumentation are needed to maintain the systems at optimum comfort and efficiency levels.

Maintenance intervals will be determined by equipment run time, application, location, and Honeywell's computer data bank of maintenance experience and manufacturer's specifications, according to Honeywell's best judgment.

After each service call is completed, details from the service report will be provided to the client to ensure closed-loop performance.

## PREDICTIVE MAINTENANCE

System analysis will be performed on the equipment covered under this agreement to detect early signs of deteriorating performance and to predict potential equipment failures. After identifying potential problem areas, corrective action, as outlined in this agreement, will be taken.

## OPERATIONAL ANALYSIS

An analysis of the client's building environmental systems equipment condition and of operating procedures will be performed by Honeywell. Honeywell and the client will discuss the operational program and revisions to operational programs that are required to reduce energy consumption, minimize operating costs, and accommodate changing needs.

## ENERGY REVIEW          ☒ Included          ☐ Not Included          _____ Customer's Initials

In addition, an energy review will be prepared and a written report submitted on a _____annual_____ basis. The report will review all energy charges, including electricity, natural gas, fuel oil, coal, or other forms of purchased energy.

Honeywell's computer will compare the latest energy quantities consumed with base year consumption data and perform calculations based on degree hours to provide an ongoing measurement of the program's effectiveness. The base year is ___1/95___ to ___12/95___.

Prior to each energy review, the client shall make available to Honeywell all current energy billings. Significant changes in operating schedules and addition or deletion of non-HVAC energy-using equipment (typewriters, computers, vending machines, industrial equipment, etc.) will be communicated to Honeywell as required to ensure current updating of the non-HVAC load in the client's building. These updates will prevent erroneous energy review results because of consumption changes unrelated to the HVAC systems.

## PERFORMANCE REVIEW

A review of the services provided within this agreement will be performed by Honeywell. Honeywell and the client will discuss work performed since the last review, answer any questions regarding this agreement, and determine if there are any other ways Honeywell can be of service.

## COMPONENT REPLACEMENTS

Honeywell will repair or replace worn or failed components and parts which are covered under this agreement. In addition, to minimize system failure, Honeywell will repair or replace doubtful components approaching the failure point.

These replacements will be of like or current design to retard system depreciation and obsolescence.

## EMERGENCY SERVICE

Every activity performed under this agreement is designed to minimize the incidence of emergency situations. However, back-up emergency service will be provided 24 hours a day to minimize downtime and inconvenience.

81-34S3-067 REV 12/92 (HPMSVCS Electronic)          (continued on page 2 of 81-3453-067)          Page __8__ of __17__
DOC:

CONFIDENTIAL

HON 040

## COVERAGE

This agreement assumes the system to be in maintainable condition. If repairs are found necessary upon initial inspection or initial seasonal start-up, repair charges will be submitted for approval. Should these charges be declined, those non-maintainable items will be eliminated from the program and the agreement price adjusted accordingly.

It is understood that the repair, replacement, and emergency service provisions apply only to the systems and equipment covered by this agreement. Repair or replacement of non-maintainable parts of the system such as, but not limited to, ductwork, piping, shell and tube (for boilers, evaporators, condensers, and chillers), unit cabinets, boiler refractory material, heat exchangers, insulating material, electrical wiring, hydronic and pneumatic piping, structural supports, and other non-moving parts, is not included under this agreement.

In the event that the system or any equipment component thereof is altered, modified, changed, or moved, this agreement may be immediately terminated at Honeywell's option.

If automatic valve and damper maintenance and repair are included in this agreement, the client agrees that the labor required for their physical removal and installation is not included.

**CONFIDENTIAL**

HON 041

# Equipment List

The following equipment will be operated and/or monitored by Honeywell as part of this agreement:

(1) 150 ton air-cooled chiller
(2) chilled water pumps
(1) hot water pump
(1) gas fired boiler
(63) fan coil units
(1) 40 ton a/c unit
(4) 7.5 ton a/c units
(4) 5 ton a/c units
(3) 4 ton a/c units
(1) 3 ton a/c unit
(2) 1.5 ton a/c units
(4) gas fired unit heaters

Honeywell is not responsible for maintaining window units and changing the air filters. San Benito Consolidated Independent School District agrees to change filters on a monthly basis.

CONFIDENTIAL

# Building Management Support Services

Honeywell will service the systems/components described in the attached List of Maintained Equipment.

## APPLICATION SUPPORT SERVICES

Honeywell will conduct an annual on-site analysis of occupancy and operation schedules to ensure that mechanical systems are operating as programmed. Honeywell will review current data and verify that customer applications of the software are working to maximize system use and improve building operating efficiency. This application support will include a written evaluation of current system use, as well as recommendations to enhance system operation and reduce operating costs.

## SOFTWARE SUPPORT SERVICES

Honeywell will review current data and applications and will verify correct operation of connected HVAC equipment. In addition, a current data and applications printout will be provided.

Honeywell will also provide updates and revisions to standard Honeywell software (included in the attached List of Maintained Equipment) which enhance system operation to prevent system obsolescence. Third-party software not supplied by Honeywell, and any labor and/or hardware required to implement functional enhancements, will be the client's responsibility.

Honeywell will provide documentation to operate all licensed software supplied by Honeywell.

## HARDWARE SUPPORT SERVICES

Honeywell will perform scheduled predictive and diagnostic services on the equipment covered under this agreement to detect early signs of deteriorating performance and predict potential failures. After identifying potential problem areas, corrective action, as outlined in this agreement, will be taken. Each call will use advanced tools, instrumentation, and software diagnostics.

If the system covered by this agreement includes fire and/or life-safety functions, Honeywell will perform _____N/A_____ test(s) per year per initiating device and furnish a written report certifying that such tests have been completed.

Honeywell will repair or replace failed components and parts which are covered under this agreement. In addition, to minimize system failure, Honeywell will repair doubtful components approaching the failure point. These replacements will be of current design to retard system deterioration and obsolescence. On systems which require U.L. status, U.L.-approved products will be used to maintain system integrity.

## EMERGENCY RESPONSE

Every activity performed under this agreement is designed to minimize the incidence of emergency situations. However, should an emergency arise, qualified Honeywell personnel will assess the emergency situation within two hours, either by phone or by remote system diagnostics, and will determine the required course of action with the client. If necessary, Honeywell will respond on-site within _____24_____ hours (not to exceed 24 hours, unless specifically authorized by the client).

Honeywell will perform this emergency service 24 hours a day, 7 days a week.

## OPERATOR TRAINING SUPPORT SERVICES

To provide for the proper ongoing operation and improving application of the building management system by client personnel, Honeywell branch personnel will conduct _____8_____ hours (no fewer than 8) of on-site client training dedicated to operating and/or programming issues mutually pre-determined by the client and Honeywell.

The Honeywell Professional Development Center conducts regularly scheduled training sessions on System Operation and Programming. If "Included" is checked below, the client may annually send _____N/A_____ person(s) to any one of these sessions tuition-free.

☐ INCLUDED    ☒ NOT INCLUDED    CLIENT'S INITIALS

81-3453-078 REV 5/92 (BMSS Electronic) OOC:    (continued on page 2 of 81-3453-078)    Page ___11___ of ___17___

CONFIDENTIAL                    HON 043

ADDITIONAL SUPPORT SERVICES

### Performance Review

A performance review of the services provided within this agreement will be performed annually by Honeywell. Honeywell and the client will discuss work performed since the last review, answer any questions regarding this agreement, and determine if there are any other ways Honeywell can be of service.

## DELTANET OWNER/USER GROUP PARTICIPATION

This client's agreement with Honeywell entitles the client to attend any of Honeywell's periodic field symposiums on aspects of general building operations.

## COVERAGE

This agreement assumes the system covered to be in maintainable condition. If repairs are found necessary upon initial inspection, repair charges will be submitted for approval. Should these charges be declined, those non-maintainable items will be eliminated from the program and the agreement price adjusted accordingly.

It is understood that the repair, replacement, and emergency service provisions apply only to the systems and equipment covered by this agreement. Repair or replacement of non-maintainable parts of the system such as, but not limited to, unit cabinets, electrical wiring, and other non-moving parts, is not included under this agreement.

Honeywell will not reload software, nor make repairs or replacements necessitated by reason of negligence or misuse of the equipment by others, or caused by lightning, electrical storm, or other violent weather or by any other cause beyond our control.

Honeywell may install diagnostic devices to enhance system operation and support. Upon termination of the contract, Honeywell may remove these devices and return the system to original operation.

If automatic valve and damper maintenance and repair are included in this agreement, the client agrees that the labor required for their physical removal and installation is not included.

**CONFIDENTIAL**

**HON 044**

# Equipment List

The following equipment will be maintained ~~or provided and installed~~ by Honeywell as part of this agreement:

(3) W7600G panels
(3) Q7600G communication modules
(3) S7600G display modules
(3) W7601B expander boards
(1) outside air sensor
(3) R7600G relay modules
(75) space sensors
(5) well sensors

**CONFIDENTIAL**

# Equipment List

The following equipment will be operated and/or monitored by Honeywell as part of this agreement:
maintained

(1)  W7600G panel
(1)  Q7600G communication module
(1)  S7600G display module
(1)  W7601B expander board
(1)  outside air sensor
(3)  R7600G relay modules
(73) space sensors
(6)  well sensors
(73) W7620 control modules
(1)  Q7640C network interface unit
(1)  Q7620 repeater

**CONFIDENTIAL**

**HON 046**

## ENERGY MANAGEMENT SYSTEM

Miller Jordan Miller School

Honeywell will provide a turnkey installation of the W7600 Energy Management System which includes design, engineering, programming, installation, system checkout, and operator training.  All wiring associated with this installation is included.

Equipment

(3) W7600G panels
(3) Q7600G communication modules
(3) S7600G display modules
(3) W7601B expander boards
(3) transformers
(1) W7640B network interface units
(75) space sensors
(75) relays
(31) valves
(5) well sensors
(3) R7600G relay modules
(1) outside air sensor

CONFIDENTIAL

HON 047

Honeywell

5-7-96

## ENERGY MANAGEMENT SYSTEM

Miller Jordan Middle School

Honeywell will provide a turnkey installation of the W7600 Energy Management System which includes design, programming, installation, system checkout and operator training. All wiring associated with this installation is included.

Equipment

(1)  W7600G panel
(1)  Q7600G communication module
(1)  S7600G display module
(1)  W7601B expander board
(75) transformers
(1)  Q7640C network interface unit
(73) space sensors
(73) relays
(31) valves
(6)  well sensors
(3)  R7600G relay modules
(1)  outside air sensor
(1)  Q7620 repeater

Page 14 of 17

**CONFIDENTIAL**                          HON 048

## MECHANICAL RETROFIT

As part of this turn-key project, Honeywell will install the following:

Equipment

(31) 3 ton upright fan coil units (Trane or Carrier)
(31) VP525 pneumatic valves
(1) 1200 ton-hour Thermal Storage (TES) System (Trane/Calmac or Store/More)
(1) 500 gpm TES pump
(1) 200 ton plate and frame heat exchanger
(1) 500 gpm building water pump
(1) 20 horsepower variable speed drive
(2) 5 inch 3-way valves

The following equipment and labor is included:
- New concrete pad for TES
- New electrical disconnects for TES
- Sheetrock and R-11 insulation for 31 rooms
- Sheetrock closet for 31 fan coil units
- Wall penetrations for outside air
- Electrical disconnection and reconnection of all affected units
- Removal and disposal of A/C units listed above

Exclusions:
1. Work of other trades:
   - Painting (except for new sheetrock walls and closets)
   - Cutting or patching (unless required for installation)
2. Utility bills such as water, electrical power, natural gas.

Page 15 of 17

**CONFIDENTIAL**

HON 049

Honeywell

## MECHANICAL RETROFIT

As part of this turn-key project, Honeywell will install the following:

Equipment

Item

| | |
|---|---|
| 1 | (28) 3.5 Ton Vertical Fan Coil Unit Carrier Model 42D |
| 2 | (3) 4.0 Ton Vertical Fan Coil Unit Carrier Model 42D |
| 3 | (31) Control Valves and Flow Setters Carrier |
| 4 | (1) Model 30GT-170-6-SD Carrier Air Cooled Chiller |
| 5 | (3) FAFCO Inc. Thermal Storage Inceptors 1250 Tons |
| 6 | (1) Vertical End Suction Glycolmixture Pump Weinman 4KL-131 15 H.P. 560 GPM |
| 7 | (1) 25% Glycol Charge Mixture |
| 8 | (1) APV Heat Exchanger Type SR6AA MGS-10   200 Tons |
| 9 | (2) Honeywell 5" Three-Way Valves |
| 10 | (1) Retrofit 2 existing CHW Water Pump with new impellers, bearings, seals, coupling inserts, 20 H.P. motor to deliver 500 GPM |
| 11 | (1) Variable Frequency Drive on Normal Operation Chilled Water Pump |
| 12 | (1) Existing starter connected to standby chilled water pump |
| 13 | (1) Variable Frequency Drive on Glycol Pump |
| 14 | (1) New 400 amp breaker 460/3/60 and circuit |
| 15 | (1) New 50 amp Breaker 460/3/60 and circuit |
| 16 | (1) Glycol Expansion Tank |
| 17 | (1) 5" Butterfly Valve with Pneumatic Operator |
| 18 | (32) Pneumatic Operator and Repair Kits for existing,F&C Units |
| 19 | (32) New Filter Frames for Existing Units |
| 20 | (1) Temperature Control System |

The following equipment and labor is included:

- New Engineered Concrete Pad for Thermal Storage Tank
- Extend Existing 6' chain link fence to Enclose Thermal Storage Tanks
- Connect Existing Chilled Water Piping to New Heat Exchanger
- Install Thermal Storage Tanks, Chiller, Pumps, and Heat Exchanger on concrete pads
- Install Piping per Engineered Drawings to Connect Chiller, Storage Tanks, and Heat Exchanger
- Sheetrock and R-11 Insulation for 31 rooms
- Sheetrock Closet for 31 fan coil units

Q:\emold\query\embiss.doc

CONFIDENTIAL

HON 050

**honeywell**

- Install 31 New Fan Coil Units in Closets
- Install 64 Supply Air Grilles in the Top of Each Closet for air Distribution

   Ductwork to be sheet metal in closets

- 31 Wall Penetrations with Duct, Rainguard, and Bird Screen
- Electrical Disconnection and Reconnection of all Affected Units
- Removal and Disposal of Old Equipment
- Removal of Trash
- Clean Coils in 32 Existing Fan Coil Units
- Clean Blowers and Filter Section on 32 Existing Fan Coil Units
- Replace Motors, Bearings, Coupling, Fan Wheel and Shafts as Required to Obtain Original Design Performance from Existing 32 Fan Coil Units
- Place Installed Equipment in Operation and Test Operating and Control Functions

Exclusions:

1. Work of other trades:
   - Painting (except for new sheetrock walls and closets)
   - Cutting or patching (unless required for installation)
2. Utility bills such as water, electrical power, natural gas.

Page 15a of 17

C:\...\...\....doc

## Scope of Work

**Central Plant**

The chiller will be replaced with a Thermal Energy Storage (TES) system which will make ice at night, and use the ice to cool the building during the day. This will effectively reduce the building peak demand 150 KW by displacing approximately 1200 ton-hrs.

The system by-pass valve and water pumps will be removed. The pumps will be replace with larger pumps that are able to handle the increased flow. The pumps will be equipped with a variable speed drive which will match the water flow to the system load.

A W7600 control system will be installed to control the chiller, boiler, pumps, and changeover automatically. The control system will be tied into the central control system to enable remote control and monitoring.

**Classrooms**

The fan coil units in the original building (Rms. 1-21, 30, 32, 34-41) will be removed, and replaced with an upright fan coil located in a drywall closet in the same corner of the room. Duct work will penetrate the top of the closet and distribute air diagonally across the room. The Home Economics room (Rms. 31 and 33) are served by four window units which will be cleaned and calibrated.

A sheetrock wall with R11 insulation will be erected on the inside of the exterior glass wall in the original classrooms. One section of windows will remain as a fire-escape window. The fire escape window can be tied into the campus' new security system, but is not included in this scope.

The fan coil units in the newer classrooms (Rms. 22-29, 42-63) will be cleaned and calibrated to insure proper operation.

The existing electric/pneumatic control system will be checked and calibrated. In the original classrooms, the pneumatic thermostat and electric fan switch will be relocated to the closet wall. The thermostat will monitor the space temperature and will open or close the water valve to maintain setpoint. The wall mounted electric switch will regulate the unit's fan speed. The W7600 controller in the main Mechanical Room will enable and disable the fan coil units based on a pre-determined schedule. Each room will be equipped with a temperature sensor that will be accessible from the central computer.

CONFIDENTIAL

HON 052

**Cafetorium**
The 40 ton condensing unit and the two 7.5 ton condensing units and their associated air handling units will be cleaned and calibrated to insure proper operation. The existing control system will be checked and calibrated.

**Administration / Library / Band Hall / Field House**
The air handling units and condensing units will be cleaned and calibrated to insure proper operation. The existing control system will be checked and calibrated.

**Choir Building / Gymnasium A/C / Portable Buildings**
The window air conditioners serving the Choir building, gymnasium, and the portable buildings are not be tied into the two pipe system, nor will they be controlled or monitored by the central computer. The units will be cleaned and calibrated to insure proper operation.

Page 17 of 17

**CONFIDENTIAL**

HON 053

# ADDENDUM No. 2 TO HONEYWELL AGREEMENT
## BETWEEN HONEYWELL INC. AND
## SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

THIS ADDENDUM dated November 1, 1998 shall be part of and incorporated into the Honeywell Agreements 948-14001 dated April 8, 1994 and 948-16002 dated March 1, 1996 Contract numbers 948-02-10703 and 948-03-10680 ("Agreement(s)") by and between Honeywell Inc. ("Honeywell") and San Benito Consolidated Independent School District ("Customer"). Honeywell and San Benito Consolidated Independent School District agree to modify the above named Agreement as follows:

1. Unless otherwise provided herein, the terms and conditions of this Addendum shall amend, control and take precedence over any conflicting terms in the Agreement.

2. TERMS AND CONDITIONS, General Provisions – For a period of Three years beginning on November 1, 1998, the term of the existing Agreement(s) above is hereby suspended. This add will become effective on November 1, 1998 and continue for a period of three years. After this initial term of three years this addendum will be considered cancelled and will revert back to the original "Agreement(s)" terms and conditions.

3. Honeywell Preferred Maintenance Services on the HVAC and Energy Management System

   Special Services/Provisions

   Total Price for Mechanical Maintenance, Temperature Control Maintenance and Energy Management Systems Maintenance is $218,000 per year for the schools listed below:

   | Effective Date | School Name |
   | --- | --- |
   | November 1, 1998 | Senior High School |
   | November 1, 1998 | Miller Jordan Middle School |
   | November 1, 1998 | Administration & Parental Involvement Building |
   | November 1, 1998 | Senior High Sports Complex |
   | November 22, 1998 | Dr. Garza Elementary. |
   | May 15, 1999 | Miller Jordan Middle School Gym |
   | June 29, 1999 | HS/Career Technology Bldg. & Classrooms |
   | July 29, 1999 | Berta Cabaza Middle School. |

San Benito CISD shall furnish and maintain phone lines, drain lines, electrical service, air filters, window units and air ducts at the above listed schools and to HVAC/EMS equipment locations at these schools.

San Benito Addendum2/krs/10-23-98

1

CONFIDENTIAL                                    HON 054

Upon completion of the Energy Management System, installation of the equipment associated with the EMS will be included in this agreement at no additional cost for the following schools:

Administration & Parental Involvement Building
Miller Jordan Middle School Gym
Senior High Sports Complex

ATTACHMENT A "Equipment List" identifies the items covered under this agreement for the schools listed above.

4. The installation of the EMS will start in accordance with the following Schedule

| School Name | Installation Schedule |
|---|---|
| Admin P. & Invol | Within 90 days after execution of this addendum |
| Miller Jordan Gym | Within 90 days after execution of this addendum |
| H/S Sports Complex | Within 180 days after execution of this addendum |

5. Energy Savings and Operational Cost Reduction Guarantee – Schools – this section has been cancelled and will be reinstated effective November 1, 2001. The Energy Audits and Guarantee will be restarted after this three year period for the remaining years of the Agreement(s). The energy savings will be adjusted to reflect any changes that may have occurred during the three years.

6. San Benito CISD will provide a list of equipment/operating practices that have changed. This list will be provided to Honeywell on quarterly basis during the three years, as soon as possible after the end of each quarter, but no later that three weeks after the quarter ends.

<u>NO OTHER MODIFICATIONS</u>

Except as expressly set forth in this Addendum, all of the terms and conditions of the Agreement entered into between the parties remain in full force and effect.

SAN BENITO CONSOLIDATED                    HONEYWELL INC
INDEPENDENT SCHOOL DISTRICT                HOME AND BUILDING CONTROL

By:_____ Joe D. Gonzalez _11-16-98_    By:_____

Title:_____ Superintendent _____       Title:__ sour f d a _____

Date:_____ 11-16-98 _____              Date:__ 12-4-98 _____

**CONFIDENTIAL**                                        **HON 055**

<u>ADDENDUM NO. 3 TO HONEYWELL AGREEMENT
BETWEEN HONEYWELL INC. AND
SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT</u>

THIS ADDENDUM dated April 3, 2000 shall be part of and incorporated into the Honeywell Agreements 948-14001 dated April 8, 1994 and 948-16002 dated March 1, 1996, Contract numbers 948-02-10703 and 948-03-10680 ("Agreement (s)") by and between Honeywell Inc. ("Honeywell") and San Benito Consolidated Independent School District ("Customer"). Honeywell and San Benito Consolidated Independent School District agree to modify the above named Agreement as follows:

1.   Honeywell proposes to incorporate the additional schools to Addendum No.2, dated November 1, 1998, signed by Superintendent, Joe D. Gonzalez. Terms and Conditions will continue with the existing program through the remaining term. After the initial term of Addendum No. 2, the addendum will be considered cancelled, and will revert to the original "Agreement(s)" terms and conditions. Before the end of the term, Honeywell and San Benito CISD will meet to renegotiate all of the contracts.

2.   Honeywell Preferred Maintenance Services on the HVAC and Energy Management System.

     Special Services/Provisions:

     Total Price for Addendum No. 3 for Mechanical Maintenance, Temperature Control Maintenance and Energy Management Systems Maintenance is $109,000 for the remaining term of Addendum No. 2 for the schools listed below:

| Effective Date: | School Name |
|---|---|
| May 1, 2000 | Dr. Cash Elementary |
| May 1, 2000 | La Paloma Elementary |
| May 1, 2000 | Rangerville Elementary |
| May 1, 2000 | Ed Downs Elementary |
| May 1, 2000 | Miller Jordan Library |

San Benito CISD shall furnish and maintain phone lines, drain lines, electrical service, air filters, coil cleaning, window units and air ducts at the above listed schools and to HVAC/EMS equipment locations at these sites.

REC. 4-26-00
SET 2-3 Re

SBCISD Addendum 3                              1 of 2                              April 3, 2000

**CONFIDENTIAL**                                                        HON 056

3.  The total monthly cost for Addendum No. 2 is currently $18,167.00. The total monthly cost for Addendum No. 3 is $6,056.00. Total Combined billing for Addendum No. 2 and No. 3 will be $24,223.00 per month, through the remaining term as noted in Addendum No. 2.

4.  Energy Savings and Operational Cost Reduction Guarantee will remain as stated in Addendum No. 2 dated November 1, 1998.

5.  San Benito CISD will provide a list of equipment/operating practices that have changed. The list will be provided to Honeywell on a quarterly basis during the years of the Agreement(s). The energy savings will be adjusted to reflect any changes that may have occurred.

## NO OTHER MODIFICATIONS:

Except as expressly set forth in this Addendum, all of the terms and conditions of the Agreement entered into between the parties remain in full force and effect.

SAN BENITO CONSOLIDATED                      HONEYWELL INC.
INDEPENDENT SCHOOL DISTRICT                  HOME AND BUILDING CONTROL

By: _____                 By: _____
       Joe D. Gonzalez
Title: ___Superintendent_____            Title: _OPERATIONS SUPERVISOR_

Date: ____4/28/00_____             Date: ___5/2/00_____

SBCISD Addendum 3                    2 of 2                    April 3, 2000

**CONFIDENTIAL**                                              **HON 057**

**Honeywell**

Home and Building Control
Honeywell
506 Sandau Rd Ste 250
San Antonio TX 78216


April 25, 2000


Mr. Adrian Garcia
San Benito CISD
240 N. Crockett
San Benito, Texas 78586

Adrian,

Per SBCISD School Board meeting on April 11, 2000 a consensus was reached
to sign Honeywell's Addendum #3 for Preferred Maintenance Services on the
HVAC and Energy Management System at Dr. Cash Elementary, La Paloma
Elementary, Rangerville Elementary, Ed Downs Elementary and Miller Jordan
Library.

Attached are three sets of Addendum #3 for Superintendent Joe D. Gonzalez to
sign. After Addendum #3 has been signed, would you please mail one of the
signed addenda's back to my attention. Thank you so much for your help.

Regards,

Sonia H. Carmona
Service Account Specialist
Home & Building Control

/shc

Attachments

Cc:     Ralph Castillo, San Benito CISD
        Ron Streight, Honeywell TX01

Fed Exp A/B #811352499001

Printed with Soy Ink on
50% Recycled Paper, 30% Post-Consumer

**HON 058**

# Honeywell

# ADDENDUM NO. 4

## TO HONEYWELL AGREEMENT
## BETWEEN HONEYWELL INC. AND
## SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

THIS ADDENDUM dated February 28, 2001 shall be part of and incorporated into the Honeywell Agreements 948-14001 dated April 8, 1994 and 948-16002 dated March 1, 1996, Contract numbers 948-02-10703 and 948-03-10680 ("Agreement (s)") by and between Honeywell Inc. ("Honeywell") and San Benito Consolidated Independent School District ("Customer"). Honeywell and San Benito Consolidated Independent School District agree to modify the above named Agreement as follows:

1. Honeywell proposes to incorporate the additional schools listed below to Addendum No.3, dated April 28, 2000, signed by Superintendent, Joe D. Gonzalez. Terms and Conditions of Addendum No. 1, 2 and 3 will continue with the existing program through the remaining term year 2004. After the initial term of Addendum No. 4, the addendum will be considered cancelled, and will revert to the original "Agreement(s)" terms and conditions. Before the end of the term, October 31, 2004, Honeywell and San Benito CISD will meet to renegotiate all of the contracts.

2. **Honeywell Preferred Maintenance Services on the HVAC and Energy Management System.**

   **Special Services/Provisions** (See attached equipment list):

   Total Price for Addendum No. 4 is $80,736 for Mechanical Maintenance, Temperature Control Maintenance and Energy Management Systems Maintenance for each of the schools listed below:

   | Effective Date: | School Name |
   | --- | --- |
   | April 1, 2001 | Miller Jordan (10) Classrooms |
   | April 1, 2001 | Fred Booth Elementary |
   | April 1, 2001 | Frank Roberts Elementary |

   Not included is the Tridium System nor JACE Controllers, but can be included in the future.

   Effective April 1, 2001 the total combined monthly contract billing (Original Contract, Addendum #1, #2 , #3 and #4) beginning April 1, 2001 thru December 31, 2001 will be $31,117.33 per month, through the remaining term as noted in Addendum No. 4.

**CONFIDENTIAL**　　　　　　　　　　HON 059

3.    San Benito CISD shall furnish and maintain phone lines, drain lines, electrical service, air filters, coil cleaning, window units and air ducts at the above listed schools and to HVAC/EMS equipment locations at these sites.

4.    Energy Savings and Operational Cost Reduction Guarantee will remain as stated in Addendum No. 3 dated April 28, 2000.

5.    San Benito CISD will provide a list of equipment/operating practices that have changed. The list will be provided to Honeywell on a quarterly basis during the years of the Agreement(s). The energy savings will be adjusted to reflect any changes that may have occurred.

**NO OTHER MODIFICATIONS:**

Except as expressly set forth in this Addendum, all of the terms and conditions of the Agreement entered into between the parties remain in full force and effect.

**SAN BENITO C.I.S.D.**                    **HONEYWELL INC.**

By: _____          By: _____
          Joe D. Gonzalez                        Title: SYSTEMS / SERVICE TEAM LEAD
Title: _____Superintendent_____          

Date: _____3/30/01_____                    Date: _____3/30/01_____

**Honeywell**

# Miller Jordan (10) Classrooms

### Mechanical Maintenance Equipment list

| | |
|---|---|
| 1 | Carrier 3 Ton A/C Split DX A/C Unit |
| 1 | Carrier 3-1/2 Ton Split DX A/C Unit |
| 11 | Carrier AHU's |
| 18 | Carrier 2-1/2 Ton Split DX A/C Units |
| 18 | Carrier Condensers |
| 18 | Carrier Compressors |

### Automation Maintenance Equipment List

| | |
|---|---|
| 1 | Q7649 NTU Module |
| 1 | Portable Operators Terminal |
| 1 | Communication Repeater |
| 11 | T7660 Space Temperature Sensor |
| 11 | Damper Actuators |
| 11 | W7620 Controllers |
| 11 | Transformers |
| 22 | Relays |

**CONFIDENTIAL**          **HON 061**

# Honeywell

## Fred Booth Elementary

### Mechanical Maintenance Equipment list

| | |
|---|---|
| 1 | Temptrol 30 Ton A/C Unit |
| 1 | Carrier 10 Ton DX Unit |
| 2 | Condensers |
| 1 | Air Handler Unit |
| 1 | Boiler HP 70 |
| 1 | Temptrol 15 Ton A/C Unit |
| 2 | Temptrol Air Handler Units |
| 2 | Carrier 125 Ton Chiller each |
| 3 | Chilled Water Pumps Hp 20 each |
| 10 | VAV's (unit ventilator) |
| 37 | Reheat Coils (unit heaters) |

### Automation Maintenance Equipment List

| | |
|---|---|
| 1 | XPC500 Interface Board |
| 1 | MPCP Board |
| 1 | L1/Peer Bus Personality Board |
| 1 | E-Bus Termination Module |
| 1 | Serialized Protection Disk |
| 1 | Computer |
| 1 | Monitor |
| 1 | Printer |
| 1 | XBS Text Base Software |
| 1 | XBS Graphics Software |
| 1 | CCT2198 |
| 1 | Pressure Sensor |
| 2 | Excel 100 Controllers |
| 2 | Q7750A Zone Manager |
| 3 | XC5010 CPU Modules |
| 3 | XF523 Digital Input Modules |

CONFIDENTIAL

HON 062

**Honeywell**

## Fred Booth Elementary

### (Continued)

**Automation Maintenance Equipment List**

| | |
|---|---|
| 3 | XF524 Digital Output Modules w/relays |
| 6 | XF521 Analog Input Modules |
| 6 | Duct Temperature Sensors |
| 6 | TC720 Transmitters |
| 7 | Power Supply |
| 8 | XM100 Modem for C-Bus |
| 8 | Digital Switch/Contact |
| 10 | W7751 Excel 10 |
| 10 | T7750 Sensors |
| 10 | C705B Flow Pick Up |
| 12 | XF527 Analog Input Modules |
| 25 | Power Transformers |
| 43 | Space Temperature Sensors |
| 43 | VAV |
| 44 | Relays |
| 77 | Damper Actuators |

**CONFIDENTIAL**

HON 063

# Honeywell

## <u>Frank Roberts Elementary</u>

### Mechanical Maintenance Equipment list

| 20 | Carrier 3 Ton Split DX A/C Units |
| 20 | Carrier Condensers |
| 20 | Carrier Compressors |

### Automation Maintenance Equipment List

| 1 | XM100 Modem for C-Bus |
| 1 | OA Humidity Transmiter |
| 2 | Q7750 Zone Managers |
| 2 | XD505 C-Bus Submodule |
| 19 | Damper Actuators |
| 22 | Power Supply |
| 29 | Space Temperature Sensors |
| 32 | T7047 Manual Reset Firestat |
| 33 | T7760 Temperature Sensor |
| 33 | Duct Temperature Sensor |
| 33 | Veris Split Current Sensor |
| 35 | W7751 Excel 10 Controllers |
| 221 | Relays |

**CONFIDENTIAL**

HON 064

**Honeywell**

# Scope of Work

## Honeywell's intention is to incorporate the additional schools listed in Addendum No. 4 to Addendum No. 3.

### MECHANICAL SYSTEM MAINTENANCE SERVICE

### EQUIPMENT INCLUDED

1.  Specific quantities, sizes, and model numbers of the major pieces of equipment will be listed with bid package."

2.  The preventive maintenance and the responsibility of Honeywell will not be limited only to these major pieces of equipment as shown on the EQUIPMENT LIST, but shall also include all appurtenant devices and systems as listed below that are related to the heating, ventilating, and air conditioning system.

    a.  <u>HEATING SYSTEM</u>
        Boilers, burners, furnaces, pumps, cleaning of heating coils, water strainers, unit heaters, duct heaters, heat exchangers, humidifiers, etc.

    b.  <u>COOLING SYSTEM</u>
        Air conditioning compressor(s), evaporative condensers, air cooled condensers, pumps, water chillers, cleaning of cooling coils, etc.

    c.  <u>AIR HANDLING SYSTEM</u>
        Fans, motors, air grills (cleaning), registers (cleaning), air filters, dampers, induction units, mixing boxes, fan coil units, electric heat elements, etc.

    d.  <u>MISCELLANEOUS EQUIPMENT</u>
        Exhaust fans, manual valves, float valves, direct expansion valves, thermometers, gauges, magnetic starters, manual motor starters, pump and fan motor drives, belts, electrical wiring from motor starter to their respective motor, check valves, and refrigerant.

**CONFIDENTIAL**

**HON 065**

# Honeywell

# Scope of Work

*Honeywell's intention is to incorporate the additional schools
listed in Addendum No. 4
to Addendum No. 3, dated April 28, 2000 to provide the following services:*

## MECHANICAL SYSTEM MAINTENANCE SERVICE

### EQUIPMENT INCLUDED

1.  Specific quantities, sizes, and model numbers of the major pieces of equipment will be listed with bid package.

2.  The preventive maintenance and the responsibility of Honeywell will not be limited only to these major pieces of equipment as shown on the EQUIPMENT LIST, but shall also include all appurtenant devices and systems as listed below that are related to the heating, ventilating, and air conditioning system.

    a.  <u>HEATING SYSTEM</u>
        Boilers, burners, furnaces, pumps, cleaning of heating coils, water strainers, unit heaters, duct heaters, heat exchangers, humidifiers, etc.

    b.  <u>COOLING SYSTEM</u>
        Air conditioning compressor(s), evaporative condensers, air cooled condensers, pumps, water chillers, cleaning of cooling coils, etc.

    c.  <u>AIR HANDLING SYSTEM</u>
        Fans, motors, air grills (cleaning), registers (cleaning), air filters, dampers, induction units, mixing boxes, fan coil units, electric heat elements, etc.

    d.  <u>MISCELLANEOUS EQUIPMENT</u>
        Exhaust fans, manual valves, float valves, direct expansion valves, thermometers, gauges, magnetic starters, manual motor starters, pump and fan motor drives, belts, electrical wiring from motor starter to their respective motor, check valves, and refrigerant.

**CONFIDENTIAL**

HON 066

# Honeywell

## HONEYWELL BUILDING MANAGEMENT SYSTEM

Honeywell to maintain the entire Automation System:

## TEMPERATURE CONTROL MAINTENANCE

1.  Preventive Maintenance

    a)  Each preventive maintenance call will be scheduled by a computer-prepared service report detailing exactly what it takes to perform, time of performance, skill levels required and special tools and instrumentation needed to maintain the system at optimum comfort and efficiency levels.

    b)  Maintenance intervals will be determined by equipment run time, application and location of maintenance experience and manufacturer's specifications.

    c)  After each service call is signed off, details from the completed service report will be reentered in the data bank to assure closed-loop performance control and continuous program updating.

2.  Predictive Maintenance

    a)  System analysis will be performed on the equipment covered under this agreement to detect early signs of deteriorating performance and to predict potential equipment failures. After identifying potential problem areas, corrective action, as outlined in this specification will be taken.

## PARTS REPLACEMENT

1.  All parts, components, or devices for the mechanical systems as listed above that are worn or are not in proper operational condition shall be repaired, and/or replaced with new parts, components, or devices.

2.  When equipment or parts are replaced in their entirety, and a newer design of this device is available and is functionally equivalent and compatible, the device of the newer design shall be used as the replacement.

3.  All repair and replacement parts, components, and devices for the mechanical systems and equipment as listed above shall be supplied by Honeywell and shall be included in the cost of the service program.

4.  All miscellaneous parts and supplies necessary to maintain the mechanical systems and equipment shall be supplied by the Honeywell and shall be included in the cost of the service program (belts, valve packings, lubricants, tools, paints, refrigerant, test instruments, meters, etc.).

**CONFIDENTIAL**

# Honeywell

5.   Honeywell will not be made responsible for repairs or replacements necessitated by reason of negligence or misuse of the equipment by other than Honeywell, or by reason of any other cause beyond the control of Honeywell, except ordinary wear and tear.

6.   Honeywell will provide and maintain parts supply which shall be located in the main mechanical room.  Critical, unique, or frequently used parts and supplies shall be stocked therein.  This equipment shall remain the property of Honeywell until used and/or installed in the mechanical system.

## EMERGENCY SERVICE

1.   Emergency Service including overtime service shall be included.  Such service of this nature that may be required in order to keep the system in proper operation must be provided at any time, within 24 hours.  Emergency Service shall be provided by a qualified technician on a 24 hour, 7 day-a-week basis at no additional charge.

2.   All planned, preventive maintenance service work under these specifications shall be performed during the regular working hours of the regular working day.  The regular working day is defined as:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

## EQUIPMENT NOT INCLUDED

1.   Maintenance services, including repair labor and parts replacement, for portions of the systems and equipment that are non-maintainable or non-moving are not included as part of this specification.

2.   Excluded items shall be considered as:  foundations, structural supports, domestic water lines, drains, plumbing, oil lines, gas lines, piping, oil storage tanks, air handling duct work, boiler shell and tubes, unit cabinets, boiler trim and reflector material, cooling tower structures, etc.

3.   Honeywell shall provide a report of any work that is outside the scope of this specification that is in need of attention, and that may include such equipment as outlined above.

4.   This specification covers only that equipment as listed herein, and in the event the system is altered, changed, or if any equipment is added, then that portion shall be added or deleted as required, and shall be in accordance with this specification.

**CONFIDENTIAL**

HON 068

## SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
## YTD CONTRACT $$$$$

| Sales Rep | | Automation 948-03-10680 | Mechanical 948-02-10703 |
|---|---|---|---|
| **Sales Rep** | **Contract Amount** (as of May 31, 2000) | $ 40,976.00 | $ 218,000.00 |
| JReynolds JTorres | **Add Effec. 4/1/00** | $   - | $ 2,000.00 |
| SCarmona | **Add Effec. 5/1/00**   **Addenda #3** (Dr. Cash, La Paloma, Ranngerville, Ed Downs, Miller Jordan Elem) | | $ 72,672.00 |
| SCarmona | **Add Effec. 4/1/01**   **Addenda #4** (MJ 10-Classrooms, Fred Booth, Frank Roberts) | | $ 80,736.00 |
| SCarmona Tridium & Non-Covered Mechanical | **Add Effec. 1/1/02**   **Addenda #5** (Ed Downs, Dr. Cash, Rangerville, La Paloma, La Encantada, Sullivan, Frank Roberts, Landrum) | | $ 63,528.00 |
| | **Revised Contract Price:** | | $ 436,936.00 |

**CONFIDENTIAL**

**HON 069**

# Honeywell

## ADDENDUM NO. 5

## TO HONEYWELL AGREEMENT
## BETWEEN HONEYWELL INC. AND
## SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

THIS ADDENDUM dated February 28, 2001 shall be part of and incorporated into the Honeywell Agreements 948-14001 dated April 8, 1994 and 948-16002 dated March 1, 1996, Contract numbers 948-02-10703 and 948-03-10680 ("Agreement (s)") by and between Honeywell Inc. ("Honeywell") and San Benito Consolidated Independent School District ("Customer"). Honeywell and San Benito Consolidated Independent School District agree to modify the above named Agreement as follows:

1.     Honeywell proposes to incorporate the additional schools listed below to Addendum No.4. Terms and Conditions of Addendum No. 1, 2, 3 and 4 will continue with the existing program through the remaining term year 2004. After the initial term of Addendum No. 5, the addendum will be considered cancelled, and will revert to the original "Agreement(s)" terms and conditions. Before the end of the term, October 31, 2004, Honeywell and San Benito CISD will meet to renegotiate all of the contracts.

2.     **Honeywell Preferred Maintenance Services on the HVAC and Energy Management System.**

Special Services/Provisions  (See attached equipment list):

Total Price for Addendum No. 5 is $63,528.00 for Mechanical Maintenance, Temperature Control Maintenance and Energy Management Systems Maintenance for each of the schools listed below:

| Effective Date: | School Name |
|---|---|
| January 1, 2002 | Ed Downs Elementary |
| January 1, 2002 | Dr. Cash Elementary |
| January 1, 2002 | Rangerville Elementary |
| January 1, 2002 | La Paloma Elementary |
| January 1, 2002 | La Encantada Elementary |
| January 1, 2002 | Sullivan Elementary |
| January 1, 2002 | Frank Roberts Elementary |
| January 1, 2002 | Landrum Elementary |

Effective January 1, 2002 the total combined monthly contract billing (Original Contract, Addendum #1, #2 , #3, #4 and #5) will be $36,411.33 per month, through the remaining term as noted in Addendum No. 5.

**CONFIDENTIAL**                    **HON 070**

3.    San Benito CISD shall furnish and maintain phone lines, drain lines, electrical service, air filters, coil cleaning, window units and air ducts at the above listed schools and to HVAC/EMS equipment locations at these sites.

4.    Energy Savings and Operational Cost Reduction Guarantee will remain as stated in Addendum No. 3 dated April 28, 2000.

5.    San Benito CISD will provide a list of equipment/operating practices that have changed.  The list will be provided to Honeywell on a quarterly basis during the years of the Agreement(s). The energy savings will be adjusted to reflect any changes that may have occurred.

## NO OTHER MODIFICATIONS:

Except as expressly set forth in this Addendum, all of the terms and conditions of the Agreement entered into between the parties remain in full force and effect.

SAN BENITO C.I.S.D.                    HONEYWELL INC.

By: _____          By: _____
        Joe D. Gonzalez
Title: _____          Title: _SYSTEMS & SERVICE TEAM LEAD_
        Superintendent

Date: _____3-30-01_____          Date: _3/30/01_

# Honeywell

## <u>8 - School Sites at San Benito CISD</u>

| Mechanical Equipment | | Automation Equipment | |
|---|---|---|---|

**1)    Ed Downs Elementary**

| | | | |
|---|---|---|---|
| 12 | 3 Ton Bard Wall Unit | 1 | JACE Controller |
| | | 14 | XL 10's |

**2)    Dr. Cash Elementary**

| | | | |
|---|---|---|---|
| 2 | 5 Ton Rudd Split Units | 1 | JACE Controller |
| 1 | 7 1/2 Ton Rudd | 2 | XL 10's |
| 2 | 20 Ton Carrier | | |

**3)    Rangerville Elementary**

| | | | |
|---|---|---|---|
| 14 | 1 Ton Trane Split Units | 1 | JACE Controller |
| 28 | Condensers | 14 | XL 10's |
| 28 | Compressors | | |

**4)    La Paloma Elementary**

| | | | |
|---|---|---|---|
| 10 | 1 Ton Trane Split Units | 1 | JACE Controller |
| 20 | Condensers | 10 | XL 10's |
| 20 | Compressors | | |

**5)    La Encantada Elementary**

| | | | |
|---|---|---|---|
| 10 | 1 Ton Trane Split Units | 1 | JACE Controller |
| 20 | Condensers | 10 | XL 10's |
| 20 | Compressors | | |

**6)    Sullivan Elementary**

| | | | |
|---|---|---|---|
| 17 | 3 Ton Bard Wall Units | 1 | JACE Controller |
| 2 | 5 Ton Trane Units | 21 | XL 10's |
| 2 | 5 Ton Rudd Units | | |

**CONFIDENTIAL**

# Honeywell

7)  **Frank Roberts Elementary**

| | | | |
|---|---|---|---|
| 4 | 1 Ton Trane Split Unit | 1 | JACE Controller |
| 8 | Condensers | 9 | XL 10's |
| 8 | Compressors | | |
| 4 | 1 Ton Lennox Split Units | | |
| 8 | Condensers | | |
| 8 | Compressors | | |
| 1 | 7 1/2 Ton Trane Unit | | |

8)  **Landrum Elementary**

| | | | |
|---|---|---|---|
| 1 | 1 Ton EMIS | 1 | JACE Controller |
| 4 | 1 Ton Carrier | 11 | XL 10's |
| 2 | 5 Ton Rudd | | |
| 2 | 5 Ton Trane | | |
| 2 | 20 Ton Carrier | | |

**Honeywell**

# Scope of Work

**Honeywell's intention is to incorporate the additional schools listed in Addendum No. 5 to Addendum No. 4.**

## MECHANICAL SYSTEM MAINTENANCE SERVICE

### EQUIPMENT INCLUDED

1. Specific quantities, sizes, and model numbers of the major pieces of equipment will be listed with bid package.

2. The preventive maintenance and the responsibility of Honeywell will not be limited only to these major pieces of equipment as shown on the EQUIPMENT LIST, but shall also include all appurtenant devices and systems as listed below that are related to the heating, ventilating, and air conditioning system.

   a. <u>HEATING SYSTEM</u>
   Boilers, burners, furnaces, pumps, cleaning of heating coils, water strainers, unit heaters, duct heaters, heat exchangers, humidifiers, etc.

   b. <u>COOLING SYSTEM</u>
   Air conditioning compressor(s), evaporative condensers, air cooled condensers, pumps, water chillers, cleaning of cooling coils, etc.

   c. <u>AIR HANDLING SYSTEM</u>
   Fans, motors, air grills (cleaning), registers (cleaning), air filters, dampers, induction units, mixing boxes, fan coil units, electric heat elements, etc.

   d. <u>MISCELLANEOUS EQUIPMENT</u>
   Exhaust fans, manual valves, float valves, direct expansion valves, thermometers, gauges, magnetic starters, manual motor starters, pump and fan motor drives, belts, electrical wiring from motor starter to their respective motor, check valves, and refrigerant.

**CONFIDENTIAL**

HON 074

# Honeywell

## HONEYWELL BUILDING MANAGEMENT SYSTEM

Honeywell to maintain the entire Automation System:

## TEMPERATURE CONTROL MAINTENANCE

1.  Preventive Maintenance

    a)  Each preventive maintenance call will be scheduled by a computer-prepared service report detailing exactly what it takes to perform, time of performance, skill levels required and special tools and instrumentation needed to maintain the system at optimum comfort and efficiency levels.

    b)  Maintenance intervals will be determined by equipment run time, application and location of maintenance experience and manufacturer's specifications.

    c)  After each service call is signed off, details from the completed service report will be reentered in the data bank to assure closed-loop performance control and continuous program updating.

2.  Predictive Maintenance

    a)  System analysis will be performed on the equipment covered under this agreement to detect early signs of deteriorating performance and to predict potential equipment failures. After identifying potential problem areas, corrective action, as outlined in this specification will be taken.

## PARTS REPLACEMENT

1.      All parts, components, or devices for the mechanical systems as listed above that are worn or are not in proper operational condition shall be repaired, and/or replaced with new parts, components, or devices.

2.      When equipment or parts are replaced in their entirety, and a newer design of this device is available and is functionally equivalent and compatible, the device of the newer design shall be used as the replacement.

3.      All repair and replacement parts, components, and devices for the mechanical systems and equipment as listed above shall be supplied by Honeywell and shall be included in the cost of the service program.

4.      All miscellaneous parts and supplies necessary to maintain the mechanical systems and equipment shall be supplied by the Honeywell and shall be included in the cost of the service program (belts, valve packings, lubricants, tools, paints, refrigerant, test instruments, meters, etc.).

**CONFIDENTIAL**

**Honeywell**

5. Honeywell will not be made responsible for repairs or replacements necessitated by reason of negligence or misuse of the equipment by other than Honeywell, or by reason of any other cause beyond the control of Honeywell, except ordinary wear and tear.

6. Honeywell will provide and maintain parts supply which shall be located in the main mechanical room. Critical, unique, or frequently used parts and supplies shall be stocked therein. This equipment shall remain the property of Honeywell until used and/or installed in the mechanical system.

## EMERGENCY SERVICE

1. Emergency Service including overtime service shall be included. Such service of this nature that may be required in order to keep the system in proper operation must be provided at any time, within 24 hours. Emergency Service shall be provided by a qualified technician on a 24 hour, 7 day-a-week basis at no additional charge.

2. All planned, preventive maintenance service work under these specifications shall be performed during the regular working hours of the regular working day. The regular working day is defined as: Monday through Friday, 8:00 a.m. to 4:30 p.m.

## EQUIPMENT NOT INCLUDED

1. Maintenance services, including repair labor and parts replacement, for portions of the systems and equipment that are non-maintainable or non-moving are not included as part of this specification.

2. Excluded items shall be considered as: foundations, structural supports, domestic water lines, drains, plumbing, oil lines, gas lines, piping, oil storage tanks, air handling duct work, boiler shell and tubes, unit cabinets, boiler trim and reflector material, cooling tower structures, etc.

3. Honeywell shall provide a report of any work that is outside the scope of this specification that is in need of attention, and that may include such equipment as outlined above.

4. This specification covers only that equipment as listed herein, and in the event the system is altered, changed, or if any equipment is added, then that portion shall be added or deleted as required, and shall be in accordance with this specification.

**CONFIDENTIAL**

**HON 076**

## SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
## YTD CONTRACT $$$$$

| | | Automation 948-03-10680 | Mechanical 948-02-10703 |
|---|---|---|---|
| Sales Rep | **Contract Amount**<br>(as of May 31, 2000) | $    40,976.00 | $   218,000.00 |
| JReynolds<br>JTorres | **Add Effec. 4/1/00** | $        - | $     2,000.00 |
| SCarmona | **Add Effec. 5/1/00     Addenda #3**<br>(Dr. Cash, La Paloma, Rangerville,<br>Ed Downs, Miller Jordan Elem) | | $    72,672.00 |
| SCarmona | **Add Effec. 4/1/01     Addenda #4**<br>(MJ 10-Classrooms, Fred Booth, Frank Roberts) | | $    80,736.00 |
| SCarmona<br>Tridium &<br>Non-Covered<br>Mechanical | **Add Effec. 1/1/02     Addenda #5**<br>(Ed Downs, Dr. Cash, Rangerville, La Paloma,<br>La Encantada, Sullivan, Frank Roberts, Landrum) | | $    63,528.00 |
| | **Revised Contract Price:** | | **$  436,936.00** |

**CONFIDENTIAL**

**HON 077**

3

# Honeywell

## HOME AND BUILDING CONTROL SUBCONTRACT

Subcontract No. __5948a1515__
Honeywell Job No. __948-14001__
Customer Name __San Benito C.I.S.D.__

This subcontract is made this ___9th___ day of _____May_____ 19 __94__ , between Honeywell Inc. (Honeywell) and __Coastal Engineering__ (Subcontractor). The work described in Section 1 below shall be performed in accordance with the contract between Honeywell and __San Benito C.I.S.D.__ (Customer) and in accordance with all plans, specifications, and other contract documents attached to or incorporated into the contract with Customer for the project known as __San Benito CISD__

__San Benito C.I.S.D.__ is the Owner of the project.

Subcontractor's license number: ___TACLA000495C___

**SECTION 1. SCOPE.** Subcontractor agrees to furnish all labor, materials, equipment, and other facilities required to complete the following (Work):

See attached sheet Page 1-A

**CONFIDENTIAL**

**HON 04670**

**SECTION 2. PRICE.** Honeywell agrees to pay Subcontractor for the strict performance of its work, the sum of:

Five Hundred Seven Thousand, Three Hundred Fifty Dollars and no/100 ( __$507,350.00__ )

subject to adjustments for changes in the work as may be directed in writing by Honeywell. Payment shall be made in monthly progress payments of __90__ percent of labor and material which have been incorporated into the work of improvement. Honeywell will hold __10__ percent retainage until final acceptance. Progress payments to Subcontractor shall be made only with sums received by Honeywell from Customer for work performed by Subcontractor as reflected in Honeywell's applications for payment. In no case shall payments be made unless Subcontractor provides lien releases for the work completed, covering Subcontractor's work, and all lower tier subcontractors and vendors. Honeywell's obligation to pay is specifically conditioned upon Honeywell receiving from Customer, payment for Subcontractor's Work. Honeywell's receipt of payment is a condition precedent to Honeywell's obligation to pay.

**SECTION 2.1 FINAL PAYMENT.** Final payment of the balance owed to Subcontractor shall be due fourteen (14) days after receipt by Honeywell of final payment from Customer for Subcontractor's Work, or such time as required by applicable state law, whichever is earlier. However, Subcontractor shall not be entitled to final payment until all work is completed. Subcontractor agrees to furnish, if and when required by Honeywell, payroll affidavits, receipts, vouchers, releases of claims for labor and material, and releases from its subcontractors and vendors, in a form satisfactory to Honeywell, prior to receipt of any payment. Honeywell may, at its option, make any payment or portion thereof by joint check payable to Subcontractor and any of its subcontractors, suppliers and/or materialmen.

**SECTION 3. ENTIRE AGREEMENT.** This Subcontract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations and/or agreements, either written or oral. This Subcontract may only be modified or amended in writing.

**SECTION 4. TIME.** Time is of the essence to this agreement. Subcontractor shall provide Honeywell with scheduling information in a form acceptable to Honeywell and shall conform to Honeywell's progress schedules, including any changes made by Honeywell in the scheduling of Work. Subcontractor shall coordinate its Work with Honeywell, and all other contractors, subcontractors, and suppliers so as not to delay or disrupt their performance.

**SECTION 5. DELAY.** If Subcontractor's Work is delayed for any reason, including acts of Honeywell, Subcontractor's sole remedy shall be an extension of time equal to the period of delay, provided Subcontractor has given Honeywell written notice of the commencement of delay within 48 hours of its occurrence. Subcontractor shall not be entitled to an extension of time, however, for delays caused by Subcontractor, or for delays that Subcontractor could have prevented. If Honeywell, in its sole discretion, seeks compensation from the Customer as a result of any delay, then Subcontractor shall be entitled to an equitable portion of any amount recovered by Honeywell, less a proportional share of the cost of pursuing said claim. This provision shall not be construed to require the Contractor to pursue any delay claim against the Owner, Customer, or any other party.

81-7445-001 Electronic

Honeywell Job No. 948-14001                                    Page 1-A

Description:

Furnish all labor, materials, equipment and other facilities required to complete the following work:

For each of the (43) listed roof top units (RTUs), provide 1-new electrical disconnect, 1-new adaptor curb, 2-KW electric heat per nominal ton per RTU, 1-Honeywell firestat, 1-Honeywell smoke detector, all required electrical work, removal and installation of the new high efficiency Carrier A.C. equipment and disposal of the used equipment.

> 17 - 50DJ-024-6 20 Ton Carrier Rooftop Unit
> 2 - 50HJ-006-6 5 Ton Carrier Rooftop Unit
> 5 - 50DJ-028-6 25 Ton Carrier Rooftop Unit
> 9 - 50TJ-016-6 15 Ton Carrier Rooftop Unit
> 4 - 50HJ-012-6 10 Ton Carrier Rooftop Unit
> 2 - 50DJ-034-6 30 Ton Carrier Rooftop Unit
> 4 - 50HJ-008-6 7.5 Ton Carrier Rooftop Unit

In addition, provide:

(1)  proper protection of bonded roof during all phases of work,
(2)  prior approval of owner for any roof penetrations,
(3)  clean and debris free work area at all times,
(4)  installation schedule of all work prior to start of work and coordination of work with all parties,
(5)  six sets of equipment specifications, and maintenance and repair manuals,
(6)  One year warranty (minimum) on all parts and labor from date of customer acceptance, and
(7)  completed project by July 30, 1994.

CONFIDENTIAL

HON 04671

SECTION 6. **CHANGES IN WORK.** Honeywell may direct Subcontractor, in writing, and without invalidating this subcontract, to make changes in the Work within the general scope of this Subcontract, including additions, deletions or revisions. Subcontractor shall make no changes in the Work without written direction from an authorized Honeywell agent. If Subcontractor believes any written direction from Honeywell constitutes a change, then Subcontractor shall provide written notice within ten (10) days of receipt. Subcontractor shall not be compensated for any change made without such written direction by an authorized agent from Honeywell. No changes in the Work shall exonerate any surety or bond given in connection with this agreement. Any changes in the Work which are not in accordance with this agreement, shall be considered non-conforming and Subcontractor shall repair or replace such work at no additional cost.

SECTION 7. **CLAIMS.** If any dispute shall arise between Honeywell and Subcontractor regarding performance of the Work, any alleged work, or whether written directions constitute a change under Section 6 of this agreement, Subcontractor shall timely perform the disputed Work and shall give written notice of a claim for additional compensation for the Work within ten (10) days after commencement of the disputed Work. Subcontractor's failure to give written notice within the ten (10) day period, constitutes an agreement by Subcontractor that it will receive no extra compensation for the disputed work.

SECTION 8. **INSPECTION AND PROTECTION OF WORK.** Subcontractor shall make the Work accessible at all reasonable times for inspection by Honeywell. Subcontractor shall, at the first opportunity, inspect all material and equipment delivered to the job site by others to be used or incorporated in the Subcontractor's Work and give prompt notice of any defect therein. Subcontractor assumes full responsibility to protect the work until final acceptance by the Architect, Owner, Customer, and Honeywell. Subcontractor shall promptly repair or replace any Work damaged prior to final acceptance by the Owner, at no additional cost.

SECTION 9. **LABOR RELATIONS.** Subcontractor shall maintain labor relations policies in conformity with the directions of Honeywell and shall comply with all of the terms and conditions, including trust fund contributions required by those labor agreements applicable to Subcontractor's Work performed under this agreement to which Honeywell is bound.

SECTION 10. **TERMINATION.** (i) Should Subcontractor fail to rectify any contractual deficiencies, including failure to pay its creditors within three (3) working days after receipt of Honeywell's written notice, Honeywell shall have the right to take whatever steps it deems necessary to correct said deficiencies and charge the cost thereof to Subcontractor, who shall be liable for the full cost of Honeywell's correction action, including reasonable overhead, profit and attorneys' fees. (ii) Honeywell may at any time and for any reason, terminate Subcontractor's services hereunder at Honeywell's convenience; in the event of termination for convenience, Subcontractor shall recover only the actual cost of work completed to the date of termination plus, (a.) fifteen percent (15%) of the actual cost of the work for overhead and profit, or (b.) the recovery allowed by Owner's contract with any higher tier Contract, or Honeywell, whichever is less. Subcontractor shall not be entitled to any claim or lien against Honeywell or Customer for any additional compensation or damages in the event of such termination.

SECTION 11. **INDEMNIFICATION.** To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Customer and Honeywell and their agents and employees from claims, demands, causes of actions and liabilities of every kind and nature whatsoever arising out of or in connection with Subcontractor's operations performed under this agreement. This indemnification shall extend to claims occurring after this agreement is terminated as well as while it is in force. Subcontractor shall not be obligated to indemnify Customer or Honeywell for claims arising from the negligence or willful misconduct of Customer or Honeywell or their agents or employees, or caused solely by the designs provided by such parties. The indemnity set forth in this Section shall not be limited by insurance requirements or by any other provision of this agreement.

SECTION 12. **INSURANCE.** Subcontractor shall, at its expense, procure and maintain insurance on all of its operations with carriers acceptable to Honeywell including the following coverages:
    a. Workers Compensation and Employer's Liability Insurance.
    b. Comprehensive General Liability or Commercial General Liability insurance covering all operations; and
    c. Automobile Liability insurance, including coverage for all owned, hired and non-owned automobiles.

All insurance coverages shall be in amounts and for durations acceptable to Honeywell. Subcontractor shall name Honeywell, Customer, and Owner as an additional insured under the General Liability policy.

The certificates of insurance shall provide that there will be no cancellation or reduction of coverage without thirty (30) days prior written notice to Honeywell. The failure of Honeywell to enforce in a timely manner any of the provisions of this Section 12 shall not act as a waiver to enforcement of any of these provisions at a later date in the performance of this agreement.

Subcontractor shall not enter upon the work site without first submitting to Honeywell the certificates of insurance required by this agreement. Any delay caused by the failure to submit the certificates of insurance shall be solely for the Subcontractor's account, and Subcontractor shall not be entitled to any
SECTION 13. **CLAIMS RESOLUTION.** Any claims resolution procedure incorporated into Honeywell's contract shall be deemed incorporated in this agreement, and shall apply to any disputes arising hereunder. Subcontractor agrees to join, by consolidation or joinder, any such resolution procedure or process, and be bound by the results to the extent Subcontractor's Work or obligations under this Subcontract are an issue. In the absence of a claims resolution procedure in the prime contract, the parties agree that any controversy or claim between Honeywell and Subcontractor arising out of or relating to this Subcontract, or the breach thereof, shall be settled by arbitration, conducted in accordance with the Construction Industry Arbitration rules of the American Arbitration Association, before a single arbitrator.

Any award rendered by the arbitrator shall be final, and judgement may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

the event the claim or controversy exceeds $30,000, the parties agree to non-binding mediation prior to arbitration. However, the parties may agree to mediate disputes involving claims less than $30,000.

This agreement to arbitrate shall not be deemed a limitation of rights or remedies under Federal Law, under State mechanics' lien laws, or under applicable labor or material payment bonds unless such rights are expressly waived by Subcontractor.

<b>CONFIDENTIAL</b>

HON 04672

**SECTION 14. WARRANTY.** Subcontractor warrants to Customer, Architect, and Honeywell that all materials and equipment furnished shall be new, free from faults and defects, and of good quality. Subcontractor hereby warrants its Work against all deficiencies and defects for the period required by Honeywell's contract, or the longest period permitted by the law of the state where the work is performed, whichever is less.

**SECTION 15. SPECIAL PROVISIONS:**

15.1  Subcontractor agrees to meet all federal, state, and local codes and ordinances applying to the Work required by this Subcontract, including any authorized changes. Subcontractor further represents and warrants that it is fully licensed to perform the work covered by this agreement, and it shall keep all such licenses current and valid during the performance of the Work.

15.2  In the event Subcontractor encounters asbestos or any hazardous material in the performance of its Work, Subcontractor shall immediately stop work in the area and notify Honeywell. Subcontractor shall not disrupt, remove or in any way, alter or dislodge any asbestos or hazardous material. Subcontractor shall take no further action in the area where the asbestos was found without specific written direction from Honeywell.

15.3  Liquidated or other Damages. If Honeywell is obligated to pay liquidated or other damages pursuant to its contract, Subcontractor shall be liable for such liquidated or other damages to the extent Subcontractor causes or contributes to any delay or other damages for which Honeywell may be liable.

15.4  Subcontractor hereby agrees to pay applicable prevailing wages if the Owner is a public agency, or if such payments are required by law.

15.5  A payment bond      ☐ is    ☒ is not required.
      A performance bond   ☐ is    ☒ is not required.

All bonds shall be equal to 100% of the subcontract price, unless Honeywell agrees in writing to a lesser percentage.

All bonds shall be in a form acceptable to Honeywell and issued by a surety acceptable to Honeywell. The cost of all bonds are included in the fixed price. The bonds shall cover all work, including any changes, and shall remain in effect until final acceptance of the Work, and shall be for notify Honeywell of all lien releases.

**(A) The contractor agrees to list job openings with the Texas Employment Commission and to accept referrals as required under the provisions of 41CFR60-250 in order to facilitate the employment of disabled veterans and veterans of the Vietnam war.**

**SECTION 16. GOVERNING LAW.** This agreement shall be governed by the laws of the state where the Work is performed.

**(B) The contractor agrees to place the above provision in any subcontract issued under this contract.**

Date _____MAY 24, 1994_____

Date _____MAY 17, 1994_____

HONEYWELL INC.

By _____
   Stephen B. Metcalf, Branch General Manager

   506 Sandau, Suite 250

   San Antonio, Texas  78216
   Address

   210/524-5800
   Telephone Number

COASTAL ENGINEERING, INC.
   Subcontractor

By _____
   J. NEIL MURPHY, P.E.
   PRESIDENT

   191 N. TRAVIS, PO DRWR 893

   SAN BENITO TX  78586
   Address

   210 399 5157
   Telephone Number

**CONFIDENTIAL**

PLEASE SIGN AND RETURN BOTH COPIES WITHIN FIVE (5) WORKING DAYS.

HON 04673

81-7445-001, Page 3, Electronic

Subcontract No.      5948A1515
Honeywell Job No.    948-14001
Customer Name    San Benito C.I.S.D.

# AMENDMENT 1

**ARTICLE 2.**    Subcontractor does not share the risk that Owner may fail to make payments. Rather, If, for any cause which is not the fault of the Subcontractor, a Certificate for Payment is not issued or the Contractor does not receive timely payment or does not pay the Subcontractor within thirty days after receipt of payment from the owner, payment to the Subcontractor shall be made upon demand.

**ARTICLE 16.**    **SUBCONTRACTOR RIGHTS AND REMEDIES:**

**16.1    NON PAYMENT.**    If the Contractor does not pay the Subcontractor through no fault of the Subcontractor, within thirty days from the time payment should be made as provided in the Agreement, the Subcontractor may, without prejudice to other available remedies, upon ~~thirty~~ SEVEN additional days' written notice to the Contractor, stop the Work of this Subcontractor until payment of the amount owing has been received. Time to complete the Work shall be extended in accordance with the time period of work stoppage, subject to Contractor's approval.

**16.2    TERMINATION.**    The Subcontractor may terminate the Subcontract for the same reasons and under the same circumstances and procedures with respect to the Contractor as the Contractor may terminate with respect to the Owner under the Prime Contract.

Date  5/24/94

Honeywell Inc.

By _____
Stephen B. Metcalf, Branch General Manager

Date  5/26/94

COASTAL ENGINEERING, INC.

Subcontractor

By _____
J. NEIL MURPHY, P.E.,
PRESIDENT

CONFIDENTIAL

HON 04674

4

# CONSTANT & VELA
## ATTORNEYS AT LAW

ANTHONY F. CONSTANT
afc@constantvela.com

BOARD CERTIFIED
TEXAS BOARD OF LEGAL SPECIALIZATION

CIVIL TRIAL LAW
PERSONAL INJURY TRIAL LAW

FILEMON B. VELA, JR.
fbv@constantvela.com

1870 FROST BANK PLAZA
CORPUS CHRISTI, TEXAS 78470
TELEPHONE (361) 698-8000
FACSIMILE (361) 887-8010

MIGUEL J. CHAPA
mjc@constantvela.com

PRUETT MOORE, III
OF COUNSEL
pm3@constantvela.com

May 14, 2004

Via Fax No. (210) 979-7810
Mr. Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587

RE: Cause No. 2003-08-4221-A; *San Benito consolidated Independent School District v. Coastal Engineering, Inc., ; and Honeywell, Inc.; In the 107th Judicial District Court of Cameron County Texas*

Dear Mr. Reyna:

Enclosed are San Benito Consolidated Independent School District's Responses to Coastal Engineering, Inc.'s Interrogatories and Requests for Production.

Very truly yours,

Anthony F. Constant

cc: Via Fax No. (956) 630-5199
Mr. Raymond L. Thomas
KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC
4900-B North Tenth Street
McAllen, Texas 78504

VIA FAX NO. (612) 335-1657
Ms. Nancy Wiltgen
LEONARD, STRED & DEINARD
150 S. 5Th street, Suite 2300
Minneapolis, MN 55402

NO.2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| COASTAL ENGINEERING, INC.; | § | |
| and HONEYWELL, INC. | § | |
|     Defendants | § | 107TH JUDICIAL DISTRICT |

**San Benito Consolidated Independent School District's
Responses to Coastal Engineering, Inc.'s
Interrogatories and Requests for Production**

TO:  **Coastal Engineering, Inc.** by and through it's attorney of record, Ricardo R.
Reyna, BROCK & PERSON, P.C., 1506 Bexar Crossing, San Antonio, Texas
78232-1587

COMES NOW Plaintiff, San Benito Independent School District and files these

objections and responses to Defendant, Coastal Engineering, Inc.'s Interrogatories and

Requests for Production pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

CONSTANT & VELA
802 N. Carancahua, Suite 1570
Corpus Christi, Texas 78470-0500
Telephone: (361) 887-8800
Telecopier: (361) 887-8010

ATTORNEYS FOR PLAINTIFFS

BY: _____
ANTHONY F. CONSTANT
State Bar No. 04711000

## CERTIFICATE OF SERVICE

I, Anthony Constant, hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this _____ day of May, 2004 as indicated below:

**Via Facsimile:**
Ricardo R. Reyna
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
**Counsel For Coastal Engineering, Inc.**

Raymond L. Thomas
Dale S. Kasofsky
KITTLEMAN, THOMAS, RAMIREZ &
GONZALES, PLLC
4900-B North Tenth Street
McAllen, Texas 78504

Nancy A. Wiltgen
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

Frederick W. Morris
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
**Counsel For Honeywell**

Anthony Constant

RESPONSES TO COASTAL ENGINEERING, INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF

INTERROGATORY NO. 1:

Please state the name, address, telephone number, and title of all persons who prepared or
assisted in answering these Interrogatories.

ANSWER:

Anthony Constant
CONSTANT & VELA
802 N. Carancahua, Suite 1570
Corpus Christi, Texas 78470-0500
Telephone: (361) 887-8800

Joe D. Gonzalez
Superintendent of Schools
San Benito Consolidated Independent School District
240 North Crockett
San Benito, Texas 78586
956-361-6110

INTERROGATORY NO. 2:
Please state under what theories of liability and any corresponding acts and/or omissions,
if any, You are entitled to bring a recoverable action against Coastal Engineering, Inc.

ANSWER:

Plaintiff objects to this interrogatory because it is declared to be improper by the Supreme
Court in its 1999 Comment 1 to Rule 197, TRCP, that says that ". . . interrogatories that
ask a party to state all legal and factual assertions are improper."

INTERROGATORY NO. 3:
Please identify each complaint You had with the work performed by Coastal
Engineering, Inc. In answering this Interrogatory, please include the school where such
work was performed, the date such complaint was first noticed by You or one of your
employees, agents, representatives or contractors, the nature of the complaint, the
location of such complaint, to whom at Coastal Engineering, Inc. it was communicated,
by whom it was communicated to Coastal Engineering, Inc., when and by what means it
was communicated to Coastal Engineering, Inc.

ANSWER:

This information is contained in the reports of AIAQ previously produced to you.

**INTERROGATORY NO. 4:**
Pursuant to Rule 192.3(d) please provide the name, address and telephone number of any person who you expect to call to testify at the time of trial and give a brief statement describing the subject matter of the expected testimony.

**ANSWER:**

See our response to Requests for Disclosures provided to Defendant in this matter.

**INTERROGATORY NO. 5:**
Please identify anyone or any entity, which performed testing or repairs to the HVAC system at the School, other than Coastal Engineering, Inc. Please identify the school involved, the person performing the testing or repairs, the date of such testing or repairs, the testing or repairs performed, the results of any testing and the reason such testing or repairs were performed.

**ANSWER:**

This information is contained in the Work Order documents available for inspection and copying at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**INTERROGATORY NO. 6:**
Please identify any and all requests for service, warranty work or complaints sent by You to Coastal Engineering, Inc. regarding the Schools at issue in this case.

**ANSWER:**

This information is contained in the Work Order documents available for inspection and copying at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**INTERROGATORY NO. 7:**
Please identify any and all contractual duties of Coastal Engineering, Inc. to perform work at this School by or through contracts or agreements between You and Coastal Engineering, Inc.

**ANSWER:**

Plaintiff objects because Coastal Engineering, Inc. already has copies of such contracts or agreements.

**INTERROGATORY NO. 8:**
Please identify any and all contracts between You and Coastal Engineering concerning or related to the School.

**ANSWER:**

Plaintiff objects because Coastal Engineering, Inc. already has copies of such contracts or agreements.

**INTERROGATORY NO. 9:**
Please identify any and all contracts between You and Honeywell, Inc. concerning or related to the School.

**ANSWER:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD during normal business hours. Please let us know what date you wish to inspect the documents.

RESPONSES TO DEFENDANT, COASTAL ENGINEERING, INC.'S FIRST SET OF
REQUEST FOR PRODUCTION TO PLAINTIFF

**REQUEST FOR PRODUCTION NO. 1:**
Please produce any and all reports, conclusions, or test results from testing of the
Heating, Ventilating and Air Conditioning Systems (HVAC) that were performed at the
School.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will
take place at the office of Constant & Vela, counsel for SBCISD, and at the office of
Construction & Energy of the SBCISD, during normal business hours. See also the
reports of AIAQ previously produced to you.

**REQUEST FOR PRODUCTION NO. 2:**
Please produce copies of any and all correspondence between You and Coastal
Engineering, Inc. which refer, mention, describe or related to the work performed by
Coastal Engineering, Inc. at the School.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will
take place at the office of Constant & Vela, counsel for SBCISD, and at the office of
Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 3:**
Please produce copies of any and all correspondence between You and Honeywell, Inc.
which refer, mention, describe or related to the work performed by Coastal Engineering,
Inc. at the School.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will
take place at the office of Constant & Vela, counsel for SBCISD, and at the office of
Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 4:**
Please produce any documents which purports to describe defects in the work performed
by Coastal Engineering, Inc. and/or Honeywell, Inc. at the School.

**RESPONSE:**

This information is contained in the reports of AIAQ previously produced to you.

**REQUEST FOR PRODUCTION NO. 5:**
Please produce any photographs which purport to depict any defects at the School relating to work performed by Coastal Engineering, Inc. and/or Honeywell, Inc.

**RESPONSE:**

This information is contained in the reports of AIAQ previously produced to you.

**REQUEST FOR PRODUCTION NO. 6:**
Please produce any photographs which purport to depict any defects in the HVAC system at the School.

**RESPONSE:**

This information is contained in the reports of AIAQ previously produced to you.

**REQUEST FOR PRODUCTION NO. 7:**
Please produce any photographs which purport to depict any damages allegedly caused by any alleged defects in the HVAC system or the work performed by Coastal Engineering, Inc. and/or Honeywell, Inc.

**RESPONSE:**

This information is contained in the reports of AIAQ previously produced to you.

**REQUEST FOR PRODUCTION NO. 8:**
Please produce any estimates or invoices for the repairs to the School, which were required due to alleged defects in the work performed by Coastal Engineering, Inc.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 9:**
Please produce any estimates or invoices for the repairs performed to damages at the School, which were allegedly caused by defects in the work performed by Coastal Engineering, Inc.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 10:**
Please produce any estimates or invoices for the repairs to the School, which were required due to alleged defects in the work performed by Honeywell, Inc.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 11:**
Please produce any estimates or invoices for the repairs performed to damages at the School, which were allegedly caused by defects in the work performed by Honeywell, Inc.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 12:**
Please produce any maintenance reports, records and/or work orders for or from Your maintenance department for work on or related to the HVAC system at the School.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 13:**
Please produce any maintenance reports, records and/or work orders for or from Your maintenance department for work on or related to damages allegedly caused by the acts and/or omissions of Coastal Engineering, Inc. at the School.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**REQUEST FOR PRODUCTION NO. 14:**
Please produce any maintenance reports, records and/or work orders for or from Your maintenance department for work on or related to damages allegedly caused by the acts and/or omissions of Honeywell, Inc. at the School.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.


**REQUEST FOR PRODUCTION NO. 15:**
Please produce any and all Responses from you in the Federal Court case, Honeywell, Inc. v. San Benito Consolidated Independent School District, as referenced in the Rule 11 Agreement between You and Honeywell, Inc. dated March 19, 2004.

**RESPONSE:**

Production, inspection, or other requested action will be permitted as requested but will take place at the office of Constant & Vela, counsel for SBCISD, and at the office of Construction & Energy of the SBCISD, during normal business hours.

**5**

CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | ) ) ) | IN THE DISTRICT COURT |
| Plaintiff, | ) ) | |
| vs. | ) ) | 107TH JUDICIAL DISTRICT |
| COASTAL ENGINEERING, INC. and HONEYWELL, INC., | ) ) ) | CAMERON COUNTY, TEXAS |
| Defendants. | ) ) | |

## HONEYWELL'S AMENDED NOTICE OF TAKING VIDEOTAPED-DEPOSITION OF SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

TO:    San Benito Consolidated Independent School District and its attorneys; Coastal Engineering, Inc. and its attorneys.

**PLEASE TAKE NOTICE** that Honeywell International Inc. ("Honeywell"), pursuant to the Texas Rules of Civil Procedure, will take the deposition by oral examination of San Benito Consolidated Independent School District ("SBCISD") and may be taken by non-stenographic means of a videotape recording in addition to stenographic means, on April 13, 2004, beginning at 8:00 a.m., through April 16, 2004, at the law offices of Kittleman, Thomas, Ramirez & Gonzalez, PLLC, 4900-B North Tenth Street, McAllen, Texas 78504. The deposition will be taken before a duly qualified court reporter and will be continued from day to day thereafter until completed.

2465069v1

Pursuant to TRCP 199.2, SBCISD shall designate one or more individuals to testify on behalf of SBCISD with regard to each school and location identified in Plaintiff's First Amended Original Petition, including Miller Jordan Middle School, Miller Jordan Middle School Gym, Miller Jordan Library, San Benito Senior High School, Senior High Sports Complex, HS/Career Technology Building, Administration and Parental Involvement Building, Dr. Cash Elementary, La Paloma Elementary, Rangerville Elementary, Ed Downs Elementary, Fred Booth Elementary, Frank Roberts Elementary, La Encantada Elementary, Sullivan Elementary and Landrum Elementary schools (collectively the "Schools") on the following topics:

1.      The facts supporting SBCISD's contention that Honeywell failed to execute or perform its contractual or other legal obligation(s) to SBCISD at the Schools.

2.      The facts supporting SBCISD's contention that Honeywell's failure to execute or perform its contractual or legal obligation(s) to SBCISD caused property damage, mold, poor indoor air quality, or other damages at each of the Schools.

3.      The amount of financial damages to SBCISD, and the method used by SBCISD for calculating damages, caused by Honeywell's alleged failure to execute or perform its contractual or other legal obligation(s) to SBCISD at each of the Schools.

4.      Complaints regarding the HVAC system, energy management system, mold, water damage, or indoor air quality at each of the Schools from 1994 to the present.

5.      The procedures followed or implemented by SBCISD and each of the Schools for documenting or reporting problems relating to the HVAC system, energy management system, mold, water damage, or indoor air quality at the Schools from 1994 to the present.

2465069v1

2

6.    The facts supporting SBCISD's contention that deterioration of the HVAC and energy management systems at any of the Schools was caused by Honeywell's failure to execute or perform its contractual or other legal obligation(s) to SBCISD.

7.    The communications with Assured Indoor Air Quality concerning the problems relating to the HVAC system, energy management system, mold, water damage, or indoor air quality at any of the Schools.

8.    Any disruptions occurring at each of the Schools caused by Honeywell's alleged failure to execute or perform its contractual or other legal obligation(s) to SBCISD at the Schools.

9.    The communications with Assured Indoor Air Quality concerning the need for remediation at each of the Schools as a result of problems relating to the HVAC system, energy management system, mold, water damage, or indoor air quality at each of the Schools.

10.    The facts supporting SBCISD's claim that SBCISD "suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas."

11.    The facts supporting SBCISD's claim that Honeywell fraudulently procured Addendums #2, #3, #4, and #5 to the Building Services contract, including but not limited to promises made by Honeywell.

12.    The facts supporting SBCISD's claim that SBCISD "suffered substantial damages, both economic damages and damage to real property located in Cameron County, Texas" as a result of Honeywell's alleged fraud.

2465069v1

3

13.    All facts supporting SBCISD's contention that it is entitled to an award of punitive damages against Honeywell.

Dated: March 26th, 2004

*Rebecca Vela*

for

Raymond L. Thomas, Esq.
(State Bar No.19865350)
Andres H. Gonzalez, Jr.
(State Bar No. 24002156)
KITTLEMAN,    THOMAS,    RAMIREZ,
GONZALES, PLLC
4900-B North Tenth Street
McAllen, TX 78504
Telephone: (956) 630-5199

Nancy A. Wiltgen (MN Lic. 179048)
Blake Shepard (MN Lic. 161536)
**LEONARD, STREET AND DEINARD**
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500

ATTORNEYS FOR HONEYWELL
INTERNATIONAL, INC.

2465069v1

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2004, a true and correct copy of the foregoing Honeywell, Inc.'s Amended Notice of Taking Deposition of San Benito Consolidated Independent School District has been served on the following parties as indicated below:

*Attorneys for Plaintiff:*
Anthony F. Constant
CONSTANT & VELA
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Pruett Moore, III
PRUETT MOORE, III, ATTORNEY AT LAW
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
361/698-8000
361/887-8010 (Facsimile)

Rene Ramirez
LAW OFFICE OF RENE RAMIREZ
1906 Tesoro Blvd.
Pharr, Texas 78577
956/783-7880
956/783-7884 (Facsimile)

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 East Harrison Street
Brownsville, Texas 78520

*Attorneys for Defendant*
*Coastal Engineering:*
Ricardo R. Reyna
Steven D. Navarro
BROCK & PERSON, P.C.
1506 Bexar Crossing
San Antonio, Texas 78232-1587
210/979-0100
210/979-7810 (Facsimile)

_____
for    Andres H. Gonzalez, Jr.

2465069v1

5

**6**

```
1                    CAUSE NO. 2003-08-4221-A

2   SAN BENITO CONSOLIDATED    *   IN THE DISTRICT COURT
    INDEPENDENT SCHOOL·        *
3   DISTRICT                   *
                               *
4   VS.                        *   107th JUDICIAL DISTRICT
                               *
5   COASTAL ENGINEERING, INC.,*
    AND HONEYWELL, INC.        *   CAMERON COUNTY, TEXAS
6   ---------------------------------------------------------

7

8               ORAL VIDEOTAPED DEPOSITION OF
                 HOMER WILLIAM (BILL) HOLDER
                          VOLUME 2
9                       JUNE 25, 2004

10  ---------------------------------------------------------

11

12  ORAL VIDEOTAPED DEPOSITION OF HOMER WILLIAM (BILL)

13  HOLDER, produced as a witness at the instance of the

14  Defendant, and duly sworn, was taken in the

15  above-styled and numbered cause on June 25, 2004, from

16  9:10 a.m. to 2:45 p.m., before Joan E. Nicholson, CSR

17  in and for the State of Texas, reported by machine

18  transcription, at TAPATIO SPRINGS RESORT CENTER, End of

19  Johns Road West, Boerne, Texas, pursuant to the Texas

20  Rules of Civil Procedure and the provisions stated on

21  the record or attached hereto.

22

23

24

25
```

1    A.   Okay.

2    Q.   My question is you weren't physically present,

3 you were not there to witness --

4    A.   I was --

5    Q.   Let me finish my question -- how Honeywell was

6 performing the contract up until January of 2002, isn't

7 that correct, sir?

8    A.   I did not witness them doing the work.  I did

9 witness that they hadn't done the work.

10    Q.   You witnessed -- what you're calling witnessing

11 not having done the work is that you went in after the

12 fact, and you reached your own judgments about what

13 they did or did not do, isn't that correct?

14    A.   Well, ma'am, I have over 25 years experience in

15 this business, and I know a problem when I see one, and

16 I know a lack of attention to equipment when I see it,

17 and I know when somebody has not been performing on

18 contracts that I used to be in the business they did

19 exactly the same thing.  And I can tell you for sure

20 that if I had walked up on one of my jobs and saw it

21 like that I would have fired everybody in my company

22 that had anything to do with that job for not

23 performing the work that they should have done on that

24 contract.  So I can tell you this, I did not see them

25 do the work, but I can for sure, without a doubt, tell

1   you that I saw the evidence they didn't do the work.

2       Q.    And that's your opinion in this case?

3       A.    Absolutely.

4       Q.    Now, you mentioned that earlier in a response

5   to one of my questions that when I was asking you do

6   you have any evidence that Honeywell engaged in any

7   fraud, you referred to -- and you asked me to define

8   fraud for you.

9       A.    Uh-huh.

10      Q.    And I take it you don't know what fraud means?

11      A.    Well, I have my own idea, but I want to be

12  sure so I --

13      Q.    Based on your idea of fraud, what is it that

14  you think that was fraudulent that Honeywell did?

15      A.    Are we going to include Garza and Cabaza in

16  this question?

17      Q.    No.

18      A.    I don't have any evidence on the 11 schools.  I

19  do on Cabaza.

20      Q.    Let's go back to Exhibit 59.

21      A.    Okay.

22      Q.    This is a letter that you wrote to Mr. Ramirez

23  on January 17, 2002, after he had asked you to give him

24  an update on Garza and Cabaza, correct, sir?

25      A.    That's correct.

1   charge, our charge was to go out there and look at it

2   and say how did these buildings look as with respect to

3   Honeywell's performance.

4       Q.    Okay.  And so that means that your

5   investigation from the get-go was designed to focus

6   only on the HVAC systems, and to the extent that there

7   is any reference to other possible contributors, it's

8   just in these ancillary notations that you've

9   mentioned?

10      A.    That's correct.

11      Q.    Okay.  Do you have an opinion in this case that

12  Coastal did anything wrong at the 11 schools?

13      A.    Well, the only thing I'm going to -- are you

14  talking about Coastal Engineering?

15      Q.    I am.

16      A.    The only thing I really know about Coastal

17  associated with these 11 schools is that they did the

18  installation for Honeywell at the high school, and,

19  yeah, I know of some code violations.

20      Q.    And how, in your view, did those code

21  violations contribute to any indoor air quality

22  problems at the high school?

23              MR. MAILLOUX:  Objection, form.

24      A.    That -- I'd have to go back and review all

25  those code violations and think about how that

1                      " CAUSE NO. 2003-08-4221-A

2    SAN BENITO CONSOLIDATED              )
     INDEPENDENT SCHOOL DISTRICT,         )
3                                         )
                  Plaintiff,              )
4                                         )
          vs.                             )   107th Judicial District
5                                         )   Cameron County, Texas
     COASTAL ENGINEERING, INC.,           )
6    and HONEYWELL, INC.,                 )
                                          )
7                 Defendants.             )

8

9              The continued videotaped discovery

10   deposition of HOMER WILLIAM (BILL) HOLDER, for

11   examination taken in the above-entitled cause

12   before KIMBERLY WINKLER CHRISTOPHER, a Notary

13   Public within and for the County of Kane, State of

14   Illinois, and a Certified Shorthand Reporter of

15   said State, taken at One IBM Plaza, Suite 3700,

16   Chicago, Illinois, on the 15th day of July, 2004,

17   at the hour of 9:32 o'clock a.m. pursuant to

18   Notice.

19

20

21

22

23

24

1      of who actually did the installation at the high

2      school in 1994 pursuant to this contract?

3          A.    I was told that Coastal Engineering did --

4      was installing the equipment for Honeywell.

5          Q.    Okay.

6          A.    The air-conditioning equipment.

7          Q.    Okay.  And you have testified before at

8      our last deposition that the only thing you really

9      know about Coastal associated with the 11 schools

10     in this case is that they did the installation for

11     Honeywell at the high school and you know of some

12     code violations; is that correct?

13         A.    Right.  And I don't know whether they

14     did any of the work at any of the other schools or

15     not.

16         Q.    Okay.

17         A.    I just don't know.

18         Q.    And -- and when you -- but when you have --

19     when you were testifying about the code violations

20     that you're aware of at the high school, you're

21     referring to installation that was done in 1994?

22         A.    Yes.

23         Q.    Okay.  And I take it, just to close out,

24     you're not aware of any other negligent or

1     wrongful conduct in this case by Coastal?

2          A.   No.  No one has told me anything about

3     that.

4          Q.   Okay.  Now, let's go back to Exhibit

5     114.  When we last broke, we were on Tab 7 of

6     Exhibit 114; and we had --

7          A.   Correct.

8          Q.   (Continuing) -- just finished talking

9     about envelope leaks.  I'd now like to move to the

10    column that says Maintenance.  And what does

11    maintenance mean in this context?

12         A.   Maintenance, the HVAC maintenance.

13         Q.   The HVAC -- I'm sorry.  I just didn't

14    hear the other word.

15         A.   The maintenance of the HVAC systems.

16         Q.   Okay.  And you believe that maintenance

17    of the HVAC systems in this context was whose

18    responsibility?

19         A.   Honeywell's.

20         Q.   All right.  Then in -- the next column

21    is Operations.  And what does that mean in this

22    context?

23         A.   Could we look at one of these exhibits

24    and --

CAUSE NO. 2003-08-4221-A

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | )( | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL | )( | |
| DISTRICT, | )( | |
|     Plaintiff | )( | |
| | )( | |
| VS. | )( | CAMERON COUNTY, TEXAS |
| | )( | |
| COASTAL ENGINEERING, INC., | )( | |
| AND HONEYWELL, INC., | )( | |
|     Defendants | )( | 107TH JUDICIAL DISTRICT |

---

ORAL AND VIDEOTAPED DEPOSITION OF
ROGER A. BARRUS
JULY 7, 2004

---

    ORAL AND VIDEOTAPED DEPOSITION OF ROGER A. BARRUS,

produced as a witness at the instance of the DEFENDANT

HONEYWELL, INC., taken in the above-styled and numbered cause

on JULY 7, 2004, reported by MAUREEN STINGLEY, Certified

Court Reporter No. 691, in and for the State of Texas, at the

offices of Bryant & Stingley, Inc., 2010 East Harrison,

Harlingen, Texas, pursuant to the Texas Rules of Civil

Procedure and any provisions stated on the record or attached

therein.

# ORIGINAL

BRYANT & STINGLEY, INC.
McAllen    Harlingen    Brownsville
(956)618-2366  (956)428-0755  (956)542-1020

10:01  1     A.   Joe D. Gonzalez.

10:01  2     Q.   Topic 8 is "Any disruptions occurring at each of the

10:01  3  schools caused by Honeywell's alleged failure to execute or

10:01  4  perform its contractual or other legal obligation(s) to

10:01  5  SBCISD at the schools."  Are you qualified to testify as to

10:01  6  that topic?

10:01  7     A.   No.

10:01  8     Q.   Who would be?

10:01  9     A.   Ralph Castillo.

10:01 10     Q.   Topic 9 is "The communications with Assured Indoor

10:01 11  Air Quality concerning the need for remediation at each of

10:01 12  the schools as a result of problems relating to the HVAC

10:01 13  system, energy management system, mold, water damage, or

10:01 14  indoor air quality at each of the schools."  Are you

10:02 15  qualified to testify as to that topic?

10:02 16     A.   Yes.

10:02 17     Q.   Are you the most qualified person at the school

10:02 18  district to testify as to that topic?

10:02 19     A.   No.

10:02 20     Q.   Who would that be?

10:02 21     A.   The superintendent, Joe D. Gonzalez.

10:02 22     Q.   Topic 10 is "The facts supporting SBCISD's claim

10:02 23  that SBCISD 'suffered substantial damages, both economic

10:02 24  damages and damage to real property located in Cameron

10:02 25  County, Texas.'"

10:02   1      A.   Can"I take a break here?

10:02   2      Q.   Let me just ask one question, and then you can take

10:03   3  a break.

10:03   4      A.   Okay.

10:03   5      Q.   Are you qualified to testify as to this topic?

10:03   6      A.   No.

10:03   7      Q.   Okay.

10:03   8           MR. STIFFLER:  We can take a break.

10:06   9           (Brief recess)

10:06  10      Q.   Mr. Barrus, prior to the break, I asked you if you

10:06  11  were qualified to testify on Topic No. 10 of Exhibit 88,

10:06  12  which is "The facts supporting SBCISD's claims that SBCISD

10:06  13  'suffered substantial damages, both economic damage and

10:06  14  damage to real property located in Cameron County, Texas.'"

10:06  15  And you said, no, you were not qualified to testify as to

10:06  16  that topic, correct?

10:06  17      A.   Correct.

10:06  18      Q.   Who would be qualified to testify as to that topic,

10:06  19  Topic No. 10?

10:06  20      A.   Does it have to be one person?

10:06  21      Q.   No.

10:06  22      A.   Probably Bill Holder or Ralph Castillo or the

10:07  23  superintendent of schools.

10:07  24      Q.   Okay.

10:07  25      A.   Those three.

7

LAW OFFICES OF

# BROCK & PERSON

A PROFESSIONAL CORPORATION

1506 BEXAR CROSSING
SAN ANTONIO, TEXAS 78232-1527
(210) 979-0100 TELEPHONE
(210) 979-7810 FACSIMILE

THOMAS A. MAILLOUX, II.
TMAILLOUX@BROCKPERSON.COM

July 20, 2004

Raymond L. Thomas/Veronica Gonzales
KITTLEMAN, THOMAS, RAMIREZ
& GONZALES, PLLC
4900-B North Tenth Street
McAllen, Texas 78504                    VIA FAX

Nancy A. Wiltgen
LEONARD, STREET & DEINARD, P.C.
150 South Fifth Street, #2300
Minneapolis, MN 55402                   VIA FAX

RE:   Cause No. 2003-08-004221-A; *San Benito CISD vs. Coastal Engineering, Inc. und Honeywell, Inc.*; In the 107th Judicial District Court of Cameron County, Texas
Our File No. 2640-153

Dear Counsel:

I have received your correspondence dated July 15, 2004, with your Notice of Intent to Take Deposition of Coastal Engineering. While I have no objections to you taking the deposition of Coastal Engineering's representative, I do have concerns regarding the proposed timing of the deposition and some of the areas to be discussed.

First, as you are aware, we are all very busy at this time. You have already noticed several depositions during the time proposed in your letter for this deposition. I also already have several depositions and mediation scheduled in the next two weeks. Therefore, I cannot agree at this time, that the deposition will commence prior to July 31, 2004.

Second, I have concerns regarding your proposed areas to be discussed. First, I have a general objection to discussing work performed by Coastal at any school in the San Benito School District outside of the high school. As you are aware from discovery in this matter, including depositions, the Plaintiffs are only alleging negligent work by Coastal in regard to their work as a subcontractor for Honeywell at the High School. Furthermore, the only work performed by Coastal at the school district, as a subcontractor for Honeywell, was the work at the high school contained in the contract dated May 9, 1994 between Honeywell and Coastal.

Additionally, I have concerns regarding the wording of those areas in which you refer to "any and all contracts, subcontracts, or other agreements between Honeywell and Coastal..." As you are aware, there may be other contracts between these companies outside of the San Benito School District, which have no relevance to this matter and thus are not a proper subject for discovery in this lawsuit. Secondly, I will not agree to produce my client for a deposition as a corporate representative to discuss a vague issue such as this. If there are contracts other than the May 9, 1994, contract that you wish to discuss with my client then please provide me with information sufficient to allow me to identify which contracts you seek to discuss. As you may be aware, Coastal Engineering has been in business for more that 50 years. Obviously, I will need you to refine and limit this language. As it is currently worded, Coastal could not even begin to determine the appropriate corporate representative to discuss such a broad topic and no one could be prepared to discuss such a broad topic.

Finally, I will object to any requests for information regarding discussions between Coastal and their insurers related to this litigation. As you are aware, such communications are privileged as attorney client communications under Texas Rule of Evidence 503.

I look forward to hearing from you regarding the above, after which, we can determine who the appropriate representative or representatives will be and obtain dates for the depositions.

Sincerely,

BROCK & PERSON, P.C.

BY: _____

RICARDO R. REYNA
THOMAS A. MAILLOUX II

TAM/bt 2640153 ATTY THOMAS-GONZALES06