United States District Court
Southern District of Texas
FILED

JUL 26 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,<br>　　　　Plaintiff | § § § § § § | |
| v. | § § | CIVIL NO. B-04-127 |
| HONEYWELL INTERNATIONAL, INC.,<br>　　　　Defendant | § § § § | |

### PLAINTIFF SAN BENITIO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S MOTION TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff San Benito Consolidate Independent School District ("SBCISD") respectfully moves the Court to immediately remand this cause to state court without delay or oral argument.

1. This case is set for trial to commence August 30, 2004 in Texas state court.

2. This case was improperly removed to prevent the trial of this action.

3. The sole basis for the removal is the claim that the school district's claim against the Texas domiciled co-Defendant Coastal Engineering, Inc. is barred by the two-year statute of limitations contained in the Texas Civil Practice and Remedies Code Section 16.003. On this basis alone, Honeywell claims fraudulent joinder.

4. Honeywell fails to inform this Court that Section 16.003 is not applicable to the Plaintiff school district. This is because Section 16.061(a) of the Texas Civil Practice and Remedies Code provides that:

> "A right of action of this state or a political subdivision of this state, including . . . a school district, . . . is not barred by any of the following sections: 16.001-16.004, . . ."

5. Honeywell admits the Plaintiff is a school district.

6. In addition to having no arguable basis for removal, Honeywell did not timely file its motion. If the statute of limitations had been applicable, it would have been applicable in August 2003 when suit was filed and Honeywell was served with citation.

7. Because the issue is clear and because there is no arguable basis for removal and because the trial of this cause is scheduled to commence very soon in state court and because this Court is without removal jurisdiction other than the obligation to remand this case, Plaintiff respectfully requests that this Court immediately remand this cause to the state court from which it was improperly removed.

8. A copy of CPRC §§ 16.061 and 16.003 are attached to this motion.

Respectfully submitted,

CONSTANT & VELA

By: *Anthony F. Constant w/permission*
ANTHONY F. CONSTANT
ATTORNEY IN CHARGE
State Bar No. 04711000
Federal ID No. 688
1570 Frost Bank Plaza
Corpus Christi, Texas 78470
Telephone: (361) 698-8000
Telecopier: (361) 887-8010

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record via facsimile and email on this 26th day of July 2004.

*Anthony F. Constant w/permission*
ANTHONY F. CONSTANT

### CPRC §16.003. TWO-YEAR LIMITATIONS PERIOD

(a) Except as provided by Sections 16.010 and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

(b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

History of CPRC §16.003: Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985. Amended by Acts 1995, 74th Leg., ch. 739, §2, eff. June 15, 1995; Acts 1997, 75th Leg., ch. 26, §2, eff. May 1, 1997.

See also chart, Statutes of Limitations, p. 71.

## CPRC §16.061. RIGHTS NOT BARRED

(a) A right of action of this state or a political subdivision of the state, including a county, an incorporated city or town, a navigation district, a municipal utility district, a port authority, an entity acting under Chapter 54, Transportation Code, a school district, or an entity created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution, is not barred by any of the following sections: 16.001-16.004, 16.006, 16.007, 16.021-16.028, 16.030-16.032, 16.035-16.037, 16.051, 16.062, 16.063, 16.065-16.067, 16.070, 16.071, 31.006, or 71.021.

(b) In this section:

(1) "Navigation district" means a navigation district organized under Section 52, Article III, or Section 59, Article XVI, Texas Constitution.

(2) "Port authority" has the meaning assigned by Section 60.402, Water Code.

(3) "Municipal utility district" means a municipal utility district created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution.

History of CPRC §16.061: Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985. Amended by Acts 1989, 71st Leg., ch. 2, §4.02, eff. Aug. 28, 1989; Acts 1993, 73rd Leg., ch. 782, §1, eff. Aug. 30, 1993; Acts 1997, 75th Leg., ch. 1070, §47, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 1420, §8.204, eff. Sept. 1, 2001.